UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JENNIFER CABEZAS et al., individually and on behalf of all others similarly situated, | § § § § | Case No. 3:23-cv-02453-N |
| Plaintiffs, | § § | |
| v. | § § | |
| MR. COOPER GROUP, INC. and NATIONSTAR MORTGAGE LLC d/b/a Mr. COOPER | § § § § | |
| Defendants. | § § § | |

**MR. COOPER'S REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY PENDING A DECISION ON ITS MOTION TO DISMISS**

Mr. Cooper established in its Motion to Stay Discovery (the "Motion") that at this stage of the case—while Mr. Cooper's motion to dismiss is pending—there is good cause to stay discovery: the overly broad requests are burdensome, the Complaint is likely to be dismissed, and no prejudice to Plaintiffs will result from a stay. Unable to deny Mr. Cooper's showing, Plaintiffs' Opposition instead resorts to misrepresenting the procedural and factual record, and falls woefully short of justifying that full discovery is required now, before the Court rules on dismissal. To avoid wasting judicial and party resources, the Court should grant the Motion to Stay.

I. **PLAINTIFFS' CHARACTERIZATION OF THE DISCOVERY HISTORY IS CONTRADICTED BY THE RECORD.**

Plaintiffs devote seven pages of their Opposition to falsely claiming that they have diligently pursued discovery while casting Mr. Cooper as engaging in gamesmanship, all to argue against Mr. Cooper's demonstrated good cause for a stay. Opp. at 2-8. But the record tells a different story: (i) Mr. Cooper has been transparent, consistent, and compliant with its obligations under the Federal Rules of Civil Procedure; and (ii) Plaintiffs' conduct does not reflect urgency or suggest they would suffer any prejudice from a brief stay pending resolution of the Motion to Dismiss.

The record here is straightforward. In the Rule 26(f) Report filed in August 2024, Mr. Cooper set forth its position to Plaintiffs and the Court that full discovery should be deferred until the Motion to Dismiss is resolved. ECF No. 73 at 8. The Court did not set a discovery schedule, and Plaintiffs did not serve discovery requests—except limited requests related to the Motion to Dismiss—until January 2025, nearly five months later. Appx. 017, 031. Upon receiving Plaintiffs' Discovery Requests, Mr. Cooper served timely objections in February 2025, reiterating its position that discovery should await resolution of the Motion to Dismiss, while remaining open to negotiating the timing and scope of further discovery. Appx. 035. While Mr. Cooper was prepared

to confer with Plaintiffs at that time, Plaintiffs did not seek a meet-and-confer with Mr. Cooper about its objections until May 2025—three months later, and well-after the Motion to Dismiss was fully briefed. Opp. at 6; ECF No. 107. Only after that conference did Plaintiffs propose that a sub-set of further discovery proceed before resolution of the Motion to Dismiss, but their proposal was burdensome, expansive, and did not seek discovery that Plaintiffs require now. Ultimately, the Parties reached an impasse over the scope of discovery, prompting Mr. Cooper to file this Motion.

Plaintiffs now try to suggest that Mr. Cooper should have moved for a stay earlier. Opp. at 5. But no rule requires Mr. Cooper to prematurely burden the Court with motion practice when no live dispute existed. There was no reason for Mr. Cooper to move sooner when Plaintiffs were not pursuing discovery—whether by serving requests, seeking to confer sooner, or filing a motion to compel. Nor does the timing of Mr. Cooper's Motion impact the Court's discretion to grant a stay of discovery in these circumstances. Plaintiffs' attempt to spin the procedural and factual record[1] is simply a distraction from their inability to overcome Mr. Cooper's clear showing of good cause for a brief stay of discovery until a ruling on the Motion to Dismiss.

II.   **PLAINTIFFS' REQUESTS ARE OVERBROAD AND IRRELEVANT.**

As identified in Mr. Cooper's Motion, numerous discovery requests seek broad and wide ranging discovery. Mot. at 6-9. For example, RFP No. 15 seeks *all* documents and communications relating to audits of Mr. Cooper's Data Security measures for nearly five years *before* the Ransom Attack (Appx. 012-013); Rog. No. 6 seeks information regarding *any* "prior

---

[1] As another example, Plaintiffs did not "push forward" by proposing an ESI Protocol. Opp. at 5. Under the Court's local rules, no such ESI Protocol is required, and the proposal that Mr. Cooper received went well beyond the form and format of ESI productions and sought to impose one-sided discovery obligations on Mr. Cooper that are found nowhere in the Federal Rules of Civil Procedure. And, as Plaintiffs admit, Mr. Cooper engaged in a good faith exchange and conferral process on terms to govern ESI *productions*.

2

**REPLY IN SUPPORT OF MR. COOPER'S MOTION TO STAY DISCOVERY PENDING
A DECISION ON ITS MOTION TO DISMISS**

Data Security incidents" experienced by Mr. Cooper, "[w]ithout regard to the Relevant Time Period," and without requiring a connection to the Ransom Attack (Appx. 027); RFP No. 12 seeks *all* documents and communications "relating in any way to the Named Plaintiffs," including routine communications that are unrelated to the Ransom Attack (Appx. 011). Courts routinely find good cause for a stay of discovery in the face of such overbroad requests. *See, e.g.*, *Primesource Bldg. Prods., Inc. v. Lee Grp. Int'l, Inc.*, 2020 WL 6140462, at *2 (N.D. Tex. Aug. 12, 2020); *Cadence Bank v. Bank of Am., N.A.*, 2023 WL 8582619, at *2 (S.D. Tex. Nov. 3, 2023), *report and recommendation adopted*, 2024 WL 345519 (S.D. Tex. Jan. 30, 2024). Plaintiffs' only retort is an unsupported claim that the Discovery Requests are "typical in large data breach cases" (Opp. at 16), which is insufficient to defeat Mr. Cooper's showing. This bald claim lacks any support or authority to show that the requests *here* are relevant or proportional under Rule 26(b)(1), and it is axiomatic that relevancy and proportionality of discovery cannot be measured by other, unrelated cases.

Plaintiffs' reliance on *Carpenter v. Twin City Fire Ins. Co.* (Opp. at 13) to deflect that they proposed numerous blockbuster discovery requests is misguided. The requests in *Carpenter* that the court permitted did "not broadly ask for any documents related to any issue in the litigation" like those propounded by Plaintiff here. 2024 WL 947589, at *4 (N.D. Tex. Mar. 4, 2024). The requests in *Carpenter* instead sought "specific types of documents relating to one subset of relevant information." *Id.* In contrast, as described above, the Discovery Requests seek documents and information that are not sufficiently tethered to the claims or allegations in the Complaint. *See* Mot. at 8-9.

Further, the nearly six-year discovery period Plaintiffs propose (*see* Appx. 009) is vastly out of proportion to the needs of the case at this time, overly burdensome, and unsupported by

precedent. Fed. R. Civ. P. 26(b)(1). Plaintiffs do not bring any claims that would require discovery going back six years *prior to* the Ransom Attack. *See Commodity Futures Trading Comm'n v. TMTE, Inc.*, 2025 WL 1006205, at *8 (N.D. Tex. Jan. 8, 2025) (holding that appropriate time period for discovery requests was the date the parties' investigations started and not years prior). Plaintiffs seemingly concede this point in the Opposition, suggesting that discovery on their negligence claim is warranted only for a "few years" prior to the Ransom Attack (although even that is without explanation), which is a far cry from needing six years of discovery. Opp. at 13.

Plaintiffs also have no response to Mr. Cooper's showing that several of the Requests seek discovery not relevant to the allegations in their Complaint, including RPF No. 11 and Rog. No. 16 (seeking detailed information regarding Mr. Cooper's financial performance), and RPF No. 13 and Rog. No. 17 (seeking information about the "sale, exploitation or use" of customer PII). Mot. at 8. Plaintiffs also assert that private *health* information is relevant because PHI is a form of PII (Opp. at 14) but do not deny that the Complaint nowhere alleges that any health information of any Plaintiff was compromised as part of the Ransom Attack (Mot. at 8). At bottom, Plaintiffs' assertion that these Discovery Requests are relevant because they address issues that "arise[] from the Data Breach" (Opp. at 14) is neither consistent with the requests themselves, nor the relevant standard under Rule 26 to seek "relevant" and "proportional" discovery. Fed. R. Civ. P. 26(b)(1); Mot. at 8-9; *see Daves v. Dallas Cnty.*, 2020 WL 6504571, at *4 (N.D. Tex. Nov. 4, 2020) (granting protective order in part upon determining that even if topically relevant, the requested discovery dating back multiple years was "disproportionate and . . . unnecessarily duplicative").[2]

---

[2] Plaintiffs fail to meaningfully distinguish Mr. Cooper's cited authorities. Opp. at 14-15. In *Cadence Bank v. Bank of America, N.A.*, the court stayed requests that sought to "explore Bank of America's policies and procedures. . . . [as] premature, in light of the unresolved legal challenges to jurisdiction" but allowed discovery as to the plaintiff's fraudulent wire claims because the plaintiff had demonstrated "an urgent need" for that information and "[f]urther lapse of time could deprive Cadence of that opportunity to locate the funds." 2023 WL 8582619, at *2 (S.D. Tex. Nov. 3, 2023), *report and recommendation adopted*, 2024 WL 345519 (S.D. Tex. Jan. 30, 2024). Here, the Discovery Requests fall within the category stayed by the *Cadence* court because they seek information about Mr. Cooper's

4

**REPLY IN SUPPORT OF MR. COOPER'S MOTION TO STAY DISCOVERY PENDING
A DECISION ON ITS MOTION TO DISMISS**

### III. PLAINTIFFS' REQUESTS ARE UNDULY BURDENSOME.

In response to Mr. Cooper's showing that a stay is warranted because the Discovery Requests are disproportionate to the current stage of the case, and present an undue and premature burden on Mr. Cooper (Mot. at 9-13), Plaintiffs cite a single, readily distinguishable case (Opp. at 16-18). The court in that case, *Ashford Inc. v. Unite Here*, denied a motion to stay discovery because the cost to comply with the requested document production was minimal (seven days and $5,000) and the plaintiff had shown prejudice because the information sought that was "front and center" to the defendant's motion to dismiss for lack of subject matter jurisdiction. 2015 WL 11121019, at *1-3 (N.D. Tex. May 12, 2015). Plaintiffs have made no such showing here.[3] Further, unlike in *Ashford* where the defendant agreed, without explanation, to respond to requests for admission and interrogatories but not requests for production (at *2), here, Mr. Cooper's service of Rule 26 Initial Disclosures and responses to Plaintiffs' First Set of Discovery Requests (which included objections but not agreement to produce any materials or information) is consistent with the position and limits elucidated by Mr. Cooper in the Rule 26(f) Report. These responses do not undercut Mr. Cooper's request to stay discovery and, instead, reflect that Mr. Cooper intends to fully comply with its discovery obligations in good faith, as it always has. Mr. Cooper presented detailed information as to why responding to the Discovery Requests, as drafted, would be unduly burdensome. Mot. at 9-12. And, to the extent certain of the Discovery Requests

---

policies and procedures and details about its investigation. Mot. at 9. And, unlike the *Cadence* plaintiff, Plaintiffs have not shown *any* "urgent" need for discovery or how the lapse of time would prejudice them or deprive them of possible recovery. In *Primesource*, 2020 WL 6140462, at *2, the court's analysis of the strength of the motion to dismiss was that the arguments "are not frivolous and merit serious consideration," a bar that Mr. Cooper's Motion to Dismiss easily passes. Mot. at 15. *Rangel v. Adtalem Global Education, Inc.*, 2018 WL 11405520, at *1 (W.D. Tex. Sept. 21, 2018) also supports a stay—Plaintiffs do not differentiate moving to dismiss pursuant to Rule 9(b) from the Rule 12(b)(6) portion of Mr. Cooper's motion, and the *Rangel* court's analysis of the stay factors was not affected by the plaintiff's lack of opposition to a stay. Opp. at 15-16.

[3] Plaintiffs do not deny that the Discovery Requests are unnecessary for the resolution of the Motion to Dismiss. *See Carlisle v. Normand*, 2018 WL 3474715, at *3 (E.D. La. July 19, 2018) (ordering stay of discovery, including class certification discovery because it is "inefficient to [proceed] now in light of the pending Motions to Dismiss").

go to class certification (if not the merits of the claims of absent class members), they are unquestionably overly burdensome and premature at this stage of the litigation. Mot. at 12-13.

Plaintiffs' only other response to Mr. Cooper's burden argument is that responding to the Discovery Requests is "part and parcel of modern discovery practice." Opp. at 16. This misses the point. Civil litigation is supposed to be efficient, and unnecessary expenses minimized. The Fifth Circuit has held that a district court has "broad discretion and inherent power to stay discovery" for good cause "until preliminary questions that may dispose of the case are determined," which includes the jurisdictional issues raised in the Motion to Dismiss. *See Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011). Mr. Cooper does not claim that it will somehow avoid responding to discovery if the Motion to Dismiss is denied (in whole or in part). Rather, requiring responses and document productions now is overly burdensome because a decision on that motion may significantly narrow the claims and issues, thereby reducing the burden on Mr. Cooper, Plaintiffs, and even the Court to the extent the Parties seek judicial intervention for discovery disputes. Mot. at 13.

## IV. THE COMPLAINT IS LIKELY TO BE DISMISSED.

Mr. Cooper's Motion to Dismiss demonstrates that the Complaint is likely to be dismissed in its entirety because Plaintiffs have not sufficiently pled Article III standing. The Opposition does not engage with the merits of Mr. Cooper's Article III arguments. At most Plaintiffs assert (without explanation) that their claims are "more sophisticated" and "dismissal less clear cut" (Opp. at 18) than the cases cited by Mr. Cooper. But Plaintiffs' failure to demonstrate Article III standing requires dismissal of the Complaint in its entirety and warrants a stay of discovery until a decision is rendered. *Rosales v. Wormuth*, 2024 WL 1336464, at *3 (W.D. Tex. Mar. 28, 2024) (granting discovery stay "until the Court determines whether it has jurisdiction," "because standing is a threshold jurisdictional requirement").

Plaintiffs' further attempts to undermine the strength of the Motion to Dismiss are unavailing. As Mr. Cooper demonstrated (Mot. at 14), the Complaint does not establish that any of Plaintiffs' purported injuries are traceable to the Ransom Attack. The Complaint plainly alleges that the criminals' motive was to extort money from Mr. Cooper—not to harm its customers. Plaintiffs do not address the fact that Mr. Cooper paid a ransom, which they themselves allege in the Complaint, in exchange for the deletion of customer information. Instead, they attempt to distinguish Mr. Cooper's cases on the basis that, here, the data was not only accessed but also exfiltrated. Opp. at 19-20. This is a distinction without a difference and ignores that even after the Parties engaged in discovery related to Mr. Cooper's factual challenge under Rule 12(b)(1), Plaintiffs have not (because they cannot) identified that any PII from the Ransom Attack is available on the dark web.

Plaintiffs' claim that certain topics, such as requests related to causation of the Ransom Attack, will still require discovery regardless of the outcome of the Motion to Dismiss (Opp. at 20), is simply untrue. A complete dismissal for a lack of subject matter jurisdiction on standing would obviate the need for any discovery and weighs in favor of a stay. Mot. at 13-15; *see Primesource*, *2*020 WL 6140462, at *2 (N.D. Tex. Aug. 12, 2020) (stay of discovery is appropriate where "arguments are not frivolous and . . . . if the arguments are valid, then the case will be completely dismissed"); *see also Owens v. TransUnion, LLC*, 2022 WL 17732319, at *2 (E.D. Tex. May 17, 2022) (granting stay until resolution of motions to dismiss where motions "may reduce and/or preclude the need for discovery").

Furthermore, Plaintiffs do not meaningfully dispute that even a partial dismissal on standing would substantially alter this litigation by reducing the number of claims (and/or named

Plaintiffs[4]), and changing the scope of the discovery that Plaintiffs could reasonably request and obtain, and the reciprocal discovery that Mr. Cooper could seek. *See, e.g.*, *In re ESO Sols., Inc. Breach Litig.*, 2024 WL 4456703, at *14 (W.D. Tex. July 30, 2024) (limiting remaining relevant topics for discovery upon finding no standing based on increase in spam or benefit of the bargain allegations); *Logan v. Marker Grp., Inc.*, 2024 WL 3489208, at *8 (S.D. Tex. July 18, 2024) (dismissing claims brought by two out of the three plaintiffs based on lack of standing, reducing number of named plaintiffs from which to seek discovery).[5]

Last, Plaintiffs try to deflect from the substantial risk of dismissal on standing grounds by targeting the Rule 12(b)(6) portion of Mr. Cooper's motion, arguing that because the Complaint includes an array of claims, the likelihood that all twenty-seven claims across twenty-two plaintiffs will be dismissed is low (Opp. at 18). Plaintiffs then go so far to suggest that because "the Court may give Plaintiffs the opportunity to amend the complaint to cure any pleading deficiencies," no stay is needed. Opp. at 24. Putting aside that both points ignore the standing challenge, both arguments actually support staying discovery. Proceeding now risks wasting resources on claims that may be subject to dismissal (or amendment) or on Plaintiffs whose claims may not survive dismissal. *See* Mot. at 15-16.

---

[4] Reducing the number of named Plaintiffs could have a significant impact on discovery, as eleven of the alleged fifteen subclasses are represented by a single named Plaintiff, and would no longer be a relevant subclass if that named Plaintiff is determined to not have standing.

[5] Plaintiffs' argument that there is a distinction between the defense of lack of standing and immunity is a red herring and ignores that courts often stay discovery when there are threshold jurisdictional challenges. Mot. at 5-6. In the face of an Article III standing challenge, it "would be wasteful of all parties' and the court's resources to conduct further discovery at this time." *Ferris v. Amazon.com Servs., LLC*, 2025 WL 684275, at *2 (N.D. Miss. Mar. 3, 2025) (granting stay pending decision on Rule 12(b)(1) motion).

## V. A DISCOVERY STAY WILL NOT PREJUDICE PLAINTIFFS.

Plaintiffs make little effort to respond to the Motion's showing (at 16-17) that there is no exigency for discovery now, that they have suffered no prejudice to date, and that none will result before the Motion to Dismiss is resolved. The best Plaintiffs can muster is that a stay would cause delay, which they say is prejudicial. Opp. at 22-23. However, they fail to articulate any actual prejudice from a stay until the Motion to Dismiss is decided, and their position is disingenuous given their own delay serving discovery until earlier this year and waiting nearly three months after Mr. Cooper's objections before seeking to confer.[6] Plaintiffs' reliance on *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, 2008 WL 2930482 (N.D. Tex. July 23, 2008) (Opp. at 23) does not support Plaintiffs' claim of prejudice either. In *Glazer*, the defendant's Rule 26(f) status report did not contemplate a motion to dismiss, nor express a view in favor of a stay, and instead cited the need for "extensive" discovery (*Id.* at *1)—directly contrary to Mr. Cooper's position in the Rule 26(f) Report. ECF No. 73 at 8.

Moreover, while Plaintiffs claim prejudice, they do not contest that—if the case survives a ruling on the Motion to Dismiss—there would be no delay in proceeding with discovery. Mr. Cooper has already served full objections to the Discovery Requests to frame the issues in dispute, served its Initial Disclosures, engaged in the limited discovery relevant to the Motion to Dismiss, and participated in negotiating ESI protocols. The fact that discovery discussions can promptly

---

[6] Plaintiffs appear to excuse their lack of diligence in pursuing discovery earlier while the parties briefed the Motion to Dismiss because of "all that was going on during this time." Opp. at 24. In fact, when Mr. Cooper made a "single sentence" factual attack on standing supported by three-paragraphs in a fact declaration, Plaintiffs chose to spend their time responding with "evidence" consisting of sixty-two pages of fact declarations from the named Plaintiffs that regurgitated the Complaint's allegations, and two purported expert declarations, none of which directly engaged with the declaration submitted by Mr. Cooper. Those decisions of their own making are not cause to suggest there was any barrier to Plaintiffs seeking discovery earlier, and if delaying discovery during the briefing process was appropriate and not prejudicial to them then, they cannot now claim prejudice when there is less "going on."

resume following the Court's ruling undermines Plaintiffs' argument that a brief stay and associated delay will cause them prejudice.

## VI. PLAINTIFFS' DISCOVERY PROPOSAL IS INSUFFICIENT.

Plaintiffs' Discovery Proposal is not limited, nor sufficiently tailored to "highly probative documents," and lacks any showing why this information is necessary now, pending the Court's decision on the Motion to Dismiss.[7] Opp. at 25. Tellingly, Plaintiffs do not suggest there is any risk of losing access to relevant discovery or harm to not receiving the discovery now. As Mr. Cooper explained during the meet and confer, the proposal would require Mr. Cooper to conduct extensive ESI/email searches related to claims that are likely to be dismissed, as well as complex relevance and privilege reviews. Although the proposal may narrow the scope of the Discovery Requests, Mr. Cooper would still face significant burden and overbreadth issues—issues that, even if less extensive, are inconsistent with Rule 26 given that the Motion to Dismiss is already fully briefed.

## CONCLUSION

For the foregoing reasons and those in the Opening Brief, the Court should grant this Motion and stay discovery in this action until after it decides the Motion to Dismiss.

Dated: July 7, 2025

*/s/ W. Kyle Tayman*
**W. Kyle Tayman** (*pro hac vice*)
**Goodwin Procter LLP**
ktayman@goodwinlaw.com

---

[7] The cases Plaintiffs cite for a partial stay also do not support their position. Opp. at 21. *Carpenter v. Twin City Fire Ins. Co.* is distinguishable for the reasons set forth on page 3, *supra.* And, *Stanissis v. Dyncorp Int'l LLC*, 2014 WL 7183942, at *1 (N.D. Tex. Dec. 17, 2014) does not involve a partial stay at all but rather a denial of a motion to stay because the court anticipated providing the plaintiffs leave to replead after a Rule 12(b)(6) dismissal.

1900 N Street, NW
Washington, DC 20036
T. 202.346.4245
F. 202.204.7309

**Allison J. Schoenthal** (*pro hac vice*)
**Molly L. Leiwant** (*pro hac vice*)
**Goodwin Procter LLP**
The New York Times Building
620 Eighth Avenue
New York, New York, 10018
T. 212.459.7183
F. 212.937.3850
aschoenthal@goodwinlaw.com
mleiwant@goodwinlaw.com

**Thomas G. Yoxall**
Texas Bar No. 00785304
tyoxall@lockelord.com
**Roger B. Cowie**
Texas Bar No. 00783886
rcowie@lockelord.com
**M. Taylor Levesque**
Texas Bar No. 24107296
Taylor.levesque@lockelord.com
**TROUTMAN PEPPER LOCKE**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 7, 2025, a copy of the foregoing was served by electronic means via the Court's CM/ECF System on all counsel registered to receive electronic notices.

                                      */s/ W. Kyle Tayman*
                                      W. Kyle Tayman