IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JENNIFER CABEZAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No.  3:23-CV-02453-N |
| | § | |
| MR. COOPER GROUP INC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## CLASS CERTIFICATION SCHEDULING ORDER

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Civil Justice Expense and Delay Reduction Plan for the Northern District of Texas, the Court ORDERS as follows:

1. Plaintiffs must serve on defendants (but NOT file with the Court) their motion for class certification within 45 days of this Order.  The motion must comply with Local Rule 23.2 (except paragraph (f)), and must be accompanied by all supporting evidence, including expert testimony, if any, and supporting brief.  The Court will consider class certification on written submission on March 13, 2026 (the "Submission Date").  The Court may, at its discretion, by separate order set a hearing on class certification.

2. Any motions for leave to join additional parties must be filed within 30 days of the date of this Order.  Any motion for leave to amend pleadings under Rule 15(a) must be filed within 60 days of this Order.  Any motion for leave to amend pleadings after that date must show good cause pursuant to Rule 16(b).

3. All discovery except regarding class certification is stayed.

4. The parties may by written agreement alter the deadlines and limitations in this paragraph, without the need for court order. No continuance of the Submission Date will be granted due to agreed extensions of these deadlines.

    a. class discovery begins as of the date of this Order;

    b. defendants must designate experts, if any, 90 days after the date of this Order;

    c. plaintiffs must designate rebuttal experts, if any, 120 days after the date of this Order;

    d. each side may submit up to 15 written interrogatories; the time for responding is shortened to 15 days; each side may take up to 30 hours of depositions;

    e. discovery closes 60 days before the Submission Date; all written discovery must be sent soon enough that responses are due before discovery closes in order to be timely;

    f. defendant must serve on plaintiffs (but NOT file with the Court) their response to plaintiffs' motion for class certification, including all supporting evidence and supporting brief, 45 days before the Submission Date; and

    g. plaintiffs must serve on defendants (but NOT file with the Court) their reply to defendants' response, including rebuttal evidence, if any, and supporting brief, 15 days before the Submission Date.

5. On the Submission Date, the parties must file with the Court the motion for class certification, response, and reply, together with all supporting evidence and briefs. In addition to electronic filing, the parties are ordered to file a hard copy of the opening, response, and reply briefs only, bound together in a single spiral volume.

6.	To facilitate orderly preparation, the Court has established an expedited discovery hearing docket on Monday afternoons.  Any party may request expedited hearing of a discovery dispute.  Requests must be made by separate letter to the Court's Judicial Assistant, Donna Hocker Beyer, and must be <u>received</u> at least ten (10) days prior to the requested docket; requests may be made concurrently with filing the motion.  If the matter is set on the expedited docket, the Court will advise the parties of applicable procedures by separate order.  Seeking relief from the Court on discovery disputes prior to conducting a meaningful, substantive conference with the opposing party is **STRONGLY** discouraged.  A motion or objection to the taking of a deposition that is filed within three business days of the notice has the effect of staying the deposition pending court order on the motion or objection; otherwise the deposition will not be stayed except by court order.

7.	Parties desiring entry of a protective order under Rule 26(c) must either (a) request entry of an order in the Court's standard form, which can be found at:

    www.txnd.uscourts.gov/judge/chief-district-judge-david-godbey

or (b) if entry of a protective order in a different form is requested, the motion must (1) explain why the Court's standard form is inadequate in the particular circumstances of the case, and (2) include a redlined version of the requested form showing where it differs from the Court's standard form.

Any questions regarding this Order may be directed to the Court's Judicial Assistant, Donna Hocker Beyer, at 214-753-2700.

Signed July 28, 2025.

_____
David C. Godbey
Chief United States District Judge