## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| JENNIFER CABEZAS *et al.*, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>MR. COOPER GROUP, INC., and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER<br><br>    Defendants. | Civil Action No. 3:23-CV-2453-N |

**PLAINTIFFS' APPENDIX IN SUPPORT OF MOTION TO COMPEL**

| Exhibit | Description | Appendix Page |
|---------|-------------|---------------|
| A | Norman E. Siegel Declaration | App. 004 - 007 |
| A-1 | Plaintiffs' Second Set of Requests for Production of Documents | App. 008 - 022 |
| A-2 | Mr. Cooper's Responses and Objections to Plaintiffs' Second Set of Requests for Production of Documents | App. 023 - 072 |
| A-3 | July–August 2025 Email Chain Between Plaintiffs' Counsel and Mr. Cooper's Counsel | App. 073 - 080 |
| A-4 | February–September 2025 Email Chain Between Plaintiffs' Counsel and Mr. Cooper's Counsel | App. 081 – 106 |
| A-5 | Mr. Cooper's Supplemental Responses and Objections to Plaintiffs' Second Set of Requests for Production of Documents | App. 107 – 149 |
| A-6 | Plaintiffs' Notice of Videotaped Deposition of Defendant Mr. Cooper Group, Inc. | App. 150 – 163 |
| A-7 | Mr. Cooper's August 19, 2025, Letter to Plaintiffs' Counsel Responding and Objecting to Topics in Deposition Notice | App. 164 – 175 |
| A-8 | Mr. Cooper's August 26, 2025, Letter to Plaintiffs' Counsel Supplementing Its Responses and Objections to Topics in Deposition Notice | App. 176 - 179 |

Dated: September 10, 2025

/s/ *Bruce W. Steckler*
Bruce W. Steckler
Texas Bar No. 00785039
STECKLER WAYNE
& LOVE, PLLC
12720 Hillcrest Suite 1045
Dallas, TX 75230
Tel: (972) 387-4040
bruce@swclaw.com

Joe Kendall
Texas Bar No. 11260700
KENDALL LAW GROUP, PLLC
3811 Turtle Creek, Suite 825
Dallas, TX 75219
Tel.: (214) 744-3000
Fax: (877) 744-3728
jkendall@kendalllawgroup.com

*Co-Plaintiffs' Local Counsel*

Norman E. Siegel (*pro hac vice*)
J. Austin Moore (*pro hac vice*)
Tanner J. Edwards (*pro hac vice*)
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
siegel@stuevesiegel.com
moore@stuevesiegel.com
tanner@stuevesiegel.com

Gary M. Klinger (*pro hac vice*)
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel.: 866-252-0878
gklinger@milberg.com

John A. Yanchunis
Texas Bar No. 22121300
MORGAN & MORGAN
COMPLEX LITIGATION
201 N. Franklin St., 7th Floor

Tampa, FL 33602
Tel: (813) 275-5272
jyanchunis@forthepeople.com

*Interim Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I certify that the foregoing was served on September 10, 2025, upon all counsel of record

via the Court's Electronic Case Filing system.

/s/ *Bruce W. Steckler*
Bruce W. Stecker

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |
|---|---|
| JENNIFER CABEZAS *et al.*, individually and on behalf of others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>MR. COOPER GROUP, INC., and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER<br><br>      Defendants. | Civil Action No. 3:23-CV-2453-N |

## DECLARATION OF NORMAN E. SIEGEL IN SUPPORT OF
## PLAINTIFFS' MOTION TO COMPEL

I, Norman E. Siegel, declare as follows:

1.      I am a co-founding partner of the law firm Stueve Siegel Hanson LLP and Co-Lead Interim Class Counsel the above-captioned matter.

2.      I make this declaration in Support of Plaintiffs' Motion to Compel. The facts stated in this declaration are true and correct to the best of my knowledge.

3.      Attached as **Exhibit A-1** is a true and accurate copy of a Plaintiffs" Second Set of Requests for Production of Documents.

4.      Attached as **Exhibit A-2** is a true and accurate copy of Mr. Cooper's Responses and Objections to Plaintiffs' Second Set of Requests for Production of Documents.

5.      Attached as **Exhibit A-3** is a true and accurate copy of a July–August 2025 email exchange between Plaintiffs' counsel and Mr. Cooper's counsel.

1

6.      Attached as **Exhibit A-4** is a true and accurate copy of a February–September 2025 Email Chain between Plaintiffs' counsel and Mr. Cooper's counsel.

7.      Attached as **Exhibit A-5** is a true and accurate copy of Mr. Cooper's Supplemental Responses and Objections to Plaintiffs' Second Set of Requests for Production of Documents.

8.      Attached as **Exhibit A-6** is a true and accurate copy of Plaintiffs' Notice of Videotaped Deposition of Defendant Mr. Cooper Group, Inc.

9.      Attached as **Exhibit A-7** is a true and accurate copy of Mr. Cooper's August 19, 2025, Letter to Plaintiffs' Counsel Responding and Objecting to Topics in Deposition Notice.

10.     Attached as **Exhibit A-8** is a true and accurate copy of Mr. Cooper's August 26, 2025, Letter to Plaintiffs' Counsel Supplementing Its Responses and Objections to Topics in Deposition Notice.

11.     On July 31, 2025 Plaintiffs' Counsel and Mr. Cooper's counsel met and conferred via videoconference regarding Plaintiffs' document requests and deposition topics. Although some progress was made, the Parties are at a fundamental disagreement at what discovery is available right now.

12.     The Parties conducted additional meet and confers via videoconference on August 19, 2025 and August 20, 2025. Each session lasted approximately one hour. Again, while some incremental progress was made, the Parties have a fundamental dispute over the scope of discovery which results in Mr. Cooper refusing to respond to certain document requests or prepare a witness for certain deposition topics.

13.     In addition to the above meet and confers conducting via videoconference, the Parties have corresponded and negotiated extensively via email correspondence. *See* **Ex. A-3**, **A-4**.

2

14.    On September 3, 2025, counsel for Plaintiffs informed counsel for Mr. Cooper of Plaintiffs' intention to file this Motion and once again asked Mr. Cooper to produce a privilege log, documents responsive to the Rejected Requests, and a corporate witness for the Rejected Topics. **Ex. A-4**.

15.    On September 5, 2025, Mr. Cooper's counsel agreed to partially comply with document request 17 and deposition topic 15 and "agree[d] that it appears we are at an impasse as to the remaining topics and requests." **Ex. A-4**. Mr. Cooper otherwise continues to refuse to comply with the Rejected Requests and Topics.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 10, 2025

                    /s/ *Norman E. Siegel*
                    Norman E. Siegel

# EXHIBIT A-1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| |
|---|
| JENNIFER CABEZAS, individually and on behalf of others similarly situated, |
|       Plaintiffs, |
| v. |
| MR. COOPER GROUP, INC. and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, |
|       Defendants. |

Civil Action No. 3:23-CV-2453-N

**PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby Request that Defendants Mr. Cooper Group, Inc. and Nationstar Mortgage LLC d/b/a Mr. Cooper (collectively "Mr. Cooper"), produce or make available for inspection and copying the documents and electronically stored information designated in these Requests for Production of Documents within thirty (30) days of the date of service.

**<u>DEFINITIONS</u>**

1.      "Defendant," "You," "Your," "Your association," "Your organization," or "Mr. Cooper" mean Defendants Mr. Cooper Group, Inc. and Nationstar Mortgage LLC d/b/a Mr. Cooper, and include any and all of the following: present and former officers, directors, agents, partners, attorneys, paralegals, servants, employees, assignees, lessees, affiliates, or anyone acting, or purporting to act, on behalf of it or on behalf of these named Persons, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting, or purporting to

1

act, for or on behalf of such subsidiary, related corporation, parent, partnership or entity or natural Person.

2.      "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

3.      "Any" shall be construed to mean "any and all."

4.      "Breach," "Data Breach," "Security Incident," or "Incident" means the data breach that You announced to Your customers on or around November 2, 2023.

5.      "Class Member(s)" means, solely for purposes of these Requests, every Person whose PII and PHI was or may have been accessed, obtained, or compromised in the Data Breach.

6.      "Communication" means, without limitation, the imparting or exchange of information, thoughts or opinions by any means including orally, in writing, by signs, signals or code, including oral, written or electronic Communications, such as face-to-face Meetings, electronic Communications, emails, facsimiles, text messages, telephone Communications, correspondence or other exchange of written or recorded information. The phrase "Communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

7.      "Data Security" refers to security and privacy measures implemented to protect PII and PHI from unauthorized access and prevent, detect, or locate unauthorized activity relating to PII, PHI, or other data security incidents—either before such activity occurs, when it is in progress, or after it has occurred—including but not limited to administrative safeguards, protocols, procedures, manuals, audits, penetration testing, analyses, training, physical security controls, intrusion detection system(s), anti-virus or anti-malware tools, and logging or monitoring tools.

8.     The terms "Document" and "Documents" are synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a)(1)(A) and shall include electronically stored information.

9.     "ESI" means "electronically stored information," as that term is used in Federal Rule of Civil Procedure 34 and includes any information stored in or on Electronic Media, regardless of the media type or whether it is in the original format in which it was created, and that is retrievable in perceivable forms and includes, without limitation, metadata, system data, and fragmented data. The reference to and production of ESI shall be consistent with the Stipulated Protocol and Order for Discovery of Electronically Stored Information.

10.     "ESI Protocol" means the Stipulated Protocol and Order for Discovery of Electronically Stored Information and its attached appendices.

11.     "Including" is used to emphasize certain types of Documents and should not be construed as limiting the Request in any way. Including therefore means "including, but not limited to," or "including without limitation."

12.     "Lockdown" means the lockdown Mr. Cooper implemented on its Systems that Mr. Cooper announced to its customers on or about November 2, 2023.

13.     "Or" and "and" are to be read interchangeably so as to give the broadest possible meaning to a particular Request in which either or both is used.

14.     "Person" means, without limitation, any individual, corporation, partnership or any variation thereof (*e.g.,* limited partnership, limited liability partnership), limited liability company, proprietorship, joint venture, association, group or other form of legal entity or business existing under the laws of the United States, any state or any foreign country.

15. "PHI" means protected health information, i.e. individually identifiable information relating to the past, present, or future health status of an individual that is created, collected, or transmitted, or maintained by a HIPAA-covered entity in relation to the provision of healthcare, payment for healthcare services, or use in healthcare operations. This information may include, but is not limited to, diagnoses, treatment information, medical test results, prescription information, health insurance information, national identification numbers and demographic information such as birth dates, gender, ethnicity, and contact and emergency contact information.

16. "PII" means personally identifiable information, i.e. information that is used to identify a specific person, which can include an individual's name, Social Security number, date of birth, driver's license number or identification number, phone number, financial information, and other identifying information unique to an individual.

17. "Relating to," "referring to," "reflecting," "regarding," "with respect to" or "concerning" mean without limitation the following concepts: concerning, constituting, discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part, directly or indirectly. Documents are considered relating to the subject matter whether they are viewed alone or in combination with other Documents.

18. "Request" or "Requests" refers to this First Set of Requests for Production of Documents.

19. "System(s)" as used herein means, including without limitation all computers, hardware, network infrastructure, electronic equipment, software, or other electronic and computerized devices used to provide or deliver Your services or operate Your business.

4

20.     "Vendor(s)" refers to any outside Person(s), agency, entity, proprietorship, or third party, other than Yourself, involved in providing You goods or services in connection with Your services and Systems during the Relevant Time Period, including but not limited to goods or services related to Data Security.

## INSTRUCTIONS

1.     Unless otherwise stated herein, the "Relevant Time Period" begins on January 1, 2019, and runs through the present. Plaintiffs reserve the right to expand this time period.

2.     You shall respond to these Requests in a manner consistent with the Federal Rules of Civil Procedure and these instructions.

3.     You shall produce all responsive Documents (including those stored electronically), which are in Your possession, custody, or control as defined by the Federal Rules of Civil Procedure.

4.     You shall produce all responsive Documents in accordance with the ESI Protocol, which is incorporated s if fully set forth herein, except that if the Court approves a different set of production specifications, those specifications shall supersede the ESI Protocol.

5.     Each Document requested herein must be produced in its entirety and without deletion or excisions, regardless of whether You consider the entire Document to be relevant or responsive to the Request. If You have redacted any portion of a Document, stamp the word "redacted" and the reason for redaction on each page of the Document that You have redacted.

6.     Documents shall be produced with sufficient information to identify the files or repositories in which such responsive Documents are maintained in the normal course of business, including, for example, an index, key, code, or other means of ascertaining the source of the produced Documents.

7.     If You assert an objection to any Request, You must  nonetheless respond and

produce any responsive Documents or ESI that are not subject to the stated objection. If You object to part of a Request or category, You must specify the portion of the Request to which You object, identify whether you are withholding any Documents (in whole or in part) based on that objection, and You must produce Documents responsive to the remaining parts of the Request.

8.    Whenever You are asked to produce a Document that is deemed by You to be properly withheld from production for any reason, You shall provide a listing thereof by title or subject heading, date, author, Person who signed the Document, addressee and all recipients, and a statement of the ground(s) asserted for withholding the Document, including attorney-client privilege or work product privilege.

9.    If You maintain that any Document requested has been destroyed, set forth the contents of the Document, the date of its destruction, and the name of the Person who authorized its destruction.

10.    If no Document or ESI responsive to a Request exists, please state that no responsive Document or ESI exists.

11.    Each Request shall be construed independently, and no Request shall be viewed as limiting the scope of any other Request.

12.    Seasonable and timely supplementation is required. Accordingly, if at any time after responding to these Requests You discover additional information and/or Documents that will make Your response to these Requests more complete or correct, amend Your response and produce any such Documents as soon as reasonably possible.

13.    Unless words or terms have been given a specific definition herein, each word or

term used herein shall be given its usual and customary dictionary definition except where such words have a specific custom and usage definition in Your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which You are aware.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 10:**

Documents sufficient to show, on an annual basis, Your organizational structure, including parent companies, subsidiaries, affiliates, departments, and divisions. This Request includes but is not limited to organizational charts.

**REQUEST NO. 11:**

Documents sufficient to show Your annual revenues, including profit and losses, cash flow, assets, and liabilities, including the amounts paid to You directly or indirectly by Class Members.

**REQUEST NO. 12:**

All Documents or Communications relating in any way to the Named Plaintiffs, including but not limited to the contents of any files pertaining to the Named Plaintiffs, letters, alerts, notices, applications, agreements, contracts, digital recordings, ESI, audio recordings, or other records in their original form.

**REQUEST NO. 13:**

All Documents relating to Your sale, exploitation, or use of Class Members' PII or PHI for profit, including the monetization of or exchange of that data for money, data, or other valuable consideration.

**REQUEST NO. 14:**

Identify all Documents and Communications relating to Mr. Cooper's Data Security policies, protocols, and practices, including any changes to any such policies, protocols, and

App. 015

practices and the reasons for such changes. By way of example, and not exclusively, this Request includes any Documents concerning or discussing:

a. Mr. Cooper's policies, procedures, directives, trainings, and manuals about Data Security, PII, or PHI;

b. Mr. Cooper's implementation of hardware, software, or procedural mechanisms that record, log, and examine activity of systems in its System that contain, use, or transmit electronic PII or PHI;

c. Mr. Cooper's policies, procedures, and protocols for guarding against, detecting, reporting, and blocking malicious software, including any whitelisting protocols;

d. Mr. Cooper's policies, procedures, and protocols for monitoring log-in attempts, password changes, and suspicious activity relating to passwords;

e. Mr. Cooper's policies, procedures, and protocols for creating, changing, cataloguing, logging, and safeguarding passwords;

f. Mr. Cooper's collection, retention, or securing of PII or PHI, from any sources;

g. Mr. Cooper's implementation of mechanisms (if any) to encrypt and decrypt electronic PII and PHI;

h. The manner in which Mr. Cooper's Systems processed or stored PII and PHI at the time of the Data Breach;

i. Mr. Cooper's efforts to monitor compliance with or enforce its Data Security measures.

## REQUEST NO. 15:

All Documents and Communications relating to internal or external assessments or audits (formal or informal) of Mr. Cooper's Data Security measures, including any findings, concerns,

required actions, recommendations, conclusions, or follow-up, and the categories of Documents generated as a result.

**REQUEST NO. 16:**

All Documents and Communications relating to Mr. Cooper's contingency plans, if any, in the event of a data breach of either its Systems or the Systems of Vendor subcontractors or third parties who receive or transmit PII or PHI to or from Mr. Cooper.

**REQUEST NO. 17:**

Documents sufficient to Identify the structure, architecture, and interconnectivity of the portion(s) of Your computer System accessed in or related to the Systems involved in the Breach, including maps, diagrams, and charts including those portions of the computer System.

**REQUEST NO. 18:**

Documents sufficient to determine Your annual budget and how much You actually spent on Data Security for each year during the Relevant Time Period.

**REQUEST NO. 19:**

All Documents and Communications relating to the Data Breach, including, but not limited to Documents and Communications identifying or reflecting the Systems breached, compromised, accessible, or viewable by the unauthorized users in the Data Breach; any PII or PHI accessed, compromised, exposed or obtained by the unauthorized users in the Data Breach; Mr. Cooper's knowledge of and response to the Data Breach, including the sources of Mr. Cooper's knowledge; and any notifications or claims and non-privileged Communications made to any third parties (including insurance carriers, customers, investors, governmental agencies, regulators, corporate partners, and/or other contractors/Vendors) related to the Data Breach and Documents related to or reflecting such Communications.

9

**REQUEST NO. 20:**

All Documents and Communications relating to all investigations conducted by You or on Your behalf regarding the Data Breach and the steps (if any) You took to protect customers and their PII and/or PHI in response to the Data Breach, including any investigations, reports, forensic reports, executive summaries, analyses, audits or other records created or prepared by You or any third-party consultant, expert, forensic firm, or other entity.

**REQUEST NO. 21:**

All Documents and Communications relating to the Lockdown, including but not limited to those concerning Mr. Cooper's decision to initiate the Lockdown, the duration of the Lockdown, missed loan payments during the Lockdown, any fees or penalties Mr. Cooper assessed or collected related to the Lockdown, any credit reporting by Mr. Cooper related to the Lockdown, and any other Document or Communication that reflects or discusses the impact of the Lockdown on any of Your customers or the customers of Your clients.

**REQUEST NO. 22:**

All Documents and Communications relating to any Data Security changes Mr. Cooper implemented or planned to implement as a result of the Data Breach.

**REQUEST NO. 23:**

All Documents and Communications provided by Mr. Cooper to or exchanged between Mr. Cooper and any insurers, regulators, attorney generals' offices, or any other governmental entities regarding the Data Breach.

**REQUEST NO. 24:**

All Documents relating to prior and current complaints, lawsuits, or administrative actions

initiated against You concerning claims similar to the Data Breach.

**REQUEST NO. 25:**

All Documents and Communications relating to any prior data security incidents in which PII, PHI, or other confidential records collected, obtained, stored, maintained, or transmitted by You or Your Vendors was actually accessed, obtained, exposed, or compromised or was attempted to be accessed, obtained, exposed, or compromised, including regarding any prior or current complaints, lawsuits, or administrative or other governmental investigations or actions involving You concerning claims related to data security or similar to those at issue in this litigation. This document request includes any post-breach forensic or other reports issued after data breaches or cyber security incidents.

**REQUEST NO. 26:**

All Documents and Communications relating to or affording liability insurance coverage for the Data Breach, including any and all insurance policies under which a person carrying on an insurance business might be liable to pay to Mr. Cooper or on Mr. Cooper's behalf all or part of the damages sought in this action.

**REQUEST NO. 27:**

All Documents and Communications concerning any release, settlement, or other agreement, formal or informal, pursuant to which the liability of any person or any entity for damage arising out of the Data Breach has been limited, reduced, or released in any manner. This Request includes all agreements by one party or person to indemnify another party or person for claims asserted in this litigation.

**REQUEST NO. 28:**

All Documents and Communications identifying or reflecting the types of PII and PHI that

Mr. Cooper collected, stored, and maintained at the time of the Data Breach, including but not limited to Documents sufficient to show what types of information were compromised in the Data Breach for each individual whose PII and PHI was accessed, compromised, exposed, or obtained, the format in which that information was stored, and the total number of individual records accessed, compromised, exposed, or obtained.

**REQUEST NO. 29:**

All Documents and Communications sufficient to identify the number of individuals whose PII or PHI were collected, stored, and maintained by Mr. Cooper and the manner in which Mr. Cooper notified those individuals about the Data Breach, including but not limited to any notice(s) Mr. Cooper provided concerning the Data Breach, Documents sufficient to determine the date(s) such notice was given, the manner in which the notice was presented, the methodology used to identify the individuals whose information was compromised in the Data Breach, and Documents sufficient to identify the number of individuals whose PII or PHI was compromised in the Data Breach, in total and for each U.S. state and territory.

**REQUEST NO. 30:**

All Documents and Communications reflecting the amount of money Mr. Cooper charged for goods and services used by Plaintiffs, Class Members, and Mr. Cooper's clients; the specific goods and services for which those charges were issued; and the identity of the individual(s) and/or business(es) that paid for the goods and services.

**REQUEST NO. 31:**

Documents and Communications sufficient to identify those current or former individuals affiliated with Mr. Cooper (including directors, officers, employees, Vendors, and contractors) who may possess information concerning the Data Breach or Mr. Cooper's Data Security at the

time of the Data Breach.

**REQUEST NO. 32:**

     All Documents and Communications identified by You in Your response to any Interrogatory served on You by any party in this action.

**REQUEST NO. 33:**

     All Documents and Communications, without regard to date or time period, that are referenced or relied upon in Your response to any Interrogatory or other discovery request served in this action, as such response is supplemented or amended from time to time.

**REQUEST NO. 34:**

     All Documents and Communications, without regard to date or time period, provided to Your experts in this action.

**REQUEST NO. 35:**

     All Documents and Communications, without regard to date or time period, that You intend to use at trial in this action.

Dated: January 17, 2025

                            /s/ *Gary M. Klinger*
                            Gary M. Klinger
                            **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

                            /s/ *John A. Yanchunis*
                            John A. Yanchunis
                            **MORGAN & MORGAN COMPLEX LITIGATION GROUP**

                            /s/ *Norman E. Siegel*
                            Norman E. Siegel
                            **STUEVE SIEGEL HANSON LLP**

                            *Interim Co-Lead Counsel for Plaintiffs*

App. 021

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served on January 17, 2025 upon counsel for

Defendants via electronic mail.

/s/ *Gary M. Klinger*
Gary M. Klinger

# EXHIBIT A-2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JENNIFER CABEZAS, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>MR. COOPER GROUP, INC. and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER,<br><br>    Defendants. | Case No. 3:23-CV-2453-N |

## MR. COOPER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Mr. Cooper[1] hereby objects and responds to Plaintiffs' Second Set of Requests for the Production of Documents (the "Requests"), which were served by Plaintiffs on January 17, 2025.

### PRELIMINARY STATEMENT

Consistent with Mr. Cooper's position set forth in the Rule 26 Report (ECF No. 73) that discovery at this stage of the case (the "Action") should be limited to only those factual matters raised in the Motion to Dismiss the Consolidated Class Action Complaint (the "Motion to Dismiss," ECF No. 78),[2] for which briefing is still underway, the Requests are untimely and represent an undue burden placed upon Mr. Cooper that is likely to be, in whole or in part, unnecessary due to the disposition of claims or issues in this Action through the Court's ruling on

---

[1] Nationstar Mortgage LLC d/b/a Mr. Cooper and Mr. Cooper Group, Inc., collectively "Mr. Cooper."

[2] The Consolidated Class Action Complaint (ECF No. 70) filed by Plaintiffs in this Action is referred to herein as the "Complaint."

the Motion to Dismiss.  The Requests would require a significant amount of discovery, including document collection, review, and production of documents.  The cost and effort to undertake such discovery is overly burdensome and not proportional to the needs of the case at this stage, when, for the efficiency of all Parties, it could be significantly or even entirely avoided by waiting until the legal challenges contained in the Motion to Dismiss regarding the legal sufficiency of Plaintiffs' standing (and substantive claims) is resolved.  Further, the broad, sweeping nature of many of the Requests provides even more basis to wait to engage in discovery beyond the limited challenge under Fed. R. Civ. P. 12(b)(1) in the Motion to Dismiss until the Court has rendered a decision that may narrow or more clearly define the scope of the claims and issues in this Action. Furthermore, Mr. Cooper maintains the position, expressed in the Parties' Joint Rule 26(f) Report, that certain fact and expert discovery on the merits of the claims of all putative class members should commence after the certification of a class in this Action.  ECF No. 73, p. 10.

Accordingly, Mr. Cooper will not produce documents in response to the Requests at this time, but is willing to meet and confer with Plaintiffs to attempt to reach an agreement on the scope and timing of discovery.

**<u>INITIAL OBJECTIONS & OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS</u>**

1.    These Initial Objections and Objections to Instructions and Definitions are collected in one place for convenience only, so that objections that are generally applicable to Plaintiffs' Requests are not presented repeatedly.  These Initial Objections should be interpreted as appearing in response to each Request.

2.    Mr. Cooper objects to the Definitions and Instructions contained in Plaintiffs' Requests to the extent that they are inconsistent with and/or purport to require any act not mandated by the Federal Rules of Civil Procedure and/or the Local Rules of the United States

District Court for the Northern District of Texas.

3.      Mr. Cooper objects to the Requests as untimely, premature, overly burdensome and not proportional to the needs of the case at this time. Plaintiffs' Requests seek information regarding issues that may or may not continue to be relevant to this Action after the resolution of Mr. Cooper's pending Motion to Dismiss and the Court's ruling on that Motion. Further, information sought through some of these Requests will not be relevant until and if a class is certified in this Action.

4.      Mr. Cooper objects to the Definition of "Defendant," "You," "Your," "Your association," "Your organization," or "Mr. Cooper" as overly broad, vague, and unduly burdensome to the extent that the definition purports to encompass entities or individuals that are not within the control of Mr. Cooper, including persons or entities "purporting to act" on Mr. Cooper's behalf. Mr. Cooper will interpret the Definition to mean only Mr. Cooper Group, Inc. and Nationstar Mortgage LLC d/b/a Mr. Cooper and will respond accordingly.

5.      Mr. Cooper objects to the Definition of "Class Member" as overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that it seeks information concerning "every" "Person whose PII and PHI was or may have been accessed, obtained, or compromised in the Data Breach" as no class has been certified in this Action, and Plaintiffs have not moved for class certification. Mr. Cooper will only produce documents responsive to these Requests to the extent that those documents relate to the named plaintiffs in this Action.

6.      Mr. Cooper objects to the Definition of "Communication" on the grounds that it is overly broad, vague, and ambiguous and to the extent it seeks to impose obligations and/or is inconsistent with that term as it is defined or contemplated under the Federal Rules of Civil

MR. COOPER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET
OF REQUESTS FOR PRODUCTION

Procedure.

7.    Mr. Cooper objects to the Definition of "Data Security" as overly broad, vague, and unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms.  Mr. Cooper will instead interpret the phrase to have its ordinary and common meaning.

8.    Mr. Cooper objects to the Definition of "Document" and "Documents" on the grounds that it is overly broad, vague, and ambiguous, and to the extent it seeks to impose obligations and/or is inconsistent with that term as it is defined or contemplated under the Federal Rules of Civil Procedure.

9.    Mr. Cooper objects to the definition of "ESI Protocol" as the parties have not agreed upon a "Stipulated Protocol."

10.    Mr. Cooper objects to the Definition of "Lockdown" as vague, ambiguous and imprecise, including to the extent it incorporates the term "Systems," which is itself vague, ambiguous and overly broad.  Mr. Cooper will instead interpret the term to refer to the Company's efforts to protect its customers and contain the impact of cybercriminals by proactively shutting down certain of its systems.

11.    Mr. Cooper objects to the Definition of "PHI" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that (i) it is non-exhaustive and itself contains numerous undefined and vague terms and broadly encompasses information such as demographic information that is not individually identifiable; and (ii) it seeks information not relevant to any claim or defense because Plaintiffs have not made any claim in the Complaint that Mr. Cooper collected, stored, or maintained Plaintiffs' PHI.

12.     Mr. Cooper objects to the Definition of "PII" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms.  Mr. Cooper further objects to the term "PII" to the extent it purports to have any legal conclusion or significance.

13.     Mr. Cooper objects to the Definition of "System(s)" as overly broad, vague, unduly burdensome, not relevant and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms that far exceed the common usage and understanding of "System."

14.     Mr. Cooper objects to Instruction No. 1 and its included definition of "Relevant Time Period" to the extent that it purports to require Mr. Cooper to produce documents from January 1, 2019 through the present.  Mr. Cooper does not agree to the period from January 1, 2019 through the present as a reasonable time period for discovery in this Action and objects to Plaintiffs' "Relevant Time Period" as overly broad and unduly burdensome to Mr. Cooper.  Should discovery proceed in this matter, Mr. Cooper will produce data only for the time period from July 1, 2023 through January 17, 2025 unless otherwise noted.

15.     Mr. Cooper objects to Instruction No. 4, as there is no ESI Protocol in this action.  Mr. Cooper will provide standard metadata for produced Documents to the extent such metadata exists.

16.     Mr. Cooper objects to Instruction No. 6 to the extent it purports to require Mr. Cooper to undertake any action beyond what is required under Fed. R. Civ. P. 34.  Mr. Cooper will comply with its obligations under Fed. R. Civ. P. 34(b)(2)(E).

17.     Mr. Cooper objects to Instruction No. 7 to the extent it purports to require Mr.

Cooper to identify whether it is withholding any Documents in response to a Request that is not relevant to any claim or defense in this litigation.

18.    Mr. Cooper objects to Instruction No. 8 as a privilege log is unduly burdensome and not proportional to the needs of the case at this time.  Further, the privilege log described by Instruction No. 8 exceeds the requirements of Fed. R. Civ. P. 26(b), by, *inter alia*, purporting to require Mr. Cooper to describe the "Person who signed the Document" and "all recipients" of a Document or Communication included in the privilege log.  Mr. Cooper will fulfill its obligations consistent with the Federal Rules.

19.    Mr. Cooper objects to Instruction No. 9 as beyond what is required under Fed. R. Civ. P. 34.

## OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

Mr. Cooper objects and responds to each of the Requests, specifically reserving its rights to (a) supplement or amend its objections or responses at any time and for any reason, and (b) raise and rely upon further objections that become apparent during the course of this Action, discovery, and/or responding to discovery.

**REQUEST FOR PRODUCTION NO. 10: Documents sufficient to show, on an annual basis, Your organizational structure, including parent companies, subsidiaries, affiliates, departments, and divisions. This Request includes but is not limited to organizational charts.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Documents" on the grounds that it is overly broad, vague, and ambiguous and to the extent it seeks to impose obligations and/or is inconsistent with that term as it is defined or contemplated under the Federal Rules of Civil Procedure.  Mr. Cooper objects to the Definition of "Your" as overly broad, vague, and unduly burdensome to the

extent that the definition purports to encompass (i) subsidiaries, affiliates and other corporate entities beyond those that are a party to the Action and identified in the complaint, and (ii) entities or individuals that are not within the control of Mr. Cooper, including persons or entities "purporting to act" on Mr. Cooper's behalf—Mr. Cooper will instead answer only on behalf of Mr. Cooper Group, Inc. and Nationstar Mortgage LLC d/b/a Mr. Cooper.  Mr. Cooper further objects to this Request because the term "affiliates" is undefined, vague and ambiguous.  Mr. Cooper also objects to this Request because the term "organizational structure" is undefined, vague and ambiguous to the extent that it seeks information regarding the entirety of Mr. Cooper's organization, without limitation.  Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome and not proportional to the needs of the case at this time to the extent that it seeks information that is not relevant to the resolution of Mr. Cooper's Motion to Dismiss, which remains pending and would negate the need for the requested discovery if granted.

Based on the foregoing objections, Mr. Cooper will not produce Documents in response to Request No. 10 at this time.  Subject to and without waiving the foregoing objections, Mr. Cooper is willing to meet and confer with Plaintiffs concerning the timing and scope of this Request.

**<u>REQUEST FOR PRODUCTION NO. 11</u>: Documents sufficient to show Your annual revenues, including profit and losses, cash flow, assets, and liabilities, including the amounts paid to You directly or indirectly by Class Members.**

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 11</u>:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Class Member" as overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that it seeks information concerning "every" "Person whose PII and PHI was or may have been accessed, obtained, or compromised in the Data Breach" as no class has been certified in this Action, and

Plaintiffs have not moved for class certification.  Mr. Cooper objects to the request as vague and ambiguous to the extent it is compound and seeks multiple different document requests in one. Mr. Cooper objects to the Definition of "Documents" on the grounds that it is overly broad, vague, and ambiguous and to the extent it seeks to impose obligations and/or is inconsistent with that term as it is defined or contemplated under the Federal Rules of Civil Procedure.  Mr. Cooper objects to the Definitions of "You" and "Your" as overly broad, vague, and unduly burdensome to the extent that the definitions purport to encompass entities or individuals that are not within the control of Mr. Cooper, including persons or entities "purporting to act" on Mr. Cooper's behalf. Mr. Cooper further objects to this Request as unduly burdensome, not relevant, and not proportional to the needs of the case to the extent it requests the production of documents related to "Class Members," it seeks discovery regarding non-party putative class members, who are not represented by Plaintiffs' Counsel and when no class has been certified in this Action, Plaintiffs have not moved for class certification, and the requested Documents do not concern the requirements for class certification.  Mr. Cooper further objects to this Request as unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of the case to the extent that it seeks documents showing "annual revenues, including profit and losses, cash flow, assets, and liabilities."  Mr. Cooper further objects to this Request to the extent it is duplicative of other Requests, including Request No. 30.  Mr. Cooper further objects to this Request to the extent it seeks the production of documents that are already in Plaintiffs' possession, or are otherwise available from sources to which Plaintiffs already have access, including but not limited to documents that show payments from Plaintiffs to Mr. Cooper.  Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome and not proportional to the needs of the case at this time to the extent that it seeks information that is not relevant to the

resolution of Mr. Cooper's Motion to Dismiss, which remains pending and would negate the need for the requested discovery if granted.

Based on the foregoing objections, Mr. Cooper will not produce Documents in response to Request No. 11 at this time. Subject to and without waiving the foregoing objections, Mr. Cooper is willing to meet and confer with Plaintiffs concerning the timing and scope of this Request.

**REQUEST FOR PRODUCTION NO. 12: All Documents or Communications relating in any way to the Named Plaintiffs, including but not limited to the contents of any files pertaining to the Named Plaintiffs, letters, alerts, notices, applications, agreements, contracts, digital recordings, ESI, audio recordings, or other records in their original form.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seeks to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to this Request as overly broad, unduly burdensome, and lacking in particularity to the extent that it seeks information "in any way" relating to the Named Plaintiffs and to the extent that it seeks "all Documents or Communications" responsive to this Request. *See Carpenter v. Twin City Fire Ins. Co.*, No. 3:23-CV-0769-N, 2024 WL 947589, at *3 (N.D. Tex. Mar. 4, 2024) ("blockbuster" requests for "all documents and records" fail to meet Rule 34's requirement to "set forth with reasonable particularity the items or category of items sought") (quotations and citations omitted). Mr. Cooper further objects to this Request to the extent it is duplicative of other Requests, including Request No. 28. Mr. Cooper further objects to this Request to the extent that, by requesting documents and communications "relating in any way to the Named Plaintiffs," it seeks the production of documents protected by the attorney-client privilege, that are attorney work

product, the bank examination privilege, self-examination privilege or other applicable privileges and protections and are thus not subject to disclosure through discovery.  Mr. Cooper further objects to this Request to the extent it seeks the production of documents that are already in Plaintiffs' possession, or are otherwise available from sources to which Plaintiffs already have access.  Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome and not proportional to the needs of the case at this time to the extent that it seeks information that is not relevant to the resolution of Mr. Cooper's Motion to Dismiss, which remains pending and would negate the need for the requested discovery if granted.

Based on the foregoing objections, Mr. Cooper will not produce Documents in response to Request No. 12 at this time.  Subject to and without waiving the foregoing objections, Mr. Cooper is willing to meet and confer with Plaintiffs concerning the timing and scope of this Request.

**REQUEST FOR PRODUCTION NO. 13: All Documents relating to Your sale, exploitation, or use of Class Members' PII or PHI for profit, including the monetization of or exchange of that data for money, data, or other valuable consideration.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Class Member" as overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that it seeks information concerning "every" "Person whose PII and PHI was or may have been accessed, obtained, or compromised in the Data Breach" as no class has been certified in this Action, and Plaintiffs have not moved for class certification.  Mr. Cooper objects to the Definition of "Documents" on the grounds that it is overly broad, vague, and ambiguous and to the extent it seeks to impose obligations and/or is inconsistent with that term as it is defined or contemplated under the Federal Rules of Civil Procedure.  Mr. Cooper objects to the Definition of "PHI" as

improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that (i) it is non-exhaustive and itself contains numerous undefined and vague terms and broadly encompasses information such as demographic information that is not individually identifiable; and (ii) it seeks information not relevant to any claim or defense because Plaintiffs have not made any claim in the Complaint that Mr. Cooper collected, stored, or maintained Plaintiffs' PHI. Mr. Cooper objects to the Definition of "PII" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms. Mr. Cooper further objects to the term "PII" to the extent it purports to have any legal conclusion or significance. Mr. Cooper objects to the Definition of "Your" as overly broad, vague, and unduly burdensome to the extent that the definition purports to encompass (i) subsidiaries, affiliates and other corporate entities beyond those that are a party to the Action and identified in the complaint, and (ii) entities or individuals that are not within the control of Mr. Cooper, including persons or entities "purporting to act" on Mr. Cooper's behalf—Mr. Cooper will instead answer only on behalf of Mr. Cooper Group, Inc. and Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper further objects to this Request as overly broad, unduly burdensome, and lacking in particularity to the extent that it seeks "all" documents responsive to this Request. Mr. Cooper further objects to this Request because the terms "exploitation" and "monetization" are undefined, vague, ambiguous and without factual basis. Mr. Cooper further objects to this Request because it seeks documents that are neither relevant to the claims, defenses or any allegations in the Action, including because it assumes (without basis) that Mr. Cooper engages in the sale of data. Specifically, Plaintiffs do not claim that Mr. Cooper sold their PII or PHI to any third party. Mr. Cooper further objects to this Request as improper, unduly burdensome and not relevant to

- 11 -

any claim or defense because the Complaint contains no allegations that Mr. Cooper collected, stored or maintained Plaintiffs' PHI.  Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome and not proportional to the needs of the case at this time to the extent that it seeks information that is not relevant to the resolution of Mr. Cooper's Motion to Dismiss, which remains pending and would negate the need for the requested discovery if granted.

Based on the foregoing objections, Mr. Cooper will not produce Documents in response to Request No. 13 at this time.  Subject to and without waiving the foregoing objections, Mr. Cooper is willing to meet and confer with Plaintiffs concerning the timing and scope of this Request.

**REQUEST FOR PRODUCTION NO. 14**: **Identify all Documents and Communications relating to Mr. Cooper's Data Security policies, protocols, and practices, including any changes to any such policies, protocols, and practices and the reasons for such changes. By way of example, and not exclusively, this Request includes any Documents concerning or discussing:**

    a. **Mr. Cooper's policies, procedures, directives, trainings, and manuals about Data Security, PII, or PHI;**

    b. **Mr. Cooper's implementation of hardware, software, or procedural mechanisms that record, log, and examine activity of systems in its System that contain, use, or transmit electronic PII or PHI;**

    c. **Mr. Cooper's policies, procedures, and protocols for guarding against, detecting, reporting, and blocking malicious software, including any whitelisting protocols;**

    d. **Mr. Cooper's policies, procedures, and protocols for monitoring log-in attempts, password changes, and suspicious activity relating to passwords;**

    e. **Mr. Cooper's policies, procedures, and protocols for creating, changing, cataloguing, logging, and safeguarding passwords;**

    f. **Mr. Cooper's collection, retention, or securing of PII or PHI, from any sources;**

    g. **Mr. Cooper's implementation of mechanisms (if any) to encrypt and decrypt electronic PII and PHI;**

    h. **The manner in which Mr. Cooper's Systems processed or stored PII and PHI at the time of the Data Breach;**

    i. **Mr. Cooper's efforts to monitor compliance with or enforce its Data Security measures.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to the foregoing Initial Objections and Objections to Definitions and

Instructions, Mr. Cooper objections to the request to the extent it is not a proper request for documents and appears to be an interrogatory in disguise to the extent it purports to require Mr. Cooper to "[i]dentify" documents and communications. Mr. Cooper further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 12 and 13. Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seeks to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to the Definition of "Data Security" as overly broad, vague, and unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms. Mr. Cooper objects to the Definition of "PHI" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that (i) it is non-exhaustive and itself contains numerous undefined and vague terms and broadly encompasses information such as demographic information that is not individually identifiable; and (ii) it seeks information not relevant to any claim or defense because Plaintiffs have not made any claim in the Complaint that Mr. Cooper collected, stored, or maintained Plaintiffs' PHI. Mr. Cooper objects to the Definition of "PII" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms. Mr. Cooper further objects to the term "PII" to the extent it purports to have any legal conclusion or significance. Mr. Cooper objects to the Definition of "System(s)" as overly broad, vague, unduly burdensome, not relevant and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms that far exceed the common usage and

understanding of "System."  Mr. Cooper further objects to this Request as overly broad, unduly burdensome, and lacking in particularity to the extent that it seeks "all Documents and Communications" responsive to this Request, without limitation, and the enumerated and compound list of the types of documents purportedly sought do not bear any relation to a claim, defense or allegations or events at issue in the Action.  *See Carpenter v. Twin City Fire Ins. Co.*, No. 3:23-CV-0769-N, 2024 WL 947589, at *3 (N.D. Tex. Mar. 4, 2024) ("blockbuster" requests for "all documents and records" fail to meet Rule 34's requirement to "set forth with reasonable particularity the items or category of items sought") (quotations and citations omitted).  Mr. Cooper further objects to this Request because the terms "policies, protocols, and practices," "procedural mechanisms," "whitelisting protocols," and "suspicious activity" are undefined, vague and ambiguous in relation to this Request.  Mr. Cooper further objects to this Request as improper, unduly burdensome and not relevant to any claim or defense because the Complaint contains no allegations that Mr. Cooper collected, stored or maintained Plaintiffs' PHI.  Mr. Cooper further objects to this Request to the extent that, by requesting "Mr. Cooper's efforts to monitor compliance with or enforce its Data Security measures," it seeks the production of Documents and Communications protected by the attorney-client privilege, that are attorney work product, the bank examination privilege, self-examination privilege or other applicable privileges and protections and are thus not subject to disclosure through discovery.  Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome and not proportional to the needs of the case at this time to the extent that it seeks information that is not relevant to the resolution of Mr. Cooper's Motion to Dismiss, which remains pending and would negate the need for the requested discovery if granted.

Based on the foregoing objections, Mr. Cooper will not produce Documents in response to

- 14 -

Request No. 14 at this time.  Subject to and without waiving the foregoing objections, Mr. Cooper is willing to meet and confer with Plaintiffs concerning the timing and scope of this Request.

**REQUEST FOR PRODUCTION NO. 15: All Documents and Communications relating to internal or external assessments or audits (formal or informal) of Mr. Cooper's Data Security measures, including any findings, concerns, required actions, recommendations, conclusions, or follow-up, and the categories of Documents generated as a result.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seeks to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure.  Mr. Cooper objects to the Definition of "Data Security" as overly broad, vague, and unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms.  Mr. Cooper objects to this Request as overly broad, unduly burdensome, and lacking in particularity to the extent that it seeks "[a]ll Documents and Communications" responsive to this Request, without limitation.  *See Carpenter v. Twin City Fire Ins. Co.*, No. 3:23-CV-0769-N, 2024 WL 947589, at *3 (N.D. Tex. Mar. 4, 2024) ("blockbuster" requests for "all documents and records" fail to meet Rule 34's requirement to "set forth with reasonable particularity the items or category of items sought") (quotations and citations omitted).  Mr. Cooper further objects to this Request because the terms "assessments," "findings," "concerns," "required actions," "conclusions," "follow-up," and "categories of Documents generated as a result," are undefined, vague and ambiguous in relation to this Request.  Mr. Cooper further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 14 and 16.  Mr. Cooper further objects to this Request to the extent that it seeks the production

- 15 -

of Documents and Communications protected by the attorney-client privilege, that are attorney work product, the bank examination privilege, self-examination privilege or other applicable privileges and protections and are thus not subject to disclosure through discovery.  Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome and not proportional to the needs of the case at this time to the extent that it seeks information that is not relevant to the resolution of Mr. Cooper's Motion to Dismiss, which remains pending and would negate the need for the requested discovery if granted.

Based on the foregoing objections, Mr. Cooper will not produce Documents in response to Request No. 15 at this time.  Subject to and without waiving the foregoing objections, Mr. Cooper is willing to meet and confer with Plaintiffs concerning the timing and scope of this Request.

**REQUEST FOR PRODUCTION NO. 16: All Documents and Communications relating to Mr. Cooper's contingency plans, if any, in the event of a data breach of either its Systems or the Systems of Vendor subcontractors or third parties who receive or transmit PII or PHI to or from Mr. Cooper.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seeks to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure.  Mr. Cooper objects to the Definition of "PHI" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that (i) it is non-exhaustive and itself contains numerous undefined and vague terms and broadly encompasses information such as demographic information that is not individually identifiable; and (ii) it seeks information not relevant to any claim or defense because Plaintiffs have not made any claim in the Complaint that Mr. Cooper

- 16 -

collected, stored, or maintained Plaintiffs' PHI.  Mr. Cooper objects to the Definition of "PII" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms.  Mr. Cooper further objects to the term "PII" to the extent it purports to have any legal conclusion or significance.  Mr. Cooper objects to the Definition of "System(s)" as overly broad, vague, unduly burdensome, not relevant and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms that far exceed the common usage and understanding of "System."  Mr. Cooper objects to this Request as overly broad, unduly burdensome, and lacking in particularity to the extent that it seeks "[a]ll Documents and Communications" responsive to this Request, without limitation.  *See Carpenter v. Twin City Fire Ins. Co.*, No. 3:23-CV-0769-N, 2024 WL 947589, at *3 (N.D. Tex. Mar. 4, 2024) ("blockbuster" requests for "all documents and records" fail to meet Rule 34's requirement to "set forth with reasonable particularity the items or category of items sought") (quotations and citations omitted).  Mr. Cooper further objects to this Request because the term "contingency plans" is undefined, vague and ambiguous.  Mr. Cooper further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 14 and 15.  Mr. Cooper further objects to this Request as improper, unduly burdensome and not relevant to any claim or defense because the Complaint contains no allegations that Mr. Cooper collected, stored or maintained Plaintiffs' PHI.  Mr. Cooper further objects to this Request to the extent that, by requesting "Documents and Communications relating to Mr. Cooper's contingency plans . . . in the event of a data breach," it seeks the production of Documents and Communications protected by the attorney-client privilege, that are attorney work product, the bank examination privilege, self-examination privilege or other applicable privileges and protections and are thus not subject

**Mr. Cooper's Objections and Responses to Plaintiffs' Second Set of Requests for Production**

to disclosure through discovery.  Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome and not proportional to the needs of the case at this time to the extent that it seeks information that is not relevant to the resolution of Mr. Cooper's Motion to Dismiss, which remains pending and would negate the need for the requested discovery if granted.

Based on the foregoing objections, Mr. Cooper will not produce Documents in response to Request No. 16 at this time.  Subject to and without waiving the foregoing objections, Mr. Cooper is willing to meet and confer with Plaintiffs concerning the timing and scope of this Request.

**REQUEST FOR PRODUCTION NO. 17: Documents sufficient to Identify the structure, architecture, and interconnectivity of the portion(s) of Your computer System accessed in or related to the Systems involved in the Breach, including maps, diagrams, and charts including those portions of the computer System.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Documents" on the grounds that it is overly broad, vague, and ambiguous and to the extent it seeks to impose obligations and/or is inconsistent with that term as it is defined or contemplated under the Federal Rules of Civil Procedure.  Mr. Cooper objects to the Definition of "System(s)" as overly broad, vague, unduly burdensome, not relevant and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms that far exceed the common usage and understanding of "System."  Mr. Cooper objects to the Definition of "Your" as overly broad, vague, and unduly burdensome to the extent that the definition purports to encompass (i) subsidiaries, affiliates and other corporate entities beyond those that are a party to the Action and identified in the complaint, and (ii) entities or individuals that are not within the control of Mr. Cooper, including persons or entities "purporting to act" on Mr. Cooper's behalf—Mr. Cooper will instead answer only on behalf of Mr. Cooper Group, Inc. and Nationstar Mortgage LLC d/b/a

- 18 -

Mr. Cooper. Mr. Cooper objects to this Request because the terms "structure," "architecture," and "interconnectivity" are undefined, vague and ambiguous. Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome and not proportional to the needs of the case at this time to the extent that it seeks information that is not relevant to the resolution of Mr. Cooper's Motion to Dismiss, which remains pending and would negate the need for the requested discovery if granted.

Based on the foregoing objections, Mr. Cooper will not produce Documents in response to Request No. 17 at this time. Subject to and without waiving the foregoing objections, Mr. Cooper is willing to meet and confer with Plaintiffs concerning the timing and scope of this Request.

**REQUEST FOR PRODUCTION NO. 18: Documents sufficient to determine Your annual budget and how much You actually spent on Data Security for each year during the Relevant Time Period.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Documents" on the grounds that it is overly broad, vague, and ambiguous and to the extent it seeks to impose obligations and/or is inconsistent with that term as it is defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to the Definition of "Data Security" as overly broad, vague, and unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms. Mr. Cooper objects to the Definitions of "You" and "Your" as overly broad, vague, and unduly burdensome to the extent that the definitions purport to encompass entities or individuals that are not within the control of Mr. Cooper, including persons or entities "purporting to act" on Mr. Cooper's behalf. Mr. Cooper objects to this Request as overly broad, unduly burdensome, not relevant to any claim

- 19 -

or defense, and not proportional to the needs of this case to the extent that it seeks information regarding Mr. Cooper's "annual budget" and expenditures. Mr. Cooper further objects to this Request because the term "annual budget" is undefined, vague and ambiguous. Mr. Cooper further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 11, 15 and 16. Mr. Cooper further objects to this Request as overly broad and unduly burdensome to the extent that it seeks documents from Plaintiffs' proffered "Relevant Time Period," of January 1, 2019 to present, which is beyond the time period of the relevant events. Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome and not proportional to the needs of the case at this time to the extent that it seeks information that is not relevant to the resolution of Mr. Cooper's Motion to Dismiss, which remains pending and would negate the need for the requested discovery if granted.

Based on the foregoing objections, Mr. Cooper will not produce Documents in response to Request No. 18 at this time. Subject to and without waiving the foregoing objections, Mr. Cooper is willing to meet and confer with Plaintiffs concerning the timing and scope of this Request.

**REQUEST FOR PRODUCTION NO. 19: All Documents and Communications relating to the Data Breach, including, but not limited to Documents and Communications identifying or reflecting the Systems breached, compromised, accessible, or viewable by the unauthorized users in the Data Breach; any PII or PHI accessed, compromised, exposed or obtained by the unauthorized users in the Data Breach; Mr. Cooper's knowledge of and response to the Data Breach, including the sources of Mr. Cooper's knowledge; and any notifications or claims and non-privileged Communications made to any third parties (including insurance carriers, customers, investors, governmental agencies, regulators, corporate partners, and/or other contractors/Vendors) related to the Data Breach and Documents related to or reflecting such Communications.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent

they seeks to impose obligations and/or are inconsistent with those terms as they are defined or

contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to the Definition of

"Documents" on the grounds that it is overly broad, vague, and ambiguous and to the extent it

seeks to impose obligations and/or is inconsistent with that term as it is defined or contemplated

under the Federal Rules of Civil Procedure. Mr. Cooper objects to the Definition of "PHI" as

improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs

of the case, including to the extent that (i) it is non-exhaustive and itself contains numerous

undefined and vague terms and broadly encompasses information such as demographic

information that is not individually identifiable; and (ii) it seeks information not relevant to any

claim or defense because Plaintiffs have not made any claim in the Complaint that Mr. Cooper

collected, stored, or maintained Plaintiffs' PHI. Mr. Cooper objects to the Definition of "PII" as

improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs

of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined

and vague terms. Mr. Cooper further objects to the term "PII" to the extent it purports to have any

legal conclusion or significance. Mr. Cooper objects to the Definition of "System(s)" as overly

broad, vague, unduly burdensome, not relevant and not proportional to the needs of the case,

including to the extent that it is non-exhaustive and itself contains numerous undefined and vague

terms that far exceed the common usage and understanding of "System." Mr. Cooper objects to

this Request as overly broad, unduly burdensome, not relevant to any claim or defense, and not

proportional to the needs of this case to the extent that it seeks "all Documents and

Communications" relating to the Data Breach, without limitation. *See Carpenter v. Twin City Fire

Ins. Co.*, No. 3:23-CV-0769-N, 2024 WL 947589, at *3 (N.D. Tex. Mar. 4, 2024) ("blockbuster"

requests for "all documents and records" fail to meet Rule 34's requirement to "set forth with

- 21 -

reasonable particularity the items or category of items sought") (quotations and citations omitted). Mr. Cooper further objects to this Request because the terms "compromised" and "unauthorized users" are undefined, vague and ambiguous.  Mr. Cooper further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 12, 15, 16, 19, 20, 26, 27 and 28. Mr. Cooper further objects to this Request as unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that, by purporting to request the production of Documents and Communications related to "customers," it seeks discovery not relevant to any claim or defense in the Action as they are limited to the Plaintiffs' claims rather than any other individual or class of individuals who may or may not have been affected by the Data Breach.  Mr. Cooper further objects to this Request as improper, unduly burdensome and not relevant to any claim or defense because the Complaint contains no allegations that Mr. Cooper collected, stored or maintained Plaintiffs' PHI.  Mr. Cooper further objects to this Request to the extent it seeks the production of Documents and Communications that are already in Plaintiffs' possession, or are otherwise available from sources to which Plaintiffs already have access, including but not limited to documents reflecting communications to customers such as Plaintiffs.  Mr. Cooper further objects to this Request to the extent that it seeks Documents and Communications that may concern confidential government communications related to the Data Breach.  Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome and not proportional to the needs of the case at this time to the extent that it seeks information that is not relevant to the resolution of Mr. Cooper's Motion to Dismiss, which remains pending and would negate the need for the requested discovery if granted.

Based on the foregoing objections, Mr. Cooper will not produce Documents in response to Request No. 19 at this time.  Subject to and without waiving the foregoing objections, Mr. Cooper

is willing to meet and confer with Plaintiffs concerning the timing and scope of this Request.

**REQUEST FOR PRODUCTION NO. 20: All Documents and Communications relating to all investigations conducted by You or on Your behalf regarding the Data Breach and the steps (if any) You took to protect customers and their PII and/or PHI in response to the Data Breach, including any investigations, reports, forensic reports, executive summaries, analyses, audits or other records created or prepared by You or any third-party consultant, expert, forensic firm, or other entity.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seeks to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to the Definition of "PHI" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that (i) it is non-exhaustive and itself contains numerous undefined and vague terms and broadly encompasses information such as demographic information that is not individually identifiable; and (ii) it seeks information not relevant to any claim or defense because Plaintiffs have not made any claim in the Complaint that Mr. Cooper collected, stored, or maintained Plaintiffs' PHI. Mr. Cooper objects to the Definition of "PII" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms. Mr. Cooper further objects to the term "PII" to the extent it purports to have any legal conclusion or significance. Mr. Cooper objects to the Definitions of "You and "Your" as overly broad, vague, and unduly burdensome to the extent that the definitions purport to encompass entities or individuals that are not within the control of Mr. Cooper, including persons or entities "purporting to act" on Mr. Cooper's behalf. Mr. Cooper objects to this Request as

overly broad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of this case to the extent that it seeks "all Documents and Communications" relating to investigations of the Data Breach conducted by Mr. Cooper, without limitation. *See Carpenter v. Twin City Fire Ins. Co.*, No. 3:23-CV-0769-N, 2024 WL 947589, at \*3 (N.D. Tex. Mar. 4, 2024) ("blockbuster" requests for "all documents and records" fail to meet Rule 34's requirement to "set forth with reasonable particularity the items or category of items sought") (quotations and citations omitted). Mr. Cooper further objects to this Request because the term "investigation" is undefined, vague and ambiguous. Mr. Cooper further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 16, 19 and 22. Mr. Cooper further objects to this Request as improper, unduly burdensome and not relevant to any claim or defense because the Complaint contains no allegations that Mr. Cooper collected, stored or maintained Plaintiffs' PHI. Mr. Cooper further objects to this Request to the extent that it seeks the production of Documents and Communications protected by the attorney-client privilege, that are attorney work product, the bank examination privilege, self-examination privilege or other applicable privileges and protections and are thus not subject to disclosure through discovery. Mr. Cooper further objects to this Request as impermissibly compound to the extent it seeks documents regarding protection of consumer data, unrelated to Mr. Cooper's investigation of the incident. Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome and not proportional to the needs of the case at this time to the extent that it seeks information that is not relevant to the resolution of Mr. Cooper's Motion to Dismiss, which remains pending and would negate the need for the requested discovery if granted.

Based on the foregoing objections, Mr. Cooper will not produce Documents in response to Request No. 20 at this time. Subject to and without waiving the foregoing objections, Mr. Cooper

is willing to meet and confer with Plaintiffs concerning the timing and scope of this Request.

**REQUEST FOR PRODUCTION NO. 21:** All Documents and Communications relating to the Lockdown, including but not limited to those concerning Mr. Cooper's decision to initiate the Lockdown, the duration of the Lockdown, missed loan payments during the Lockdown, any fees or penalties Mr. Cooper assessed or collected related to the Lockdown, any credit reporting by Mr. Cooper related to the Lockdown, and any other Document or Communication that reflects or discusses the impact of the Lockdown on any of Your customers or the customers of Your clients.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seeks to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to the Definition of "Lockdown" as vague, ambiguous and imprecise, including to the extent it incorporates the term "Systems," which is itself vague, ambiguous and overly broad. Mr. Cooper will instead interpret the term to refer to the Company's efforts to protect its customers and contain the impact of cybercriminals by proactively shutting down certain of its systems. Mr. Cooper objects to the Definition of "Your" as overly broad, vague, and unduly burdensome to the extent that the definition purports to encompass (i) subsidiaries, affiliates and other corporate entities beyond those that are a party to the Action and identified in the complaint, and (ii) entities or individuals that are not within the control of Mr. Cooper, including persons or entities "purporting to act" on Mr. Cooper's behalf—Mr. Cooper will instead answer only on behalf of Mr. Cooper Group, Inc. and Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper objects to this Request as overly broad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of this case to the extent that it seeks "all Documents and Communications" "relating to the

- 25 -

Lockdown," without limitation, and specifically objects to the extent the Request seeks information regarding "missed loan payments during the Lockdown, any fees or penalties Mr. Cooper assessed or collected related to the Lockdown, any credit reporting by Mr. Cooper related to the Lockdown, and any other Document or Communication that reflects or discusses the impact of the Lockdown on any of Your customers or the customers of Your clients." *See Carpenter v. Twin City Fire Ins. Co.*, No. 3:23-CV-0769-N, 2024 WL 947589, at *3 (N.D. Tex. Mar. 4, 2024) ("blockbuster" requests for "all documents and records" fail to meet Rule 34's requirement to "set forth with reasonable particularity the items or category of items sought") (quotations and citations omitted). Mr. Cooper further objects to this Request to the extent that it seeks the production of Documents and Communications protected by the attorney-client privilege, that are attorney work product, the bank examination privilege, self-examination privilege or other applicable privileges and protections and are thus not subject to disclosure through discovery. Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome and not proportional to the needs of the case at this time to the extent that it seeks information that is not relevant to the resolution of Mr. Cooper's Motion to Dismiss, which remains pending and would negate the need for the requested discovery if granted.

Based on the foregoing objections, Mr. Cooper will not produce Documents in response to Request No. 21 at this time. Subject to and without waiving the foregoing objections, Mr. Cooper is willing to meet and confer with Plaintiffs concerning the timing and scope of this Request.

**REQUEST FOR PRODUCTION NO. 22: All Documents and Communications relating to any Data Security changes Mr. Cooper implemented or planned to implement as a result of the Data Breach.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

In addition to the foregoing Initial Objections and Objections to Definitions and

- 26 -

Instructions, Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seeks to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to the Definition of "Data Security" as overly broad, vague, and unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms. Mr. Cooper further objects to this Request as overly broad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of this case to the extent that it seeks "all" Documents and Communications related to "any Data Security changes." Mr. Cooper further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 14 and 20. Mr. Cooper further objects to this Request as overly broad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of this case to the extent that it seeks documents not related to the Data Breach or the injuries that Plaintiffs allege in the Complaint, and instead seeks information relating to changes that, to the extent they were "planned" or "implemented," without limitations, which would necessarily have occurred (or may occur) later in time than the relevant occurrences contained in the Complaint. Mr. Cooper further objects to this Request as unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that, by purporting to request the production of Documents and Communications relating to any Data Security changes Mr. Cooper implemented or planned to implement," it seeks discovery not relevant to any claim or defense in the Action. Mr. Cooper further objects to this Request to the extent that, by requesting "Documents and Communications relating to any Data Security changes Mr. Cooper implemented or planned to implement as a result of the Data Breach," it seeks the production of Documents and

Communications protected by the attorney-client privilege, that are attorney work product, the bank examination privilege, self-examination privilege or other applicable privileges and protections and are thus not subject to disclosure through discovery. Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome and not proportional to the needs of the case at this time to the extent that it seeks information that is not relevant to the resolution of Mr. Cooper's Motion to Dismiss, which remains pending and would negate the need for the requested discovery if granted.

Based on the foregoing objections, Mr. Cooper will not produce Documents in response to Request No. 22 at this time. Subject to and without waiving the foregoing objections, Mr. Cooper is willing to meet and confer with Plaintiffs concerning the timing and scope of this Request.

**REQUEST FOR PRODUCTION NO. 23: All Documents and Communications provided by Mr. Cooper to or exchanged between Mr. Cooper and any insurers, regulators, attorney generals' offices, or any other governmental entities regarding the Data Breach.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seeks to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to this Request as overly broad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of this case to the extent that it seeks "all Documents and Communications," without limitation. *See Carpenter v. Twin City Fire Ins. Co.*, No. 3:23-CV-0769-N, 2024 WL 947589, at *3 (N.D. Tex. Mar. 4, 2024) ("blockbuster" requests for "all documents and records" fail to meet Rule 34's requirement to "set forth with reasonable particularity the items or category of items

sought") (quotations and citations omitted).  Mr. Cooper further objects to this Request to the extent that it seeks Documents and Communications that may concern confidential government communications related to the Data Breach.  Mr. Cooper further objects to this Request to the extent it is duplicative of other Requests, including Request No. 19, 26 and 27.  Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome and not proportional to the needs of the case at this time to the extent that it seeks information that is not relevant to the resolution of Mr. Cooper's Motion to Dismiss, which remains pending and would negate the need for the requested discovery if granted.

Based on the foregoing objections, Mr. Cooper will not produce Documents in response to Request No. 23 at this time.  Subject to and without waiving the foregoing objections, Mr. Cooper is willing to meet and confer with Plaintiffs concerning the timing and scope of this Request.

**REQUEST FOR PRODUCTION NO. 24: All Documents relating to prior and current complaints, lawsuits, or administrative actions initiated against You concerning claims similar to the Data Breach.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Documents" on the grounds that it is overly broad, vague, and ambiguous and to the extent it seeks to impose obligations and/or is inconsistent with that term as it is defined or contemplated under the Federal Rules of Civil Procedure.  Mr. Cooper objects to the Definition of "You" as overly broad, vague, and unduly burdensome to the extent that the definition purports to encompass entities or individuals that are not within the control of Mr. Cooper, including persons or entities "purporting to act" on Mr. Cooper's behalf. Mr. Cooper objects to this Request as overly broad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of this case to the extent that it seeks "all Documents"

without limitation.  *See Carpenter v. Twin City Fire Ins. Co.*, No. 3:23-CV-0769-N, 2024 WL 947589, at *3 (N.D. Tex. Mar. 4, 2024) ("blockbuster" requests for "all documents and records" fail to meet Rule 34's requirement to "set forth with reasonable particularity the items or category of items sought") (quotations and citations omitted).  Mr. Cooper further objects to this Request to the extent it is duplicative of other Requests, including Request No. 25.  Mr. Cooper further objects to this Request because the phrase "concerning claims similar to the Data Breach" is vague, ambiguous, and susceptible to multiple interpretations and meanings.  Mr. Cooper further objects to this Request as overly broad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of this case to the extent that it seeks Documents that do not concern the claims contained in Plaintiffs' Complaint, and, by seeking Documents "concerning claims similar to the Data Breach," specifically concerns claims that are *not* related to the Data Breach.  Mr. Cooper further objects to this Request to the extent that, by seeking "Documents relating to prior and current complaints, lawsuits, or administrative actions initiated against [Mr. Cooper]," it seeks the production of Documents protected by the attorney-client privilege, that are attorney work product, the bank examination privilege, self-examination privilege or other applicable privileges and protections and are thus not subject to disclosure through discovery.  Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome and not proportional to the needs of the case at this time to the extent that it seeks information that is not relevant to the resolution of Mr. Cooper's Motion to Dismiss, which remains pending and would negate the need for the requested discovery if granted.

Based on the foregoing objections, Mr. Cooper will not produce Documents in response to Request No. 24 at this time.  Subject to and without waiving the foregoing objections, Mr. Cooper is willing to meet and confer with Plaintiffs concerning the timing and scope of this Request.

- 30 -

**REQUEST FOR PRODUCTION NO. 25:** All Documents and Communications relating to any prior data security incidents in which PII, PHI, or other confidential records collected, obtained, stored, maintained, or transmitted by You or Your Vendors was actually accessed, obtained, exposed, or compromised or was attempted to be accessed, obtained, exposed, or compromised, including regarding any prior or current complaints, lawsuits, or administrative or other governmental investigations or actions involving You concerning claims related to data security or similar to those at issue in this litigation. This document request includes any post-breach forensic or other reports issued after data breaches or cyber security incidents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to this Request to the extent it is duplicative of other Requests, including Request No. 24. Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seeks to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to the Definition of "PHI" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that (i) it is non-exhaustive and itself contains numerous undefined and vague terms and broadly encompasses information such as demographic information that is not individually identifiable; and (ii) it seeks information not relevant to any claim or defense because Plaintiffs have not made any claim in the Complaint that Mr. Cooper collected, stored, or maintained Plaintiffs' PHI. Mr. Cooper objects to the Definition of "PII" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms. Mr. Cooper objects to the term "PII" to the extent it purports to have any legal conclusion or significance. Mr. Cooper objects to the Definitions of "You" and "Your" as overly broad, vague, and unduly burdensome to the extent that the definitions purport

- 31 -

to encompass entities or individuals that are not within the control of Mr. Cooper, including persons or entities "purporting to act" on Mr. Cooper's behalf.  Mr. Cooper objects to this Request as overly broad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of this case to the extent that it seeks "all Documents and Communications" "relating to any prior data security incidents," without limitation.  *See Carpenter v. Twin City Fire Ins. Co.*, No. 3:23-CV-0769-N, 2024 WL 947589, at *3 (N.D. Tex. Mar. 4, 2024) ("blockbuster" requests for "all documents and records" fail to meet Rule 34's requirement to "set forth with reasonable particularity the items or category of items sought") (quotations and citations omitted).  Mr. Cooper further objects to this Request to the extent that it seeks Documents and Communications that may concern confidential government communications related to the Data Breach.  Mr. Cooper further objects to this Request because the term "data security incidents" is undefined, vague and ambiguous.  Mr. Cooper further objects to this Request as overly broad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of this case to the extent that it seeks Documents and Communications that do not concern the claims contained in Plaintiffs' Complaint, and, by seeking Documents and Communications "relating to any prior data security incidents," specifically concerns claims that are not related to the Data Breach.  Mr. Cooper further objects to this Request as improper, unduly burdensome and not relevant to the extent that it seeks information concerning matters not relevant to any claim or defense because the Complaint contains no allegations that Mr. Cooper collected, stored or maintained Plaintiffs' PHI.  Mr. Cooper further objects to this Request to the extent that, by seeking "All Documents and Communications relating to any prior data security incidents," it seeks the production of Documents and Communications protected by the attorney-client privilege, that are attorney work product, the bank examination privilege, self-examination privilege or other applicable privileges

**MR. COOPER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET
OF REQUESTS FOR PRODUCTION**

and protections and are thus not subject to disclosure through discovery. Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome and not proportional to the needs of the case at this time to the extent that it seeks information that is not relevant to the resolution of Mr. Cooper's Motion to Dismiss, which remains pending and would negate the need for the requested discovery if granted.

Based on the foregoing objections, Mr. Cooper will not produce Documents in response to Request No. 25 at this time. Subject to and without waiving the foregoing objections, Mr. Cooper is willing to meet and confer with Plaintiffs concerning the timing and scope of this Request.

**REQUEST FOR PRODUCTION NO. 26: All Documents and Communications relating to or affording liability insurance coverage for the Data Breach, including any and all insurance policies under which a person carrying on an insurance business might be liable to pay to Mr. Cooper or on Mr. Cooper's behalf all or part of the damages sought in this action.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seeks to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to this Request as overly broad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of this case to the extent that it seeks "all Documents and Communications" regarding Mr. Cooper's liability insurance coverage for the Data Breach, without limitation. *See Carpenter v. Twin City Fire Ins. Co.*, No. 3:23-CV-0769-N, 2024 WL 947589, at *3 (N.D. Tex. Mar. 4, 2024) ("blockbuster" requests for "all documents and records" fail to meet Rule 34's requirement to "set forth with reasonable particularity the items or category of items sought") (quotations and citations omitted). Mr. Cooper objects to the phrase "affording liability insurance coverage" as vague,

- 33 -

ambiguous and subject to multiple different interpretations.  Mr. Cooper further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 19, 23 and 27. Mr. Cooper further objects to this Request to the extent that, by requesting "Documents and Communications relating to or affording liability insurance coverage for the Data Breach," it seeks the production of Documents and Communications protected by the attorney-client privilege, that are attorney work product, the bank examination privilege, self-examination privilege or other applicable privileges and protections and are thus not subject to disclosure through discovery.  Mr. Cooper further requests to this Request as duplicative of information provided in Mr. Cooper's Initial Disclosures under Fed. R. Civ. P. 26(a)(1) ("Initial Disclosures"), and refers Plaintiffs to those Initial Disclosures dated August 20, 2024.  Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome and not proportional to the needs of the case at this time to the extent that it seeks information that is not relevant to the resolution of Mr. Cooper's Motion to Dismiss, which remains pending and would negate the need for the requested discovery if granted.

Based on the foregoing objections, Mr. Cooper will not produce Documents in response to Request No. 26 at this time.  Subject to and without waiving the foregoing objections, Mr. Cooper is willing to meet and confer with Plaintiffs concerning the timing and scope of this Request.

**REQUEST FOR PRODUCTION NO. 27: All Documents and Communications concerning any release, settlement, or other agreement, formal or informal, pursuant to which the liability of any person or any entity for damage arising out of the Data Breach has been limited, reduced, or released in any manner. This Request includes all agreements by one party or person to indemnify another party or person for claims asserted in this litigation.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Communications" and the Definition of

"Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seeks to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to this Request as overly broad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of this case to the extent that it seeks "all" Documents and Communications regarding "any release, settlement, or other agreement" related to the reduction of liability of "any person or any entity . . . in any manner," without limitation. Mr. Cooper further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 19, 23 and 26. Mr. Cooper Further objects to this Request as unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that, by purporting to request the production of Documents related to the liability of "any person or any entity," it seeks discovery not relevant to any claim or defense in the Action by seeking discovery related to the liability of non-parties to the Action, and potentially seeks discovery of information subject to confidentiality agreements. Mr. Cooper further objects to this Request to the extent that, by requesting "Documents and Communications concerning any release, settlement, or other agreement . . . pursuant to which the liability of any person or any entity . . . has been limited, reduced, or released in any manner," it seeks the production of Documents and Communications protected by the attorney-client privilege, that are attorney work product, the bank examination privilege, self-examination privilege or other applicable privileges and protections and are thus not subject to disclosure through discovery. Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome and not proportional to the needs of the case at this time to the extent that it seeks information that is not relevant to the resolution of Mr. Cooper's Motion to Dismiss, which remains pending and would negate the need for the requested discovery if granted.

Based on the foregoing objections, Mr. Cooper will not produce Documents in response to Request No. 27 at this time. Subject to and without waiving the foregoing objections, Mr. Cooper is willing to meet and confer with Plaintiffs concerning the timing and scope of this Request.

**REQUEST FOR PRODUCTION NO. 28: All Documents and Communications identifying or reflecting the types of PII and PHI that Mr. Cooper collected, stored, and maintained at the time of the Data Breach, including but not limited to Documents sufficient to show what types of information were compromised in the Data Breach for each individual whose PII and PHI was accessed, compromised, exposed, or obtained, the format in which that information was stored, and the total number of individual records accessed, compromised, exposed, or obtained.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seeks to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to the Definition of "PHI" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that (i) it is non-exhaustive and itself contains numerous undefined and vague terms and broadly encompasses information such as demographic information that is not individually identifiable; and (ii) it seeks information not relevant to any claim or defense because Plaintiffs have not made any claim in the Complaint that Mr. Cooper collected, stored, or maintained Plaintiffs' PHI. Mr. Cooper objects to the Definition of "PII" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms. Mr. Cooper further objects to the term "PII" to the extent it purports to have any legal conclusion or significance. Mr. Cooper objects to this Request as overly broad, unduly

burdensome, not relevant to any claim or defense, and not proportional to the needs of this case to the extent that it seeks "all Documents and Communications," without limitation. *See Carpenter v. Twin City Fire Ins. Co.*, No. 3:23-CV-0769-N, 2024 WL 947589, at *3 (N.D. Tex. Mar. 4, 2024) ("blockbuster" requests for "all documents and records" fail to meet Rule 34's requirement to "set forth with reasonable particularity the items or category of items sought") (quotations and citations omitted).   Mr. Cooper further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 12, 19 and 29.   Mr. Cooper further objects to this Request as unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that, by purporting to request the production of Documents related to "each individual whose PII and PHI was accessed," it seeks discovery regarding non-party putative class members, who are not represented by Plaintiffs' Counsel and when no class has been certified in this Action, Plaintiffs have not moved for class certification and the requested Documents and Communications do not concern the requirements for class certification.   Mr. Cooper further objects to this Request as improper, unduly burdensome and not relevant to any claim or defense because the Complaint contains no allegations that Mr. Cooper collected, stored or maintained Plaintiffs' PHI.   Mr. Cooper further objects to this Request to the extent that, by requesting "Documents and Communications identifying or reflecting the types of PII and PHI that Mr. Cooper collected, stored, and maintained at the time of the Data Breach," it seeks the production of Documents and Communications protected by the attorney-client privilege, that are attorney work product, the bank examination privilege, self-examination privilege or other applicable privileges and protections and are thus not subject to disclosure through discovery.   Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome and not proportional to the needs of the case at this time to the extent that it seeks information that is not relevant to the resolution

of Mr. Cooper's Motion to Dismiss, which remains pending and would negate the need for the requested discovery if granted.

Based on the foregoing objections, Mr. Cooper will not produce Documents in response to Request No. 28 at this time. Subject to and without waiving the foregoing objections, Mr. Cooper is willing to meet and confer with Plaintiffs concerning the timing and scope of this Request.

**REQUEST FOR PRODUCTION NO. 29**: **All Documents and Communications sufficient to identify the number of individuals whose PII or PHI were collected, stored, and maintained by Mr. Cooper and the manner in which Mr. Cooper notified those individuals about the Data Breach, including but not limited to any notice(s) Mr. Cooper provided concerning the Data Breach, Documents sufficient to determine the date(s) such notice was given, the manner in which the notice was presented, the methodology used to identify the individuals whose information was compromised in the Data Breach, and Documents sufficient to identify the number of individuals whose PII or PHI was compromised in the Data Breach, in total and for each U.S. state and territory.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seeks to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to the Definition of "PHI" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that (i) it is non-exhaustive and itself contains numerous undefined and vague terms and broadly encompasses information such as demographic information that is not individually identifiable; and (ii) it seeks information not relevant to any claim or defense because Plaintiffs have not made any claim in the Complaint that Mr. Cooper collected, stored, or maintained Plaintiffs' PHI. Mr. Cooper objects to the Definition of "PII" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs

of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms. Mr. Cooper further objects to the term "PII" to the extent it purports to have any legal conclusion or significance. Mr. Cooper objects to this Request as overly broad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of this case to the extent that it seeks "all Documents and Communications," without limitation. *See Carpenter v. Twin City Fire Ins. Co.*, No. 3:23-CV-0769-N, 2024 WL 947589, at *3 (N.D. Tex. Mar. 4, 2024) ("blockbuster" requests for "all documents and records" fail to meet Rule 34's requirement to "set forth with reasonable particularity the items or category of items sought") (quotations and citations omitted). Mr. Cooper further objects to this Request because the term "notice" is undefined, vague and ambiguous. Mr. Cooper further objects to this Request to the extent it is duplicative of other Requests, including Request No. 28. Mr. Cooper further objects to this Request as unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that, by purporting to request the production of Documents sufficient to "identify the individuals whose information was compromised in the Data Breach," it seeks discovery regarding non-party putative class members, who are not represented by Plaintiffs' Counsel and when no class has been certified in this Action, Plaintiffs have not moved for class certification and the requested Documents and Communications do not concern the requirements for class certification. Mr. Cooper further objects to this Request as improper, unduly burdensome and not relevant to any claim or defense because the Complaint contains no allegations that Mr. Cooper collected, stored or maintained Plaintiffs' PHI. Mr. Cooper further objects to this Request to the extent it seeks the production of Documents and Communications that are already in Plaintiffs' possession, or are otherwise available from sources to which Plaintiffs already have access, including but not limited to Documents that show the date, method and contents of notifications of the Data Breach. Mr.

**Mr. Cooper's Objections and Responses to Plaintiffs' Second Set of Requests for Production**

Cooper further objects to this Request to the extent that, by requesting Documents and Communications regarding "the methodology used to identify the individuals whose information was compromised in the Data Breach," it seeks the production of Documents and Communications protected by the attorney-client privilege, that are attorney work product, the bank examination privilege, self-examination privilege or other applicable privileges and protections and are thus not subject to disclosure through discovery.  Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome and not proportional to the needs of the case at this time to the extent that it seeks information that is not relevant to the resolution of Mr. Cooper's Motion to Dismiss, which remains pending and would negate the need for the requested discovery if granted.

Based on the foregoing objections, Mr. Cooper will not produce Documents in response to Request No. 29 at this time.  Subject to and without waiving the foregoing objections, Mr. Cooper is willing to meet and confer with Plaintiffs concerning the timing and scope of this Request.

**REQUEST FOR PRODUCTION NO. 30: All Documents and Communications reflecting the amount of money Mr. Cooper charged for goods and services used by Plaintiffs, Class Members, and Mr. Cooper's clients; the specific goods and services for which those charges were issued; and the identity of the individual(s) and/or business(es) that paid for the goods and services.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Class Member" as overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that it seeks information concerning "every" "Person whose PII and PHI was or may have been accessed, obtained, or compromised in the Data Breach" as no class has been certified in this Action, and Plaintiffs have not moved for class certification.  Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad,

vague, and ambiguous and to the extent they seeks to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to this Request as overly broad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of this case to the extent that it seeks "all Documents and Communications" "reflecting the amount of money Mr. Cooper charged for goods and services used by Plaintiffs, Class Members, and Mr. Cooper's clients," without limitation, and when the claims, defenses and allegations in the Action do not concern amounts charged to consumers. *See Carpenter v. Twin City Fire Ins. Co.*, No. 3:23-CV-0769-N, 2024 WL 947589, at *3 (N.D. Tex. Mar. 4, 2024) ("blockbuster" requests for "all documents and records" fail to meet Rule 34's requirement to "set forth with reasonable particularity the items or category of items sought") (quotations and citations omitted).  Mr. Cooper further objects to this Request to the extent it is duplicative of other Requests, including Request No. 11.  Mr. Cooper further objects to this Request as unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that, by purporting to request the production of Documents related to "Class Members," it seeks discovery regarding non-party putative class members, who are not represented by Plaintiffs' Counsel and when no class has been certified in this Action, Plaintiffs have not moved for class certification and the requested Documents and Communications do not concern the requirements for class certification.  Mr. Cooper further objects to this Request overly broad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of this case to the extent that it seeks Documents showing "the amount of money Mr. Cooper charged" individuals and entities other than Plaintiffs "for goods and services" provided by Mr. Cooper. Mr. Cooper further objects to this Request to the extent it seeks the production of Documents and Communications that are already in Plaintiffs' possession, or are otherwise available from sources

to which Plaintiffs already have access, including but not limited to Documents that show payments from Plaintiffs to Mr. Cooper. Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome and not proportional to the needs of the case at this time to the extent that it seeks information that is not relevant to the resolution of Mr. Cooper's Motion to Dismiss, which remains pending and would negate the need for the requested discovery if granted.

Based on the foregoing objections, Mr. Cooper will not produce Documents in response to Request No. 30 at this time. Subject to and without waiving the foregoing objections, Mr. Cooper is willing to meet and confer with Plaintiffs concerning the timing and scope of this Request.

**REQUEST FOR PRODUCTION NO. 31: Documents and Communications sufficient to identify those current or former individuals affiliated with Mr. Cooper (including directors, officers, employees, Vendors, and contractors) who may possess information concerning the Data Breach or Mr. Cooper's Data Security at the time of the Data Breach.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to this Request to the extent it is duplicative of other Requests, including Request No. 19. Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seeks to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to the Definition of "Data Security" as overly broad, vague, and unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms. Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome and not proportional to the needs of the case at this time to the extent that it seeks information that is not relevant to the resolution of Mr. Cooper's Motion to Dismiss, which remains pending and would negate the need for the requested discovery

if granted.

Based on the foregoing objections, Mr. Cooper will not produce Documents in response to Request No. 31 at this time. Subject to and without waiving the foregoing objections, Mr. Cooper is willing to meet and confer with Plaintiffs concerning the timing and scope of this Request.

**REQUEST FOR PRODUCTION NO. 32: All Documents and Communications identified by You in Your response to any Interrogatory served on You by any party in this action.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seeks to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to the Definition of "You" and "Your" as overly broad, vague, and unduly burdensome to the extent that the definitions purport to encompass entities or individuals that are not within the control of Mr. Cooper, including persons or entities "purporting to act" on Mr. Cooper's behalf. Mr. Cooper objects to this Request to the extent it is duplicative of other Requests. Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome and not proportional to the needs of the case at this time to the extent that it seeks information that is not relevant to the resolution of Mr. Cooper's Motion to Dismiss, which remains pending and would negate the need for the requested discovery if granted.

Based on the foregoing objections, Mr. Cooper will not produce Documents in response to Request No. 32 at this time. Subject to and without waiving the foregoing objections, Mr. Cooper is willing to meet and confer with Plaintiffs concerning the timing and scope of this Request.

**REQUEST FOR PRODUCTION NO. 33: All Documents and Communications, without**

- 43 -

regard to date or time period, that are referenced or relied upon in Your response to any Interrogatory or other discovery request served in this action, as such response is supplemented or amended from time to time.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seeks to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to the Definition of "Your" as overly broad, vague, and unduly burdensome to the extent that the definition purports to encompass (i) subsidiaries, affiliates and other corporate entities beyond those that are a party to the Action and identified in the complaint, and (ii) entities or individuals that are not within the control of Mr. Cooper, including persons or entities "purporting to act" on Mr. Cooper's behalf—Mr. Cooper will instead answer only on behalf of Mr. Cooper Group, Inc. and Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper objects to this Request to the extent that it seeks the production of Documents and Communications protected by the attorney-client privilege, that are attorney work product, the bank examination privilege, self-examination privilege or other applicable privileges and protections and are thus not subject to disclosure through discovery. Mr. Cooper further objects to this Request as overly broad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of this case to the extent that it seeks discovery without regard to any temporal limitation at all, and would require Mr. Cooper to search for and produce historical records dating back to its founding. Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome and not proportional to the needs of the case at this time to the extent that it seeks information that is not relevant to the resolution of Mr. Cooper's

Motion to Dismiss, which remains pending and would negate the need for the requested discovery if granted.

Based on the foregoing objections, Mr. Cooper will not produce Documents in response to Request No. 33 at this time.  Subject to and without waiving the foregoing objections, Mr. Cooper is willing to meet and confer with Plaintiffs concerning the timing and scope of this Request.

**REQUEST FOR PRODUCTION NO. 34: All Documents and Communications, without regard to date or time period, provided to Your experts in this action.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to this Request to the extent it is duplicative of other Requests, including Request No. 33.  Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seeks to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure.  Mr. Cooper objects to the Definition of "Your" as overly broad, vague, and unduly burdensome to the extent that the definition purports to encompass (i) subsidiaries, affiliates and other corporate entities beyond those that are a party to the Action and identified in the complaint, and (ii) entities or individuals that are not within the control of Mr. Cooper, including persons or entities "purporting to act" on Mr. Cooper's behalf—Mr. Cooper will instead answer only on behalf of Mr. Cooper Group, Inc. and Nationstar Mortgage LLC d/b/a Mr. Cooper.  Mr. Cooper further objects to this Request to the extent that it seeks the production of Documents and Communications protected by the attorney-client privilege, that are attorney work product, the bank examination privilege, self-examination privilege or other applicable privileges and protections and are thus not subject to disclosure through discovery.  Mr. Cooper further objects to this Request as premature, overly broad, unduly

- 45 -

App. 068

burdensome and not proportional to the needs of the case at this time to the extent that it seeks information that is not relevant to the resolution of Mr. Cooper's Motion to Dismiss, which remains pending and would negate the need for the requested discovery if granted, and no experts have submitted any report in this Action.

Based on the foregoing objections, Mr. Cooper will not produce Documents in response to Request No. 34 at this time. Subject to and without waiving the foregoing objections, Mr. Cooper is willing to meet and confer with Plaintiffs concerning the timing and scope of this Request.

**REQUEST FOR PRODUCTION NO. 35: All Documents and Communications, without regard to date or time period, that You intend to use at trial in this action.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to this Request to the extent it is duplicative of other Requests, including Request No. 33. Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seeks to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to the Definition of "You" as overly broad, vague, and unduly burdensome to the extent that the definition purports to encompass entities or individuals that are not within the control of Mr. Cooper, including persons or entities "purporting to act" on Mr. Cooper's behalf. Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome and not proportional to the needs of the case at this time to the extent that it seeks information that is not relevant to the resolution of Mr. Cooper's Motion to Dismiss, which remains pending and would negate the need for the requested discovery if granted, and Mr. Cooper has not yet identified documents and communications (if any) that it intends to use at trial in this Action.

- 46 -

Based on the foregoing objections, Mr. Cooper will not produce Documents in response to Request No. 35 at this time.  Subject to and without waiving the foregoing objections, Mr. Cooper is willing to meet and confer with Plaintiffs concerning the timing and scope of this Request.

Dated: February 18, 2025

*/s/ W. Kyle Tayman*

**W. Kyle Tayman** (*pro hac vice*)

**Goodwin Procter LLP**
ktayman@goodwinlaw.com
1900 N Street, NW
Washington, DC 20036
T. 202.346.4000
F. 202.346.4444

**Allison J. Schoenthal** (*pro hac vice*)
**Molly L. Leiwant** (*pro hac vice*)
The New York Times Building
620 Eighth Avenue
New York, New York, 10018
T. 212.459.7183
F. 212.937.3850
aschoenthal@goodwinlaw.com
mleiwant@goodwinlaw.com

**Thomas G. Yoxall**
Texas Bar No. 00785304
tom.yoxall@troutman.com
**Roger B. Cowie**
Texas Bar No. 00783886
roger.cowie@troutman.com
**M. Taylor Levesque**
Texas Bar No. 24107296
taylor.levesque@troutman.com
**TROUTMAN PEPPER LOCKE LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
T. 214.740.8000
F. 214.740.8800

*Counsel for Defendants*

- 48 -

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 18, 2025 the foregoing was served via electronic mail to counsel for the parties in this matter.

<div style="text-align: center;">

*/s/ W. Kyle Tayman*
W. Kyle Tayman

</div>

Mr. Cooper's Objections and Responses to Plaintiffs' Second Set
of Requests for Production

# EXHIBIT A-3

| | |
|---|---|
| **From:** | Hennecken, Christina L <CHennecken@goodwinlaw.com> |
| **Sent:** | Friday, August 15, 2025 2:23 PM |
| **To:** | Ben Stueve; Funk, Allison M; Tayman, Kyle; Schoenthal, Allison J.; Thomas G. Yoxall; Taylor Levesque |
| **Cc:** | Norm Siegel; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards; AWolf@milberg.com; Ron Podolny x24013; RShimon@milberg.com; Bruce W. Steckler; jkendall@kendalllawgroup.com; Will Edelman |
| **Subject:** | RE: Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

<div style="background:#fdf6dd;border-left:4px solid #e0c028;padding:4px">[EXTERNAL]</div>

Counsel,

We received your email late yesterday (in response to our email from over a week ago) and given the very short notice, we are not able to meet and confer today.  And, as you know, we have a hearing on Monday.

We disagree with your position that all the remaining RFPs are relevant to class certification.  And we do not understand what you mean by "covered by" below at the end of your email.  We thus cannot answer your question by the artificial Monday deadline you've demanded below.  Please let us know your availability after Monday next week to discuss the RFPs.  We have availability Tuesday after 1 pm ET, as well as Wednesday at 2-3 pm ET.   And in response to Bruce's recent email, we can also plan to meet and confer regarding the 30(b)(6) deposition during this call.

Thanks,
Christina

**Christina L. Hennecken**

 **GOODWIN**

Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
o  +1 202 346 4291
f   +1 202 204 7231
CHennecken@goodwinlaw.com | goodwinlaw.com

---

**From:** Ben Stueve <ben.stueve@stuevesiegel.com>
**Sent:** Thursday, August 14, 2025 5:46 PM
**To:** Hennecken, Christina L <CHennecken@goodwinlaw.com>; Funk, Allison M <AFunk@goodwinlaw.com>; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <taylor.levesque@lockelord.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; Bruce W. Steckler <bruce@stecklerlaw.com>; jkendall@kendalllawgroup.com; Will Edelman <wedelman@milberg.com>
**Subject:** RE: Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

***EXTERNAL***

Hi, Christina. Thanks for confirming that Mr. Cooper will serve updated responses to RFPs 12, 14, 19, 28, 29, 32, 33, and 34 on or before August 28 and will begin producing responsive documents as soon as possible.

As for the RFPs still at issue (RFPs 13, 15-18, 20-23, 25, 30-31, and 35), we maintain that these are relevant to class certification, except for RFP 35, which we further agree to pause for class cert purposes. Merits and class issues are not mutually exclusive. Neither the Court's class cert scheduling order nor these RFPs' relevance to the merits changes their relevance to class cert. Mr. Cooper's contrary interpretation of the Court's order distorts the concepts of relevance and discoverability and would give the order the effect of invalidating any request for class discovery that in any way overlaps with merits issues. Plaintiffs' position does not render the Court's order superfluous. The record belies that argument: as you have acknowledged, we have agreed to pause several requests during class discovery, and Mr. Cooper has agreed to comply with several requests that squarely go to the merits in addition to class cert.

As we continue to evaluate Mr. Cooper's position, please confirm by noon CST Monday (Aug.18) that Mr. Cooper will not cite any information or rely on any documents in opposition to class certification that are covered by RFPs 13, 15-18, 20-23, 25, 30-31.

Please provide your availability tomorrow or Monday to meet and confer regarding these matters. Thank you.

---

**From:** Hennecken, Christina L <CHennecken@goodwinlaw.com>
**Sent:** Tuesday, August 5, 2025 5:12 PM
**To:** Ben Stueve <ben.stueve@stuevesiegel.com>; Funk, Allison M <AFunk@goodwinlaw.com>; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <taylor.levesque@lockelord.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; Bruce W. Steckler <bruce@stecklerlaw.com>; jkendall@kendalllawgroup.com; Will Edelman <wedelman@milberg.com>
**Subject:** RE: Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

[EXTERNAL]

Counsel,

Thank you for clarifying that Plaintiffs are not seeking responses to RFPs 10, 11, 24, 26, 27, and 30.  However, we do not think that list demonstrates a reasonable attempt to parse the RFPs based on the Court's Order.  As discussed during the meet and confer on Thursday, we disagree that all the remaining RFPs from Plaintiffs' second set of RFPs are relevant to class certification.  Plaintiffs' position during the call that class certification discovery and merits discovery are essentially the same in this case is incorrect and contrary to the Court's Order, which explicitly stayed all discovery except class certification discovery.  Plaintiffs' interpretation gives the Court's Order no meaning.

Mr. Cooper will provide updated responses to certain requests based on their relevance to class certification or to otherwise avoid a discovery dispute.  Specifically, Mr. Cooper will provide updated responses to RFPs 12, 14, 19, 28, 29, 32, 33, and 34 on or before August 28.  We will begin rolling productions as soon as possible.

Thank you,
Christina

**From:** Ben Stueve <ben.stueve@stuevesiegel.com>
**Sent:** Thursday, July 31, 2025 6:49 PM
**To:** Funk, Allison M <AFunk@goodwinlaw.com>; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <taylor.levesque@lockelord.com>; Hennecken, Christina L <CHennecken@goodwinlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; Bruce W. Steckler <bruce@stecklerlaw.com>; jkendall@kendalllawgroup.com; Will Edelman <wedelman@milberg.com>
**Subject:** RE: Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

***EXTERNAL***
Christina and team,

Thank you for conferring with us today. As we discussed, Plaintiffs agree to pause RFPs 10 and 11 for purposes of class certification discovery. On further consideration, we also agree to pause RFPs 24, 26, 27, and 30 for purposes of class certification discovery. With the understanding that Mr. Cooper agreed to respond to RFP 12, we look forward to Mr. Cooper's written proposal on Monday or Tuesday as to the remaining RFPs in Plaintiffs' Second Set.

As we also discussed, we intend to file a motion to modify the Court's class certification scheduling order tomorrow afternoon. We plan to include Mr. Cooper's position discussed today that there should be no modifications to the schedule and that in any event Mr. Cooper should get four months to respond to Plaintiffs' motion for class certification. By noon CST tomorrow, please provide us with any alternative scheduling proposal or other position regarding the schedule that would be appropriate to include in our motion.

Thank you.

---

**From:** Ben Stueve
**Sent:** Wednesday, July 30, 2025 5:21 PM
**To:** Funk, Allison M <AFunk@goodwinlaw.com>; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <taylor.levesque@lockelord.com>; Hennecken, Christina L <CHennecken@goodwinlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; Bruce W. Steckler <bruce@stecklerlaw.com>; jkendall@kendalllawgroup.com
**Subject:** RE: Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

Allison, thank you for reaching out. If you mean tomorrow, then 3:30-4:30 EST works for us. Please confirm. Thanks.

---

**From:** Funk, Allison M <AFunk@goodwinlaw.com>
**Sent:** Wednesday, July 30, 2025 5:11 PM
**To:** Ben Stueve <ben.stueve@stuevesiegel.com>; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <taylor.levesque@lockelord.com>; Hennecken, Christina L <CHennecken@goodwinlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>;

App. 076

RShimon@milberg.com; Bruce W. Steckler <bruce@stecklerlaw.com>; jkendall@kendalllawgroup.com
**Subject:** RE: Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

> [EXTERNAL]

Ben,

We are available from 3:30 – 4:30 EST for the meet and confer.  If that works for you, please let us know and I will send an invite.

Thank you.

**Allison M. Funk**
*she/her/hers*



Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o  +1 212 459 7065
f  +1 212 937 3770
AFunk@goodwinlaw.com
My LinkedIn

Consumer Finance Insights

---

**From:** Ben Stueve <ben.stueve@stuevesiegel.com>
**Sent:** Wednesday, July 30, 2025 3:44 PM
**To:** Tayman, Kyle <KTayman@goodwinlaw.com>; Leiwant, Molly <MLeiwant@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <taylor.levesque@lockelord.com>; Hennecken, Christina L <CHennecken@goodwinlaw.com>; Funk, Allison M <AFunk@goodwinlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; Bruce W. Steckler <bruce@stecklerlaw.com>; jkendall@kendalllawgroup.com
**Subject:** RE: Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

***EXTERNAL***
Kyle,

Thank you for your email.

It is our understanding that the Court expects the parties to meaningfully meet and confer on both the class certification schedule and class discovery issues. We respond to your email and again request Mr. Cooper's availability to meet and confer.

**Schedule**

As to the schedule, we propose that Plaintiffs file an unopposed motion to amend the Court's Class Certification Scheduling Order. The proposed amended deadline for Plaintiffs to serve their opening motion, supporting brief, and any expert materials and other evidence supporting class certification on Mr. Cooper is January 26, 2026. For Mr. Cooper's deadline to serve its Opposition, please let us know

4

how much time you need. We propose that Plaintiffs get 30 days from that date to serve their Reply. The unopposed motion would further request a new Submission Date, assuming the Opposition and Reply deadlines would push the Submission Date past March 13.

Our intent is to ensure both sides have enough time to adequately gather necessary evidence and brief class certification. We are also happy to grant reasonable extensions as a professional courtesy and ask for the same in return. But moving for class certification by September 8, 2025 (i.e., within 45 days of the Scheduling Order) is unworkable given the nature of this case, the scope of the motion, and our competing obligations.

**Class Certification Discovery**

Regarding class discovery, our view is that Plaintiffs' pending discovery requests all relate to class certification. Thank you for agreeing to serve Mr. Cooper's responses to Interrogatories No. 1, 8-14, and 17 on August 13. We agree to that schedule.

As for the Requests for Production of Documents, we would like to meet and confer to discuss their relevance to class certification. We hope the parties can avoid extensive motion practice, as class and merits discovery significantly overlap in this data breach case.

To streamline discovery, we'd also like to discuss whether Mr. Cooper is willing to stipulate to any element of Rule 23 or predicate facts relating to class certification. If Mr. Cooper is not willing to stipulate, it is our view that all of our pending RFPs seek documents relevant to class certification. It is also our view that the pending discovery requests, including the RFPs, were deemed served as of July 25 (the date of the Court's Scheduling Order) and that re-serving the discovery is unnecessary.

Please provide us with Mr. Cooper's availability tomorrow or Friday for a meet-and-confer on these matters. Thank you.

---

**From:** Tayman, Kyle <KTayman@goodwinlaw.com>
**Sent:** Tuesday, July 29, 2025 9:10 PM
**To:** Ben Stueve <ben.stueve@stuevesiegel.com>; Leiwant, Molly <MLeiwant@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <taylor.levesque@lockelord.com>; Hennecken, Christina L <CHennecken@goodwinlaw.com>; Funk, Allison M <AFunk@goodwinlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; Bruce W. Steckler <bruce@stecklerlaw.com>; jkendall@kendalllawgroup.com
**Subject:** RE: Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

[EXTERNAL]

Ben,

I am writing to respond to your email regarding the Court's Class Certification Scheduling Order, and address below the issues raised in your email.

**Class Certification Discovery**

Your email raises that the Court permitted class certification discovery to commence. However, Mr. Cooper has not received a set of discovery requests tailored to class certification in accordance with the Court's Order. The Order is clear that "all discovery except regarding class certification is stayed." Plaintiffs' second set of RFPs seek discovery on merits issues that do not pertain to class certification and the requests as a whole do not comply with the Order. Mr. Cooper is under no obligation to respond to the Second Set of RFPs, and we do not agree with your assertion that "Defendants should respond to each Request." If you have RFPs that pertain to class certification in compliance with the Court's Order, please serve them or identify the ones you believe pertain to class certification in compliance with the Order and we will respond accordingly.

With respect to Plaintiffs' First Set of Interrogatories, these too are not particular to class certification and the requests exceed the numerical limit of 15 set by the Court. As such, there was no obligation on Mr. Cooper as of July 25 to guess at which requests Plaintiffs believed pertain to class certification and to then respond, as you seem to suggest. Accordingly, Mr. Cooper does not owe any responses by August 11. Nonetheless, Mr. Cooper will agree to respond to those interrogatories identified in your email earlier today as ones Plaintiffs contends pertain to class certification. Counting today as the date of service, Mr. Cooper will provide its amended objections and responses to the First Set of Interrogatories Nos. 1, 8-14, and 17, on Wednesday, August 13.

**The Court's Scheduling Order on Plaintiffs' deadline to Move for Class Certification**

With respect to your request to move Plaintiffs' deadline to file their motion for class certification, the Court's Order does not permit the parties to move that date. The Order in Paragraph 4 only allows the parties to move Mr. Cooper's opposition date and Plaintiffs' reply. Thus, please explain your understanding of the Court's Order that would allow the parties to move the September 8 date and precisely what it is you are proposing. Once we understand this, we can respond to the rest of your proposal, although we note that your suggestion that Mr. Cooper's time for its opposition be limited to only 4 weeks is unacceptable.

If after we receive your response you would still like to meet and confer, let us know and a member of our team will respond with our availability.

Thank you,
Kyle

**From:** Ben Stueve <ben.stueve@stuevesiegel.com>
**Sent:** Tuesday, July 29, 2025 2:10 PM
**To:** Tayman, Kyle <KTayman@goodwinlaw.com>; Leiwant, Molly <MLeiwant@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <taylor.levesque@lockelord.com>; Briggs, Michelle T <MBriggs@goodwinlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; Bruce W. Steckler <bruce@stecklerlaw.com>; jkendall@kendalllawgroup.com
**Subject:** Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

***EXTERNAL***
Kyle and Molly,

In light of the Court's recent Memorandum Opinion and Order on Mr. Cooper's Motion to Dismiss and Class Certification Scheduling Order, we write regarding the following items:

**Plaintiffs' written discovery requests.** As Judge Godbey ruled in his Scheduling Order, class discovery commenced last Friday (July 25). Plaintiffs' Second Set of Requests for Production of Documents and First Set of Interrogatories—which Plaintiffs served on January 17
and to which Mr. Cooper responded on February 18—include requests for discovery relevant to class certification. To that end, Plaintiffs rely on their pending requests for purposes of class discovery in the following manner:

- Defendants should respond to each Request in Plaintiffs' Second Set of RFPs.
- Defendants should respond to the following Interrogatories from their First Set of Interrogatories: Nos. 1, 8-14, and 17. Plaintiffs reserve the right to serve additional class interrogatories.
- Judge Godbey's order shortens the time for responding to written discovery requests to 15 days. Since class discovery commenced on July 25, Mr. Cooper must serve responses on or before Monday, August 11.

**Plaintiffs' deadline to serve motion for class certification.** Plaintiffs' current deadline to serve their class cert. motion, along with supporting evidence and briefing, is September 8.

- Plaintiffs do not view this deadline as practicable in a case like this.
- Plaintiffs propose that their deadline to serve their opening motion be extended to and including Monday, January 26, 2026; Defendant's response would be extended to Monday, February 23; Plaintiffs' reply would be extended to Monday, March 9. The Parties' papers would then be filed with the Court on the Submission Date of March 13, 2026.

Please provide us with windows of availability this afternoon or tomorrow to meet and confer. Thank you.

*********************************************************************
This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
*********************************************************************

# EXHIBIT A-4

| | |
|---|---|
| **From:** | Ben Stueve |
| **Sent:** | Wednesday, September 10, 2025 4:12 PM |
| **To:** | Funk, Allison M; Hennecken, Christina L; Briggs, Michelle T; Leiwant, Molly; Bruce Steckler |
| **Cc:** | Norm Siegel; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards; AWolf@milberg.com; Ron Podolny x24013; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle; Schoenthal, Allison J.; Thomas G. Yoxall; Taylor Levesque; atadler@kaplanfox.com; ajd@kaplanfox.com |
| **Subject:** | RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N |

Allison, this is to confirm that Topic 15 and RFP 17 will not be included as completely rejected discovery requests for purposes of Plaintiffs' motion to compel. Thank you.

---

**From:** Funk, Allison M <AFunk@goodwinlaw.com>
**Sent:** Friday, September 5, 2025 5:01 PM
**To:** Ben Stueve <ben.stueve@stuevesiegel.com>; Hennecken, Christina L <CHennecken@goodwinlaw.com>; Briggs, Michelle T <MBriggs@goodwinlaw.com>; Leiwant, Molly <MLeiwant@goodwinlaw.com>; Bruce Steckler <Bruce@stecklerlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <Taylor.Levesque@lockelord.com>; atadler@kaplanfox.com; ajd@kaplanfox.com
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

[EXTERNAL]

Counsel,

Thank you for providing the list of RFPs and 30(b)(6) topics that you believe are in dispute for purposes of the motion to compel. We have talked to our client. In an effort to resolve some of the disputes, we are agreeable to the following:

- Topic 15: We agree to provide a witness that will provide testimony regarding the retention schedule in effect at the time of the incident as relevant to the impacted PII. In connection, we will also supplement our prior production to RFP 14 with the retention schedule in place at the time of the incident.
- RFP 17: We will provide documentation that is sufficient to show at a high level the system structure in effect at the time of the incident.

Please confirm that Topic 15 and RFP 17 are no longer in dispute and will be removed from any potential motion to compel.

As to the remainder of the requests, we remain willing to consider any potential proposals/compromises to limit or narrow the remaining requests and topics in dispute. However, given that you have not thus far been willing to make any compromise proposals and have not responded or sought to confer following our service of our responses to the document requests and correspondence on the deposition topics, then we agree that it appears we are at an impasse as to the remaining topics and requests. Should you wish to discuss any compromises to avoid burdening the court with motion practice, please let us know.

1

App. 082

Thank you.

**Allison M. Funk**
*she/her/hers*

 **GOODWIN**

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o  +1 212 459 7065
f  +1 212 937 3770
AFunk@goodwinlaw.com
My LinkedIn

Consumer Finance Insights

---

**From:** Funk, Allison M
**Sent:** Thursday, September 4, 2025 6:56 PM
**To:** Ben Stueve <ben.stueve@stuevesiegel.com>; Hennecken, Christina L <CHennecken@goodwinlaw.com>; Briggs, Michelle T <MBriggs@goodwinlaw.com>; Leiwant, Molly <MLeiwant@goodwinlaw.com>; Bruce Steckler <Bruce@stecklerlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <Taylor.Levesque@lockelord.com>; atadler@kaplanfox.com; ajd@kaplanfox.com
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

Counsel,

Thank you for providing the list of RFPs and 30(b)(6) topics that you believe are in dispute for purposes of the motion to compel.  We will discuss with our client and let you know our position tomorrow.

**Allison M. Funk**
*she/her/hers*

 **GOODWIN**

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o  +1 212 459 7065
f  +1 212 937 3770
AFunk@goodwinlaw.com
My LinkedIn

Consumer Finance Insights

---

**From:** Ben Stueve <ben.stueve@stuevesiegel.com>
**Sent:** Wednesday, September 3, 2025 6:48 PM
**To:** Funk, Allison M <AFunk@goodwinlaw.com>; Hennecken, Christina L <CHennecken@goodwinlaw.com>; Briggs, Michelle T <MBriggs@goodwinlaw.com>; Leiwant, Molly <MLeiwant@goodwinlaw.com>; Bruce Steckler <Bruce@stecklerlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal,

Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque
<Taylor.Levesque@lockelord.com>; atadler@kaplanfox.com; ajd@kaplanfox.com
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

***EXTERNAL***
Allison,

Your response is somewhat confusing. Mr. Cooper has repeatedly refused to produce certain discovery that we
requested, despite narrowing our discovery and explaining our position.  Unfortunately, we have no choice but to
seek Court intervention. For purposes of our motion to compel, the RFPs at issue are RFPs 15, 17, 18, 22, and 23,
and the 30(b)(6) topics at issue are topics 8, 11-15, 17, 22-24, and 26-29. Of course, we remain available to try and
reach an amicable agreement prior to the hearing. Finally, we are pleased that you are willing to provide a privilege
log in accordance with the Federal Rules and applicable case law and expect to do so next week.

---

**From:** Funk, Allison M <AFunk@goodwinlaw.com>
**Sent:** Wednesday, September 3, 2025 4:02 PM
**To:** Ben Stueve <ben.stueve@stuevesiegel.com>; Hennecken, Christina L <CHennecken@goodwinlaw.com>; Briggs,
Michelle T <MBriggs@goodwinlaw.com>; Leiwant, Molly <MLeiwant@goodwinlaw.com>; Bruce Steckler
<Bruce@stecklerlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards
<tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>;
RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal,
Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque
<Taylor.Levesque@lockelord.com>; atadler@kaplanfox.com; ajd@kaplanfox.com
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

[EXTERNAL]

Counsel,

We are surprised you are seeking to move to compel given that we have not heard from you since we served our
responses to the RFPs, and received no response to our last letter on the Rule 30(b)(6) deposition topics in which we
made meaningful compromises.  We do not agree with your contentions that we are "refus[ing]" to comply.  We have
also set forth our position on the multiple meets and confers, in lengthy e-mails and letters and have remained willing to
compromise (as demonstrated by the compromises we have made thus far).  We remain committed to providing you
discovery that you need and is relevant to your class certification burdens, however, to date you have not been willing
to meaningfully compromise on any request and have maintained that everything is relevant to class certification,
without limitation.  By your email below where you suggest that we are "refusing to comply," we understand you will
not make any compromise proposals, and that you will not withdraw the "all documents/all communications"
formulation of the requests that we discussed in the meet and confers, and note that we still have not heard an
explanation for why "all documents" are necessary for class certification.  So that we may respond to your email request
to confirm our position, please identify the requests you believe are still in dispute and will seek to compel so that we
may review and respond.

As a final matter, we have never represented that we are refusing to provide a privilege log.  We have only disagreed
with your demands for us to provide a log outside of the requirements under the rules and applicable law.  We do intend
to provide a privilege log that in complies with the federal rules and our obligations and expect to produce it next week.

**Allison M. Funk**
*she/her/hers*

3

 **GOODWIN**

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o  +1 212 459 7065
f   +1 212 937 3770
AFunk@goodwinlaw.com
My LinkedIn

Consumer Finance Insights

---

**From:** Ben Stueve <ben.stueve@stuevesiegel.com>
**Sent:** Wednesday, September 3, 2025 12:02 PM
**To:** Funk, Allison M <AFunk@goodwinlaw.com>; Hennecken, Christina L <CHennecken@goodwinlaw.com>; Briggs, Michelle T <MBriggs@goodwinlaw.com>; Leiwant, Molly <MLeiwant@goodwinlaw.com>; Bruce Steckler <Bruce@stecklerlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <Taylor.Levesque@lockelord.com>; atadler@kaplanfox.com; ajd@kaplanfox.com
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

***EXTERNAL***
Dear Counsel,

We plan to file a motion to compel regarding the RFPs and 30(b)(6) topics that Mr. Cooper has rejected as irrelevant to class certification and refuses to comply with. Plaintiffs have explained the basis of this discovery in lengthy emails and on multiple meet and confer calls. Please let us know whether Mr. Cooper agrees to comply with any of these RFPs or deposition topics so that we can remove them from our motion. In addition, Mr. Cooper has objected to our request for a privilege log in accordance with the federal rules and Fifth Circuit case law. Please let us know if you still refuse to comply so that we can address this issue with the Court, if necessary.

---

**From:** Funk, Allison M <AFunk@goodwinlaw.com>
**Sent:** Tuesday, August 26, 2025 7:15 PM
**To:** Ben Stueve <ben.stueve@stuevesiegel.com>; Hennecken, Christina L <CHennecken@goodwinlaw.com>; Briggs, Michelle T <MBriggs@goodwinlaw.com>; Leiwant, Molly <MLeiwant@goodwinlaw.com>; Bruce Steckler <Bruce@stecklerlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <Taylor.Levesque@lockelord.com>; atadler@kaplanfox.com; ajd@kaplanfox.com
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

[EXTERNAL]

Counsel,

Please see the attached correspondence concerning Plaintiffs' 30(b)(6) notice.

Thanks.

4

App. 085

**Allison M. Funk**
*she/her/hers*

 GOODWIN

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o  +1 212 459 7065
f   +1 212 937 3770
AFunk@goodwinlaw.com
My LinkedIn

Consumer Finance Insights

---

**From:** Ben Stueve <ben.stueve@stuevesiegel.com>
**Sent:** Monday, August 25, 2025 11:00 AM
**To:** Funk, Allison M <AFunk@goodwinlaw.com>; Hennecken, Christina L <CHennecken@goodwinlaw.com>; Briggs, Michelle T <MBriggs@goodwinlaw.com>; Leiwant, Molly <MLeiwant@goodwinlaw.com>; Bruce Steckler <Bruce@stecklerlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <Taylor.Levesque@lockelord.com>; atadler@kaplanfox.com; ajd@kaplanfox.com
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

***EXTERNAL***
Allison, thank you for confirming that Mr. Cooper agrees to comply with RFPs 12, 13, 14, 16, 19, 20, 21, 25 (excluding, for class cert purposes only, prior breaches at Mr. Cooper's vendors), 28, 29, 31, 32, 33, and 34 and that Mr. Cooper refuses to comply with RFPs 15, 17, 18, 22, and 23. We will look for Mr. Cooper's position on the 30(b)(6) topics, which you are aiming to provide by EOB today.

We disagree that we have "threaten[ed] to go to the Court without explaining [our] positions or pursuing a middle ground." We conducted two separate hourlong meet-and-confers last week, during which we explained our positions on each RFP and each 30(b)(6) topic. This is in addition to substantial email correspondence on the subject and the fact that Plaintiffs have agreed to pause several document requests during the class cert discovery period.

We will respond separately to Michelle's email to set up a meet-and-confer on the ESI Protocol and privilege log format.

Best,
Ben

---

**From:** Funk, Allison M <AFunk@goodwinlaw.com>
**Sent:** Friday, August 22, 2025 5:03 PM
**To:** Ben Stueve <ben.stueve@stuevesiegel.com>; Hennecken, Christina L <CHennecken@goodwinlaw.com>; Briggs, Michelle T <MBriggs@goodwinlaw.com>; Leiwant, Molly <MLeiwant@goodwinlaw.com>; Bruce Steckler <Bruce@stecklerlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque

<Taylor.Levesque@lockelord.com>; atadler@kaplanfox.com; ajd@kaplanfox.com
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

> [EXTERNAL]

Counsel,

We write to provide Mr. Cooper's position with respect to the remaining RFPs that are in dispute: Request Nos. 13, 15–18, 20–23, 25 and 31.

As an initial matter, we disagree with your recitations of the facts below, but we are not going to endeavor to correct them all to achieve a record. However, we want to note that we have been meeting and conferring with you in good faith in attempt to come to an agreement – technically before the responses are even due. Plaintiffs' position has been that every discovery request somehow relates to the merits, but also to class certification, which has compelled our multiple meet and confers—both to understand the basis of Plaintiffs' position and to determine whether any of the requests could be limited to actual class certification issues. We want to reiterate that we remain willing to work with you to come to a mutually agreeable resolution and compromises, however, the readiness in which you threaten to go to the Court without explaining your positions or pursuing a middle ground is simply not productive.

After discussing with Mr. Cooper, we will serve supplemental responses and objections for the RFPs on August 28, and will set forth our agreement to respond to Request Nos. 13, 16, 20, 21, 25 (with the understanding you are no longer seeking information as to any breaches at vendors), and 31, consistent with our discussions in the meet and confer.

Thank you.


**Allison M. Funk**
*she/her/hers*

 **GOODWIN**

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o  +1 212 459 7065
f   +1 212 937 3770
AFunk@goodwinlaw.com
My LinkedIn

Consumer Finance Insights

---

**From:** Funk, Allison M
**Sent:** Thursday, August 21, 2025 3:22 PM
**To:** Ben Stueve <ben.stueve@stuevesiegel.com>; Hennecken, Christina L <CHennecken@goodwinlaw.com>; Briggs, Michelle T <MBriggs@goodwinlaw.com>; Leiwant, Molly <MLeiwant@goodwinlaw.com>; Bruce Steckler <Bruce@stecklerlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <Taylor.Levesque@lockelord.com>; atadler@kaplanfox.com; ajd@kaplanfox.com
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

Counsel,

As we noted on the call yesterday, we have been extremely responsive to your communications and are growing tiresome of the arbitrary deadlines that are being set.  As you represent clients yourselves, you must understand that we need to take the time to discuss these matters with our client.   We disagree with your contention that we came without authority from Mr. Cooper.  The purpose of a meet and confer is to try to reach an agreement, which includes hearing each other's positions.  We heard your positions on the requests and topics and now we must discuss that position with Mr. Cooper.

As we discussed on the call, we will provide our response regarding the RFPs in dispute tomorrow, August 22.   As for our position on the 30(b)6 topics in dispute, we will aim to provide you with our response on Monday, August 25, 2025.  As a reminder, we agreed to these timetables when met and conferred earlier in the week, before the Court extended the case schedule, which is further reason that there is no need for you to invent deadlines for us.  For the record, we do not agree with your recitation or characterization of our meet and confer and note that your email below continues several factual inaccuracies that we will respond to before the weekend.

We will provide a response to the proposed hybrid categorical privilege log and alternative ESI Protocol language tomorrow, August 22, 2025, however, it is clear that we are not in agreement and will need to schedule a meet and confer for next week to discuss.

Thanks.


**Allison M. Funk**
*she/her/hers*

**GOODWIN**
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o  +1 212 459 7065
f  +1 212 937 3770
AFunk@goodwinlaw.com
My LinkedIn

Consumer Finance Insights

---

**From:** Ben Stueve <ben.stueve@stuevesiegel.com>
**Sent:** Wednesday, August 20, 2025 7:18 PM
**To:** Hennecken, Christina L <CHennecken@goodwinlaw.com>; Briggs, Michelle T <MBriggs@goodwinlaw.com>; Leiwant, Molly <MLeiwant@goodwinlaw.com>; Bruce Steckler <Bruce@stecklerlaw.com>; Funk, Allison M <AFunk@goodwinlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <Taylor.Levesque@lockelord.com>; atadler@tadlerlaw.com
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

***EXTERNAL***
Christina, Allison, and team,

Thank you for conferring with us today. While it is unfortunate that you came without any authority from your client to definitively agree to any of the remaining disputed RFPs and 30(b)(6) topics, thank you for committing to discuss the following RFPs and topics with your client:  RFPs 13, 15–18, 20–23, 25, and 31; deposition topics 2–3, 6, 8, 11–24, and 26–29.

As to RFP 13 (docs relating to Mr. Cooper's sale of Plaintiffs' PII or PHI), you represented that Mr. Cooper has none. Please serve a supplemental response by Mr. Cooper accordingly, as we discussed. As to RFP 25 (docs and comms relating to any prior data security incidents Mr. Cooper or its vendors have sustained), in the spirit of further compromise and to avoid dispute, we are willing to narrow this request to Mr. Cooper only, not Mr. Cooper's vendors. We would agree to this limit only for purposes of the class certification discovery period and only if Mr. Cooper agreed to comply with the narrowed version.

Regarding the remaining disputed RFPs, thank you for confirming Mr. Cooper will provide its response by **EOB this Friday (8/22)**.

As we stated regarding the remaining disputed 30(b)(6) topics, Mr. Cooper has had sufficient time to form a decision either to definitively agree or disagree, or to compromise, by EOB this Friday. This is demonstrated by Mr. Cooper's written objections served yesterday (8/19), in response to the topics served on Mr. Cooper more than 2 weeks ago (8/4), in which Mr. Cooper agreed to prep a witness as to some topics and refused as to the rest. Vague statements that you need to "take the time we need" for your client to further consider the topics it has already objected to and initially either agreed or refused to prep a witness for raise concerns about meeting the Court's class cert schedule, especially since it appears that Plaintiffs may need to raise further discovery disputes with the Court.

Would you be able to provide your client's response on the remaining disputed topics by **EOB Monday (8/25)**?

Finally, you have had our proposed ESI Protocol language since May 30, and on Monday morning (9/18) we provided you with Plaintiffs' responses to Mr. Cooper's proposed hybrid categorical privilege log and alternative ESI Protocol language.  Yesterday, we asked for a response by EOB today. Please provide us with Mr. Cooper's response.

---

**From:** Ben Stueve
**Sent:** Wednesday, August 20, 2025 10:56 AM
**To:** Hennecken, Christina L <CHennecken@goodwinlaw.com>; Briggs, Michelle T <MBriggs@goodwinlaw.com>; Leiwant, Molly <MLeiwant@goodwinlaw.com>; Bruce Steckler <Bruce@stecklerlaw.com>; Funk, Allison M <AFunk@goodwinlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <Taylor.Levesque@lockelord.com>; atadler@tadlerlaw.com
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

Yes, 1:30–2:30 EST this afternoon works for us.

As to your clarification, we of course expect Mr. Cooper to produce all documents it intends to rely on in its class cert papers, as Plaintiffs will. We proposed the idea as a way to explore areas of potential compromise on any of the remaining disputed RFPs and 30(b)(6) topics. We understand your position rejecting this idea, though we disagree.

We confirm that Plaintiffs agreed to pause RFP 30 for purposes of class certification discovery and that our reference to RFP 30 as disputed is a clerical error.

We look forward to your response to the remainder of our previous email. Thank you, Christina.

**From:** Hennecken, Christina L <CHennecken@goodwinlaw.com>
**Sent:** Wednesday, August 20, 2025 10:01 AM
**To:** Ben Stueve <ben.stueve@stuevesiegel.com>; Briggs, Michelle T <MBriggs@goodwinlaw.com>; Leiwant, Molly <MLeiwant@goodwinlaw.com>; Bruce Steckler <Bruce@stecklerlaw.com>; Funk, Allison M <AFunk@goodwinlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jvanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <Taylor.Levesque@lockelord.com>; atadler@tadlerlaw.com
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

[EXTERNAL]

Counsel, could you do 1:30-2:30 instead? We have conflicts on our side that have since arisen this afternoon. We'll respond to the rest of your email separately.

I do want to clarify that on the remaining RFPs, as we explained on the call, when a request is very broad (as several of them are) we cannot fairly make a blanket determination that we will not rely on any document technically responsive to that request, as we may already be producing it in response to a separate request. As we stated, any client materials we intend to rely upon in opposing class cert we will produce, and we would expect Plaintiffs will do the same.

Your note below includes RFP 30 as a request supposedly in dispute. Plaintiffs withdrew that request by email on July 31. Please confirm the below is an error.

Thanks,
Christina

**From:** Ben Stueve <ben.stueve@stuevesiegel.com>
**Sent:** Wednesday, August 20, 2025 12:01 AM
**To:** Hennecken, Christina L <CHennecken@goodwinlaw.com>; Briggs, Michelle T <MBriggs@goodwinlaw.com>; Leiwant, Molly <MLeiwant@goodwinlaw.com>; Bruce Steckler <Bruce@stecklerlaw.com>; Funk, Allison M <AFunk@goodwinlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jvanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <Taylor.Levesque@lockelord.com>; atadler@tadlerlaw.com
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

***EXTERNAL***
Christina, Kyle, and team,

We appreciate your time conferring with us today about the remaining disputed RFPs and 30(b)(6) deposition topics. Thank you for confirming that Mr. Cooper will not agree to refrain from relying on documents responsive to the disputed RFPs and testimony covered by the disputed deposition topics to oppose Plaintiffs' motion for class certification. As we discussed, please let us know your client's response regarding complying with RFPs 16, 20, 21, and 23, and preparing a corporate representative to testify on topics 2 and 3, which you agreed to discuss with your client.

Tomorrow, we need to discuss RFPs 13, 15–18, 25, 30, and 31 and deposition topics 6, 8, 11–24, and 26–29. In Christina's Aug. 15 email, she stated your team has availability tomorrow (Aug. 20) at 2–3 p.m. EST. We are available during that time. Please confirm that window still works for you.

Finally, please respond regarding the ESI Protocol language and privilege log by EOB tomorrow.

---

**From:** Hennecken, Christina L <CHennecken@goodwinlaw.com>
**Sent:** Monday, August 18, 2025 9:29 PM
**To:** Ben Stueve <ben.stueve@stuevesiegel.com>; Briggs, Michelle T <MBriggs@goodwinlaw.com>; Leiwant, Molly <MLeiwant@goodwinlaw.com>; Bruce Steckler <Bruce@stecklerlaw.com>; Funk, Allison M <AFunk@goodwinlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <Taylor.Levesque@lockelord.com>; atadler@tadlerlaw.com
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

[EXTERNAL]

Counsel, We are available 4-5 pm ET tomorrow to meet and confer regarding the RFPs and 30(b)(6) deposition. Please let us know if that window still works for you. We will respond separately regarding the ESI protocol and other items below.

Thanks,
Christina

---

**From:** Ben Stueve <ben.stueve@stuevesiegel.com>
**Sent:** Monday, August 18, 2025 9:51 AM
**To:** Briggs, Michelle T <MBriggs@goodwinlaw.com>; Leiwant, Molly <MLeiwant@goodwinlaw.com>; Bruce Steckler <Bruce@stecklerlaw.com>; Funk, Allison M <AFunk@goodwinlaw.com>; Hennecken, Christina L <CHennecken@goodwinlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <Taylor.Levesque@lockelord.com>; atadler@tadlerlaw.com
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

***EXTERNAL***
Hi, Michelle and team,

Our responses to your proposed hybrid categorical privilege log, alternative ESI Protocol language, and Rule 502(d) are laid out below. We have not yet received Mr. Cooper's response to our proposed alternative language we provided on May 30. Please provide Mr. Cooper's response by noon CST tomorrow (8/19). We request to meet and confer on these matters on the same call in which we confer regarding the RFPs and 30(b)(6) notice. We are available tomorrow (8/19) from 2:00-5:30 p.m. EST.

**Privilege Log**

We see in Mr. Cooper's document production from Friday that several documents were withheld on the basis of privilege. As a matter of policy and practice, we are generally opposed to a metadata generated privilege log and

even a hybrid metadata privilege log in the form as proposed. That being said, we are intent on moving expeditiously according to the Court's class certification schedule, however it might be modified, such that we are open to considering a "hybrid" categorical privilege log subject to the following: (A) two limitations; (B) additional fields and information to be included; and (C) receiving clarity on the questions outlined below.

A. Limitations

- First, Plaintiffs will agree to a hybrid metadata log (subject to the inclusion of additional information as outlined below) **only** for the period of discovery permitted by the Court's class cert scheduling order, as may be modified by the Court. We do not agree to use the hybridized log for discovery after this period. Although it may be the case that certain discovery is to be prioritized to satisfy the Court's class cert schedule, any agreement for this purpose is in no way a concession by Plaintiffs to bifurcated discovery, which Plaintiffs continue to oppose.

- Second, Plaintiffs will agree to a hybrid metadata log (subject to the inclusion of additional information as outlined below) **only** for purposes of Mr. Cooper asserting (i) attorney-client privilege and (ii) work product protection. To the extent Mr. Cooper asserts some other form of protection as a basis to withhold production, Mr. Cooper must provide a document-specific privilege log, not a categorical one, including a detailed narrative description of the basis for the asserted privilege or protection for each document withheld.

B. Additional Fields and Information

Even if Mr. Cooper agrees to the above limitations, Plaintiffs would agree to the hybrid categorical log **only if** it contained the following additions/specifications:

- A "key" identifying all individuals identified in the metadata pull and their corresponding titles, roles and affiliations to facilitate the receiving party's ability to assess the applicability of the asserted protection.
- A "key" identifying all "Review Tags" used in the "PRIVILEGE CATEGORY" column (P) and a corresponding descriptor for each tag.
- The addition of a "doc type" column (i.e., letter, email, report, memorandum, etc.). This would be in addition to the "File Ext" field.
- The removal of "etc." from the "Privilege Claim" column (R) for the reasons set forth above in the second bullet point under part A above.
- The log must be produced in Excel format with full sorting and filtering functionality.

C. Questions: We request clarification on the following items.

- Will the "Review Tags" used in in the "LEGAL SOURCE" column (O) contain a description of the basis of the asserted privilege?
- How will "free text" be used in the "LEGAL SOURCE" column (O)?
- What does "filename" mean for purposes of the "EMAIL SUBJECT/FILENAME" column (N)? Is the intent here that if the document is an email, the email "subject" line will be stated in full; whereas if the document is some other form of document, the name of the file will be stated?

**ESI Protocol: Mr. Cooper's Proposed Alternative Language Regarding Messaging App Data and Hard Copy Documents**

We have proposed redlines to the Hard Copy Documents section regarding including cover labels and tabs of any binder in which hard copy docs are found, to ensure that the receiving party can discern from the production the document's context.

As for unitization of chat messages in 24-hour increments, please clarify how Mr. Cooper will produce responsive messages that span sequential days. For example, if there is a responsive message conversation that continues from a Monday to a Tuesday, does Mr. Cooper intend to produce the full sequence of messages from 12 AM to 11:59 p.m. on both Monday and Tuesday? Also, as to the "to the extent reasonably and technologically possible"

language, is Mr. Cooper suggesting that it does not have the means to determine instances in which responsive chat messages span sequential days, such that Mr. Cooper will not produce the full sequence?

**502(d) Order**

Plaintiffs agree to Mr. Cooper's proposed order.

---

**From:** Briggs, Michelle T <MBriggs@goodwinlaw.com>
**Sent:** Friday, May 30, 2025 8:07 PM
**To:** Leiwant, Molly <MLeiwant@goodwinlaw.com>; Ben Stueve <ben.stueve@stuevesiegel.com>; Bruce Steckler <Bruce@stecklerlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <Taylor.Levesque@lockelord.com>; Tammy Elizabeth Craig x3473 <tcraig@forthepeople.com>; atadler@tadlerlaw.com
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

> This is the first time you received an email from this sender (MBriggs@goodwinlaw.com). Exercise caution when clicking links, opening attachments or taking further action, before validating its authenticity.

Hi Ben – please find Defendants' proposed alternative ESI Protocol language regarding messaging application data and hard copy data. Also enclosed is a proposed 502(d) Order and example of the hybrid categorical privilege log.

Have a great weekend!

**Michelle Treadwell Briggs**



Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
o  +1 617 570 1857
f  +1 617 321 4390
MBriggs@goodwinlaw.com

---

**From:** Leiwant, Molly <MLeiwant@goodwinlaw.com>
**Sent:** Friday, May 30, 2025 7:00 PM
**To:** Ben Stueve <ben.stueve@stuevesiegel.com>; Bruce Steckler <Bruce@stecklerlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <Taylor.Levesque@lockelord.com>; Tammy Elizabeth Craig x3473 <tcraig@forthepeople.com>; atadler@tadlerlaw.com; Briggs, Michelle T <MBriggs@goodwinlaw.com>
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

Thanks, Ben. Adding in my colleague Michelle regarding Mr. Cooper's proposals on the ESI protocol. Have a nice weekend.

**From:** Ben Stueve <ben.stueve@stuevesiegel.com>
**Sent:** Friday, May 30, 2025 5:43 PM
**To:** Leiwant, Molly <MLeiwant@goodwinlaw.com>; Bruce Steckler <Bruce@stecklerlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jvanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <Taylor.Levesque@lockelord.com>; Tammy Elizabeth Craig x3473 <tcraig@forthepeople.com>; atadler@tadlerlaw.com
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

***EXTERNAL***
Hi, Molly. Friday of next week is acceptable. Also, please find attached Plaintiffs' proposed alternative ESI Protocol language regarding preservation, search, and review of ESI. We'll look for Mr. Cooper's proposals. Thanks, and have a good weekend.

---

**From:** Leiwant, Molly <MLeiwant@goodwinlaw.com>
**Sent:** Friday, May 30, 2025 4:30 PM
**To:** Ben Stueve <ben.stueve@stuevesiegel.com>; Bruce Steckler <Bruce@stecklerlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jvanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <Taylor.Levesque@lockelord.com>; Tammy Elizabeth Craig x3473 <tcraig@forthepeople.com>; atadler@tadlerlaw.com
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

[EXTERNAL]

Ben,

We appreciate your responses, and we will discuss your proposal and these responses with our client. There are stakeholders who are out of the office with personal commitments, so we'll need until Friday of next week rather than Tuesday to get back to you. Please confirm that is acceptable, and thank you for the courtesy.

Best,
Molly

---

**From:** Ben Stueve <ben.stueve@stuevesiegel.com>
**Sent:** Thursday, May 29, 2025 6:29 PM
**To:** Leiwant, Molly <MLeiwant@goodwinlaw.com>; Bruce Steckler <Bruce@stecklerlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jvanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <Taylor.Levesque@lockelord.com>; Tammy Elizabeth Craig x3473 <tcraig@forthepeople.com>; atadler@tadlerlaw.com
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

***EXTERNAL***
Thanks for your email, Molly. We respond to each of your questions and comments in turn:

1.  Our proposal is that, during the time Mr. Cooper's MTD remains pending, Mr. Cooper produce only the discovery responsive to the specific requests in my 5/27 email, along with responding to Rog. 10. The other cited RFPs and Rogs are for reference only, to demonstrate that the 5/27 specific requests fit within the scope of our pending—and broader—discovery requests.

2.  Plaintiffs are willing to agree to a stay of other discovery between now and when the Court rules on Mr. Cooper's MTD, with the exception of any further discovery ordered or authorized by the Court to resolve Mr. Cooper's 12(b)(1) factual attack.

3.  We agree that if the parties reach agreement, we would need to discuss the timing of Mr. Cooper collecting, reviewing, and producing the agreed discovery.

4.  Plaintiffs disagree with your statement that they "have not pursued discovery outside of Mr. Cooper's 12(b)(1) factual argument since initiating this case in 2023." That said, Plaintiffs are open to agreeing not to use the agreed discovery as a basis to seek leave to amend the Complaint before the Court rules on the MTD. Plaintiffs are also open to agreeing not to use such discovery to supplement their opposition to the MTD prior to the Court's ruling, unless the Court of its own volition requests supplemental briefing or evidentiary presentation to resolve Mr. Cooper's 12(b)(1) challenge.

Finally, to be clear, any agreement the parties reach does not contemplate or in any way impact the parties' discovery obligations after the MTD is decided. We look forward to hearing from you on or before Tuesday.

---

**From:** Leiwant, Molly <MLeiwant@goodwinlaw.com>
**Sent:** Thursday, May 29, 2025 10:35 AM
**To:** Ben Stueve <ben.stueve@stuevesiegel.com>; Bruce Steckler <Bruce@stecklerlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <Taylor.Levesque@lockelord.com>; Tammy Elizabeth Craig x3473 <tcraig@forthepeople.com>; atadler@tadlerlaw.com
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

[EXTERNAL]

Hello Ben:

This is received and we will discuss your proposal with our client. In advance of doing so, we need to clarify certain aspects of your email:

1.  Your proposal includes three topics of information to produce. However, the Requests for Production and Interrogatories you reference in the email aside from the specific request to respond to Rog. No. 10 (i.e. RFP Nos. 19, 20, 23; Rog. No. 13) are broader in scope than the proposed productions. Please clarify if you are proposing that Mr. Cooper produce only the discovery responsive to the specific requests in your 5/27 email, or you are also proposing that Mr. Cooper respond to each of the cited RFPs and Interrogatories?

2.  Please confirm that as part of this proposal, Plaintiffs will agree to a discovery stay of all other discovery while the Motion to Dismiss is pending.

3.  We would need to discuss a schedule/timeline for Mr. Cooper to collect, review, and produce materials in response to the categories you propose. Then Mr. Cooper would respond to only the specific proposed topics, and discovery as to all other requests would be stayed.

In addition, as the Motion to Dismiss is fully briefed and has been pending, and Plaintiffs have not pursued discovery outside of Mr. Cooper's 12(b)(1) factual argument since initiating the case in 2023, Mr. Cooper would oppose any attempt to move to amend the Complaint or submit further evidence while the MTD is pending.  To avoid a later dispute or delaying the Court's decision on the pending motion, if Mr. Cooper agrees to engage in limited discovery, Mr. Cooper will need confirmation that Plaintiffs agree not to use such discovery as a basis to amend the Complaint or supplement the pending Motion.

Best,
Molly

**From:** Ben Stueve <ben.stueve@stuevesiegel.com>
**Sent:** Tuesday, May 27, 2025 5:43 PM
**To:** Leiwant, Molly <MLeiwant@goodwinlaw.com>; Bruce Steckler <Bruce@stecklerlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <Taylor.Levesque@lockelord.com>; Tammy Elizabeth Craig x3473 <tcraig@forthepeople.com>; atadler@tadlerlaw.com
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

***EXTERNAL***
Good afternoon, Molly. As we discussed during our meet-and-confer last Tuesday, please consider the following proposal by Plaintiffs regarding discovery. As for the ESI Protocol, Plaintiffs are still working up proposed language, which we will provide to you by end of week.  You and your team can get us Mr. Cooper's proposed language the same day.

As for discovery, to avoid court intervention, Plaintiffs propose that Mr. Cooper provide the following three categories of documents and information to Plaintiffs, which Plaintiffs believe to be readily available to Mr. Cooper, while the motion to dismiss remains pending:

1. In December 2023, Mr. Cooper EVP and Chief Risk & Compliance Officer Christine Paxton represented to several state Attorneys General that Mr. Cooper had conducted a "forensic review" regarding the Data Breach and that this review "determined that personal information relating to substantially all current and former customers was obtained from our systems during" the Data Breach. Plaintiffs propose that Mr. Cooper produce all documents and communications regarding this forensic review, including all documents reflecting the results of the review. *See* Plaintiffs' RFPs No. 20 and 23. Plaintiffs further propose that Mr. Cooper provide the information requested in Plaintiffs' Interrog. No. 10.

1. Plaintiffs propose that Mr. Cooper produce all communications with regulators regarding the Data Breach, including all documents exchanged with regulators in the course of such communications. *See* Plaintiffs' RFPs No. 19 and 23.

1. Plaintiffs propose that Mr. Cooper identify each category of PII and PHI compromised in the Data Breach, the total number of individuals for each category of PII and PHI impacted, and the total number of impacted individuals in each state. *See* Plaintiffs' Interrog. No. 13.

Please provide Mr. Cooper's position on Plaintiffs proposal regarding discovery on or before EOB Tuesday, June 3. If we cannot reach agreement, Plaintiffs will seek court intervention.

**From:** Ben Stueve
**Sent:** Thursday, May 15, 2025 4:50 PM
**To:** Leiwant, Molly <MLeiwant@goodwinlaw.com>; Bruce Steckler <Bruce@stecklerlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <Taylor.Levesque@lockelord.com>; Tammy Elizabeth Craig x3473 <tcraig@forthepeople.com>
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

Thank you, Molly. We will circulate a Zoom invite for that date and time.

**From:** Leiwant, Molly <MLeiwant@goodwinlaw.com>
**Sent:** Thursday, May 15, 2025 4:32 PM
**To:** Ben Stueve <ben.stueve@stuevesiegel.com>; Bruce Steckler <Bruce@stecklerlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <Taylor.Levesque@lockelord.com>; Tammy Elizabeth Craig x3473 <tcraig@forthepeople.com>
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

[EXTERNAL]

Ben,

We are available to meet and confer on Tuesday, 5/20 at 3:30 ET / 2:30 CT.

Molly

**From:** Ben Stueve <ben.stueve@stuevesiegel.com>
**Sent:** Thursday, May 15, 2025 11:15 AM
**To:** Leiwant, Molly <MLeiwant@goodwinlaw.com>; Bruce Steckler <Bruce@stecklerlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <Taylor.Levesque@lockelord.com>; Tammy Elizabeth Craig x3473 <tcraig@forthepeople.com>
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

***EXTERNAL***
Following up on this, Molly. Thanks.

**From:** Ben Stueve
**Sent:** Monday, May 12, 2025 5:26 PM
**To:** Leiwant, Molly <MLeiwant@goodwinlaw.com>; Bruce Steckler <Bruce@stecklerlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>;

16

RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <Taylor.Levesque@lockelord.com>; Tammy Elizabeth Craig x3473 <tcraig@forthepeople.com>
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

Molly, please see Plaintiffs' redlines and comments in the attached draft ESI Protocol.

Plaintiffs request to meet and confer regarding 1) the ESI Protocol and 2) Mr. Cooper's "Preliminary Statement" in its responses to Plaintiffs Second RFPs and First Interrogatories objecting to Plaintiffs' discovery requests as premature but expressing willingness to meet and confer on the scope and timing of discovery.

Please let us know your availability on the following dates:
- 5/14 and 5/15 between 11 a.m. and 4 p.m. CST
- 5/16 between 10 and 11:30 a.m. CST
- 5/19, 5/20, and 5/22 between 11 a.m. and 4 p.m. CST
- 5/23 between 10 and 11 a.m. and between 1:30 and 4 p.m. CST

Thank you.

Best,
Ben

---

**From:** Leiwant, Molly <MLeiwant@goodwinlaw.com>
**Sent:** Friday, March 7, 2025 4:19 PM
**To:** Ben Stueve <ben.stueve@stuevesiegel.com>; Bruce Steckler <Bruce@stecklerlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <Taylor.Levesque@lockelord.com>; Tammy Elizabeth Craig x3473 <tcraig@forthepeople.com>
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

[EXTERNAL]

Ben,

Please find attached Mr. Cooper's comments on the proposed ESI protocol.  Have a nice weekend.

Best,
Molly

---

**From:** Ben Stueve <ben.stueve@stuevesiegel.com>
**Sent:** Thursday, March 6, 2025 1:01 PM
**To:** Leiwant, Molly <MLeiwant@goodwinlaw.com>; Bruce Steckler <Bruce@stecklerlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque

<Taylor.Levesque@lockelord.com>; Tammy Elizabeth Craig x3473 <tcraig@forthepeople.com>
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

***EXTERNAL***
Molly, please find attached Exhibits A and B to Mary Frantz's declaration.

---

**From:** Ben Stueve
**Sent:** Wednesday, March 5, 2025 5:42 PM
**To:** 'Leiwant, Molly' <MLeiwant@goodwinlaw.com>; Bruce Steckler <Bruce@stecklerlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <Taylor.Levesque@lockelord.com>; Tammy Elizabeth Craig x3473 <tcraig@forthepeople.com>
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

Hi, Molly,

Darren Mott, Roy Shimon, and I will be in attendance at Mr. Mott's deposition.

We are working to produce Mary Frantz's documents on or before March 11, at least a week before her deposition on March 18. This is reasonable compliance with Mr. Cooper's subpoena to Ms. Frantz, especially considering that she served objections to it and the substantial time extension for Mr. Cooper's MTD reply/MTS opposition that we agreed not to oppose. As for Exhibits A and B to Ms. Frantz's declaration, we apologize for the inadvertent omission and will provide them to you tomorrow morning.

Thank you for your commitment to get us Mr. Cooper's ESI protocol comments this week.

Best,
Ben

---

**From:** Leiwant, Molly <MLeiwant@goodwinlaw.com>
**Sent:** Wednesday, March 5, 2025 10:59 AM
**To:** Ben Stueve <ben.stueve@stuevesiegel.com>; Bruce Steckler <Bruce@stecklerlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <Taylor.Levesque@lockelord.com>; Tammy Elizabeth Craig x3473 <tcraig@forthepeople.com>
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

[EXTERNAL]

Hi Ben,

We have received Mr. Mott's production.  Can you please provide the names of the attendees for Mr. Mott's deposition so we can let security know?

18

With respect to Ms. Frantz's production, please confirm you will make the production by this Friday. Mr. Cooper made its document production within the 30 days provided by the Federal Rules in response to Plaintiff's Requests for Production. Ms. Frantz's production was not made by the deadline in the Document Subpoena, nor even within the timeline in which Mr. Cooper produced documents relating to the Miller Declaration. This is particularly perplexing given the requests to Ms. Frantz relate to the bases for her report and opinions, which was signed and filed over two months ago on December 27, 2024 (and the Requests include documents which Ms. Frantz's Declaration state were attached as exhibits, but were not).

With respect to the draft proposed ESI protocol, I confirm that we will provide Mr. Cooper's comments this week.

Best,
Molly

---

**From:** Ben Stueve <ben.stueve@stuevesiegel.com>
**Sent:** Monday, March 3, 2025 1:00 PM
**To:** Bruce Steckler <Bruce@stecklerlaw.com>; Leiwant, Molly <MLeiwant@goodwinlaw.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <Taylor.Levesque@lockelord.com>; Tammy Elizabeth Craig x3473 <tcraig@forthepeople.com>
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

***EXTERNAL***
Good morning, Molly,

We are preparing Darren Mott's document production, which we anticipate will be made by EOB today—a week ahead of his deposition. This is reasonable, especially since we did not receive Aaron Miller's document production until four days before his deposition.

We disagree that Mr. Mott's declaration runs afoul of Rule 26. Even if applicable at this stage in the litigation, his declaration meets the disclosure requirements of Rule 26(a)(2). *See, e.g.*, *Vox Mktg. Grp., LLC v. Prodigy Promos L.C.*, 521 F. Supp. 3d 1135, 1145 (D. Utah 2021) (rejecting defendants' argument that expert "should not be allowed to testify about" certain topics "because he did not produce [certain documents] with his expert report" and finding that, "[a]lthough Mr. Tucker's report must *disclose* the facts or data he considered, Rule 26 does not require him to *produce* the documents containing that factual material lest his report become so large and cumbersome that it is rendered useless" (emphasis in original)). This is underscored by the fact that Mr. Cooper invoked Rule 45 to obtain such documents from Mr. Mott. *See id.* ("Rule 26 does not require that [an expert] automatically produce all documents that he considered," and if defendants "want[ed] all the documents that Mr. Tucker considered, then they could have relied upon Fed. R. Civ. P. 45, among other mechanisms, to obtain them.").

In any event, at this juncture Plaintiffs are presenting Mr. Mott's declaration in support of their Article III standing to bring their suit, which Mr. Cooper has challenged factually. His declaration is not presented for purposes of plaintiffs' expert disclosures before trial, which disclosures and trial the Court has not even scheduled yet. The same goes for the declaration of Mary Frantz.

Also, please confirm you will get us Mr. Cooper's comments to the draft proposed ESI protocol this week. Thank you, Molly.

Best,
Ben

**From:** Bruce Steckler <Bruce@stecklerlaw.com>
**Sent:** Monday, March 3, 2025 11:06 AM
**To:** Molly Leiwant <MLeiwant@goodwinlaw.com>
**Cc:** Ben Stueve <ben.stueve@stuevesiegel.com>; Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com; gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; jkendall@kendalllawgroup.com; Kyle Tayman <KTayman@goodwinlaw.com>; Allison J. Schoenthal <ASchoenthal@goodwinlaw.com>; Thomas G. Yoxall <tyoxall@lockelord.com>; Taylor Levesque <Taylor.Levesque@lockelord.com>; Tammy Elizabeth Craig x3473 <tcraig@forthepeople.com>
**Subject:** Re: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

[EXTERNAL]

Molly:
I apologize. The depo will be at

Chestnut Cambronne PA
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401-2138
612.339.7300

Sent from my iPhone
Bruce W. Steckler
Steckler Wayne & Love PLLC
12720 Hillcrest Suite 1045
Dallas, Texas 75230
O: 972.387.4040
C: 214.208.3327
Offices: Dallas•Sherman•
East Texas
Bruce@stecklerlaw.com

On Mar 3, 2025, at 9:09 AM, Leiwant, Molly <MLeiwant@goodwinlaw.com> wrote:

Ben,

Please see attached Amended Notice of Deposition for Ms. Frantz, reflecting the March 18 date and location in Minneapolis.

Following up on the document productions, we did not receive the materials for Mr. Mott last week.  Given his deposition is a week away and the requests involved materials that should have been produced with his Report under Rule 26, please produce them today. Please also confirm that you will be producing the responsive materials for Ms. Frantz this week.

Best,
Molly

**From:** Ben Stueve <ben.stueve@stuevesiegel.com>
**Sent:** Wednesday, February 26, 2025 6:02 PM

**To:** Leiwant, Molly <MLeiwant@goodwinlaw.com>; Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com
**Cc:** gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; Bruce W. Steckler <Bruce@stecklerlaw.com>; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Yoxall, Thomas G. <tyoxall@lockelord.com>; Levesque, Taylor <Taylor.Levesque@lockelord.com>; Tammy Elizabeth Craig x3473 <tcraig@forthepeople.com>
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

***EXTERNAL***
Thank you, Molly. We plan to produce documents for Mr. Mott by the end of the week. We are also in the process of collecting documents for Mary Frantz for production ahead of her March 18 deposition.

---

**From:** Leiwant, Molly <MLeiwant@goodwinlaw.com>
**Sent:** Wednesday, February 26, 2025 3:28 PM
**To:** Ben Stueve <ben.stueve@stuevesiegel.com>; Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com
**Cc:** gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; Bruce W. Steckler <Bruce@stecklerlaw.com>; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Yoxall, Thomas G. <tyoxall@lockelord.com>; Levesque, Taylor <Taylor.Levesque@lockelord.com>; Tammy Elizabeth Craig x3473 <tcraig@forthepeople.com>
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

[EXTERNAL]

Counsel: please see attached Amended Notice of Deposition for Mr. Mott, reflecting the March 10, 2025 date, and location in Nashville.  In advance of the deposition, please confirm you will produce documents responsive to the subpoena to Mr. Mott, which are consistent with the obligations under FRCP Rule 26, by the end of this week.

Best,
Molly

---

**From:** Ben Stueve <ben.stueve@stuevesiegel.com>
**Sent:** Thursday, February 13, 2025 11:31 AM
**To:** Leiwant, Molly <MLeiwant@goodwinlaw.com>; Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com
**Cc:** gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; Bruce W. Steckler <Bruce@stecklerlaw.com>; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Yoxall, Thomas G. <tyoxall@lockelord.com>; Levesque, Taylor <Taylor.Levesque@lockelord.com>; Tammy Elizabeth Craig x3473 <tcraig@forthepeople.com>
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

***EXTERNAL***

Molly, Mr. Mott has a conflict on March 11, but he can be available on March 14. Does that work?

---

**From:** Leiwant, Molly <MLeiwant@goodwinlaw.com>
**Sent:** Thursday, February 13, 2025 10:03 AM
**To:** Ben Stueve <ben.stueve@stuevesiegel.com>; Norm Siegel <siegel@stuevesiegel.com>; jyanchunis@forthepeople.com
**Cc:** gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; Bruce W. Steckler <Bruce@stecklerlaw.com>; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Yoxall, Thomas G. <tyoxall@lockelord.com>; Levesque, Taylor <Taylor.Levesque@lockelord.com>; Tammy Elizabeth Craig x3473 <tcraig@forthepeople.com>
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

[EXTERNAL]

Ben: thank you for the information.  We may have a conflict on March 10—does Darren Mott have availability on Tuesday, March 11?

For Mary Frantz, March 18 works for Mr. Cooper.  We will follow up with a location in Minneapolis for the deposition.

Best,
Molly

---

**From:** Ben Stueve <ben.stueve@stuevesiegel.com>
**Sent:** Wednesday, February 12, 2025 4:57 PM
**To:** Norm Siegel <siegel@stuevesiegel.com>; Leiwant, Molly <MLeiwant@goodwinlaw.com>; jyanchunis@forthepeople.com
**Cc:** gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; Bruce W. Steckler <Bruce@stecklerlaw.com>; jkendall@kendalllawgroup.com; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Yoxall, Thomas G. <tyoxall@lockelord.com>; Levesque, Taylor <Taylor.Levesque@lockelord.com>; Tammy Elizabeth Craig x3473 <tcraig@forthepeople.com>
**Subject:** RE: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

***EXTERNAL***
Molly, Darren Mott is available on March 10 in Nashville.

---

**From:** Norm Siegel <siegel@stuevesiegel.com>
**Sent:** Tuesday, February 11, 2025 9:33 PM
**To:** Leiwant, Molly <MLeiwant@goodwinlaw.com>; jyanchunis@forthepeople.com
**Cc:** gklinger@milberg.com; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; Bruce W. Steckler <Bruce@stecklerlaw.com>; jkendall@kendalllawgroup.com; Ben Stueve <ben.stueve@stuevesiegel.com>; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Yoxall, Thomas G. <tyoxall@lockelord.com>; Levesque, Taylor

<Taylor.Levesque@lockelord.com>; Tammy Elizabeth Craig x3473 <tcraig@forthepeople.com>
**Subject:** Re: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

Molly, we are working on Mott and will get back to you tomorrow.

Thanks,
Norm

Norman E. Siegel
Stueve Siegel Hanson LLP

---

**From:** John Allen Yanchunis x2191 <JYanchunis@ForThePeople.com>
**Sent:** Tuesday, February 11, 2025 5:52:36 PM
**To:** Leiwant, Molly <MLeiwant@goodwinlaw.com>
**Cc:** gklinger@milberg.com <gklinger@milberg.com>; Norm Siegel <siegel@stuevesiegel.com>; Tanner Edwards <tanner@stuevesiegel.com>; AWolf@milberg.com <AWolf@milberg.com>; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com <RShimon@milberg.com>; Bruce W. Steckler <Bruce@stecklerlaw.com>; jkendall@kendalllawgroup.com <jkendall@kendalllawgroup.com>; Ben Stueve <ben.stueve@stuevesiegel.com>; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Yoxall, Thomas G. <tyoxall@lockelord.com>; Levesque, Taylor <Taylor.Levesque@lockelord.com>; Tammy Elizabeth Craig x3473 <tcraig@forthepeople.com>
**Subject:** Re: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

[EXTERNAL]

Molly, the dates I gave you in the email below for Mary were the dates she was available

# John Allen Yanchunis
**Attorney**
My Bio

**T:** (813) 275-5272
**F:** (813) 222-4736

201 N. Franklin St., 7th Floor,
Tampa, FL 33602

<image001.png>

$25B+ Recovered • 1,000+ Attorneys • 120+ Offices

A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.

> On Feb 11, 2025, at 3:27 PM, Leiwant, Molly <MLeiwant@goodwinlaw.com> wrote:
>
> John, does Ms. Frantz have availability the week prior, March 11-14? Also, could you please let us know Mr. Mott's availability?

23

Thank you,
Molly

---

**From:** John Allen Yanchunis x2191 <JYanchunis@ForThePeople.com>
**Sent:** Monday, February 10, 2025 1:52 PM
**To:** Leiwant, Molly <MLeiwant@goodwinlaw.com>
**Cc:** gklinger@milberg.com; Norm Siegel <siegel@stuevesiegel.com>; Tanner Edwards <tanner@stuevesiegel.com>; awolf@milberg.com; Ron Podolny x24013 <ronald.podolny@forthepeople.com>; RShimon@milberg.com; Bruce W. Steckler <Bruce@stecklerlaw.com>; jkendall@kendalllawgroup.com; Ben Stueve <ben.stueve@stuevesiegel.com>; Tayman, Kyle <KTayman@goodwinlaw.com>; Schoenthal, Allison J. <ASchoenthal@goodwinlaw.com>; Yoxall, Thomas G. <tyoxall@lockelord.com>; Levesque, Taylor <Taylor.Levesque@lockelord.com>; Tammy Elizabeth Craig x3473 <tcraig@forthepeople.com>
**Subject:** Re: *EXT*Cabezas v. Mr. Cooper, Case No. 3:23-cv-024530-N

***EXTERNAL***
Molly , Mary Frantz is available on  March 17 , 18 and 19 in Minneapolis where she resides . Let me know which oif these dates works for you .

## John Allen Yanchunis
**Attorney**
My Bio

**T:**  (813) 275-5272
**F:**  (813) 222-4736

201 N. Franklin St., 7th Floor,
Tampa, FL 33602

<image001.png>

$25B+ Recovered • 1,000+ Attorneys • 120+ Offices

A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.

On Feb 10, 2025, at 9:29 AM, Leiwant, Molly <MLeiwant@goodwinlaw.com> wrote:

**CAUTION:** Use caution when clicking on links or opening attachments in this external email.

Counsel:

Please see the attached Notices of a Subpoena for Documents to Equifax Inc., Experian Information Solutions Inc., Identify Theft Guard Solutions Inc., and TransUnion LLC, which relate to the

24

Declarations you filed in support of your Opposition to Mr. Cooper's
Motion to Dismiss.

Best,
Molly


**Molly L. Leiwant**


Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o  +1 212 459 7473
f  +1 212 656 1247
MLeiwant@goodwinlaw.com


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*
This message was sent from Goodwin Procter LLP and is
intended only for the designated recipient(s). It may contain
confidential or proprietary information and may be subject to
the attorney-client privilege or other confidentiality
protections. If you are not a designated recipient, you may not
review, copy or distribute this message. If you receive this in
error, please notify the sender by reply e-mail and delete this
message. Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is
addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure, or distribution is
prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original
message. Thank you.

<Cabezas - Amended Notice of Deposition to Mary T. Frantz.pdf>

# EXHIBIT A-5

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |
|---|---|
| JENNIFER CABEZAS, individually and on behalf of others similarly situated, | Case No. 3:23-CV-2453-N |
| Plaintiffs, | |
| v. | |
| MR. COOPER GROUP, INC. and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, | |
| Defendants. | |

## MR. COOPER'S SUPPLEMENTAL OBJECTIONS AND RESPONSES LIMITED TO CLASS CERTIFICATION DISCOVERY TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the July 23, 2025 Class Certification Scheduling Order (the "Order"), which stayed all discovery except regarding class certification, ECF No. 126 ¶ 3, Mr. Cooper[1] hereby provides these supplemental objections and responses to Nos. 12-23, 25, 28, 29, and 31-34 of Plaintiffs' Second Set of Requests for the Production of Documents, dated January 17, 2025 (the "Requests")[2]. The Requests were originally served on January 17, 2025, and Mr. Cooper provided its objections and responses on February 18, 2025. Per the parties' agreement by way of correspondence and by meet and confers held on July 31, 2025, August 19, 2025, and August 20, 2025, Plaintiffs have withdrawn certain of the Requests as not within the scope of the Court's Order limiting discovery to only class certification. Therefore, Mr. Cooper will only respond to these select Requests at this time, pursuant to the Order

---

[1] Nationstar Mortgage LLC d/b/a Mr. Cooper and Mr. Cooper Group, Inc., collectively "Mr. Cooper."

[2] Plaintiffs withdrew Request Nos. 10, 11, 24, 26, 27, 30, and 35.

MR. COOPER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION NOS. 12-23, 25, 28, 29, AND 31-34

and agreement of the Parties.

## PRELIMINARY STATEMENT

Mr. Cooper objects to the Requests as premature, unnecessary, unduly burdensome, and not proportional to the needs of the case at this time to the extent the Requests seek information that is unrelated to class certification and outside of the discovery permitted by the Court's Order at this time. *Id.*

Notwithstanding and without waiving any of the foregoing, Mr. Cooper responds to the Requests as follows. These responses and objections constitute "Confidential Information" subject to the Protective Order entered into by the Court on November 4, 2024. *See* ECF No. 82.

## <u>INITIAL OBJECTIONS & OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS</u>

1.    These Initial Objections and Objections to Instructions and Definitions are collected in one place for convenience only, so that objections that are generally applicable to Plaintiffs' Requests are not presented repeatedly. These Initial Objections should be interpreted as appearing in response to each Request.

2.    Mr. Cooper objects to the Definitions and Instructions contained in Plaintiffs' Requests to the extent that they are inconsistent with and/or purport to require any act not mandated by the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of Texas.

3.    Mr. Cooper objects to the Requests as untimely, premature, overly burdensome, and not proportional to the needs of the case at this time. Plaintiffs' Requests seek information regarding issues that are beyond the scope of the limited discovery permitted by the Order, such as discovery concerning the merits of Plaintiffs' underlying claims in this Action. Further, information sought through some of these Requests are irrelevant to Plaintiffs' needs for class

- 2 -

MR. COOPER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET
OF REQUESTS FOR PRODUCTION NOS. 12-23, 25, 28, 29, AND 31-34

App. 109

CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER

certification and will not be relevant until and if a class is certified in this Action.

4.    Mr. Cooper objects to the Definition of "Defendant," "You," "Your," "Your association," "Your organization," or "Mr. Cooper" as overly broad, vague, and unduly burdensome to the extent that the definition purports to encompass entities or individuals that are not within the control of Mr. Cooper, including persons or entities "purporting to act" on Mr. Cooper's behalf.  Mr. Cooper will interpret the Definition to mean only Mr. Cooper Group, Inc. and Nationstar Mortgage LLC d/b/a Mr. Cooper and will respond accordingly.

5.    Mr. Cooper objects to the Definition of "Class Member" as overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case to the extent it seeks information concerning "every" "Person whose PII and PHI was or may have been accessed, obtained, or compromised in the Data Breach" as no class has been certified in this Action, and Plaintiffs have not moved for class certification.  Mr. Cooper will only produce documents responsive to these Requests to the extent that those documents relate to the named plaintiffs in this Action.

6.    Mr. Cooper objects to the Definition of "Communication" on the grounds that it is overly broad, vague, and ambiguous and to the extent it seeks to impose obligations and/or is inconsistent with that term as it is defined or contemplated under the Federal Rules of Civil Procedure.

7.    Mr. Cooper objects to the Definition of "Data Security" as overly broad, vague, and unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms.  Mr. Cooper will instead interpret the phrase to have its ordinary and common meaning.

8.    Mr. Cooper objects to the Definition of "Document" and "Documents" on the

grounds that it is overly broad, vague, and ambiguous, and to the extent it seeks to impose obligations and/or is inconsistent with that term as it is defined or contemplated under the Federal Rules of Civil Procedure.

9.    Mr. Cooper objects to the definition of "ESI Protocol" as the parties have not agreed upon a "Stipulated Protocol."

10.    Mr. Cooper objects to the Definition of "Lockdown" as vague, ambiguous and imprecise, including to the extent it incorporates the term "Systems," which is itself vague, ambiguous and overly broad.  Mr. Cooper will instead interpret the term to refer to the Company's efforts to protect its customers and contain the impact of cybercriminals by proactively shutting down certain of its systems.

11.    Mr. Cooper objects to the Definition of "PHI" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that (i) it is non-exhaustive and itself contains numerous undefined and vague terms and broadly encompasses information such as demographic information that is not individually identifiable; and (ii) it seeks information not relevant to any claim or defense because Plaintiffs have not made any allegation in the Complaint that Mr. Cooper collected, stored, or maintained Plaintiffs' PHI.

12.    Mr. Cooper objects to the Definition of "PII" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms.  Mr. Cooper further objects to the term "PII" to the extent it purports to have any legal conclusion or significance.

13.    Mr. Cooper objects to the Definition of "System(s)" as overly broad, vague, unduly

- 4 -

MR. COOPER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET
OF REQUESTS FOR PRODUCTION NOS. 12-23, 25, 28, 29, AND 31-34

App. 111

burdensome, not relevant and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms that far exceed the common usage and understanding of "System."

14.     Mr. Cooper objects to Instruction No. 1 and its included definition of "Relevant Time Period" to the extent that it purports to require Mr. Cooper to produce documents from January 1, 2019 through the present.  Mr. Cooper does not agree to the period from January 1, 2019 through the present as a reasonable time period for discovery in this Action and objects to Plaintiffs' "Relevant Time Period" as overly broad and unduly burdensome to Mr. Cooper.  Mr. Cooper will produce data only for the time period from July 1, 2023 through January 17, 2025 unless otherwise noted.

15.     Mr. Cooper objects to Instruction No. 4, as there is no ESI Protocol in this action. Mr. Cooper will provide standard metadata for produced Documents to the extent such metadata exists.

16.     Mr. Cooper objects to Instruction No. 6 to the extent it purports to require Mr. Cooper to undertake any action beyond what is required under Fed. R. Civ. P. 34.  Mr. Cooper will comply with its obligations under Fed. R. Civ. P. 34(b)(2)(E).

17.     Mr. Cooper objects to Instruction No. 7 to the extent it purports to require Mr. Cooper to identify whether it is withholding any Documents in response to a Request that is not relevant to any claim or defense in this litigation.

18.     Mr. Cooper objects to Instruction No. 8 as a privilege log is unduly burdensome, and not proportional to the needs of the case at this time.  Further, the privilege log described by Instruction No. 8 exceeds the requirements of Fed. R. Civ. P. 26(b), by, *inter alia*, purporting to require Mr. Cooper to describe the "Person who signed the Document" and "all recipients" of a

- 5 -
MR. COOPER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET
OF REQUESTS FOR PRODUCTION NOS. 12-23, 25, 28, 29, AND 31-34

App. 112

Document or Communication included in the privilege log.  Mr. Cooper will fulfill its obligations to provide a log of any material withheld on the basis of privilege consistent with the Federal Rules of Civil Procedure.

19.    Mr. Cooper objects to Instruction No. 9 as beyond what is required under Fed. R. Civ. P. 34.

## SUPPLEMENTAL OBJECTIONS AND RESPONSES
## LIMITED TO CLASS CERTIFICATION DISCOVERY
## TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

Mr. Cooper objects and responds to each of the Requests, specifically reserving its rights to (i) supplement or amend its objections or responses at any time and for any reason, and (ii) raise and rely upon further objections that become apparent during the course of this Action, discovery, and/or responding to discovery.

**REQUEST FOR PRODUCTION NO. 12: All Documents or Communications relating in any way to the Named Plaintiffs, including but not limited to the contents of any files pertaining to the Named Plaintiffs, letters, alerts, notices, applications, agreements, contracts, digital recordings, ESI, audio recordings, or other records in their original form.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seek to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure.  Mr. Cooper objects to this Request as overly broad, unduly burdensome, and lacking in particularity to the extent it seeks (i) information "in any way" relating to the Named Plaintiffs, without limitation and (ii) "[a]ll Documents or Communications" responsive to this Request, without limitation.  *See Carpenter v. Twin City Fire Ins. Co.*, No. 3:23-CV-0769-N, 2024 WL 947589, at *3 (N.D. Tex. Mar. 4, 2024) ("blockbuster"

- 6 -
**MR. COOPER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET
OF REQUESTS FOR PRODUCTION NOS. 12-23, 25, 28, 29, AND 31-34**

App. 113

requests for "all documents and records" fail to meet Rule 34's requirement to "set forth with reasonable particularity the items or category of items sought") (quotations and citations omitted). Mr. Cooper further objects to this Request to the extent it is duplicative of other Requests, including Request No. 28. Mr. Cooper further objects to this Request to the extent that by requesting Documents and Communications "relating in any way to the Named Plaintiffs," it seeks the production of documents that are subject to the attorney work product and/or protected by the attorney-client privilege, bank examination privilege, self-examination privilege, or other applicable privileges and protections and are thus not subject to disclosure through discovery. Mr. Cooper further objects to this Request to the extent it seeks the production of documents that are already in Plaintiffs' possession, or are otherwise available from sources to which Plaintiffs already have access. Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome, and not proportional to the needs of the case at this time to the extent it seeks information regarding issues that are beyond the scope of the limited class certification discovery permitted by the Order, including because the Request seeks discovery (i) concerning the merits of Plaintiffs' underlying claims in this Action; (ii) that is irrelevant to Plaintiffs' needs for class certification; and (iii) of the Plaintiffs, and because Mr. Cooper's investigation remains ongoing.

Subject to and without waiving the foregoing objections, including to the extent that this Request remains premature at this time as class certification discovery remains ongoing and merits discovery has not yet begun, Mr. Cooper responds to Request No. 12 as follows. Mr. Cooper will produce non-privileged, responsive documents consisting of Named Plaintiffs' loan files and servicing records, PII impacted by the incident that occurred between October 30, 2023 and November 1, 2023 that is the subject matter of this dispute (the "Incident"), and communications with Mr. Cooper. Mr. Cooper will withhold other documents on the basis of the foregoing

- 7 -

**MR. COOPER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET
OF REQUESTS FOR PRODUCTION NOS. 12-23, 25, 28, 29, AND 31-34**

App. 114

objections, including to the extent that the Request seeks "all documents relating in any way to Named Plaintiffs." Mr. Cooper's discovery efforts and investigation remain ongoing, and it expressly reserves the right to supplement or amend its response.

**REQUEST FOR PRODUCTION NO. 13: All Documents relating to Your sale, exploitation, or use of Class Members' PII or PHI for profit, including the monetization of or exchange of that data for money, data, or other valuable consideration.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the definition of "Documents" on the grounds that it is overly broad, vague, and ambiguous and to the extent it seeks to impose obligations and/or is inconsistent with the term as it is defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to the Definition of "Your" as overly broad, vague, and unduly burdensome to the extent that the definition purports to encompass (i) subsidiaries, affiliates, and other corporate entities beyond those that are a party to the Action and identified in the complaint, and (ii) entities or individuals that are not within the control of Mr. Cooper, including persons or entities "purporting to act" on Mr. Cooper's behalf. Mr. Cooper further objects to the Definition of "PHI" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that (i) it is non-exhaustive and itself contains numerous undefined and vague terms and broadly encompasses information such as demographic information that is not individually identifiable; and (ii) it seeks information not relevant to any claim or defense because Plaintiffs have not made any allegation in the Complaint that Mr. Cooper collected, stored, or maintained Plaintiffs' PHI. Mr. Cooper objects to the Definition of "PII" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined

**MR. COOPER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION NOS. 12-23, 25, 28, 29, AND 31-34**

App. 115

and vague terms.  Mr. Cooper further objects to the term "PII" to the extent it purports to have any legal conclusion or significance.  Mr. Cooper objects to the terms "sale," "exploitation," and "monetization" as undefined, vague, and ambiguous in relation to this Request.  Mr. Cooper objects to this Request as overly broad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of this case to the extent it seeks "[a]ll Documents" relating to the "sale, exploitation, or use" of PII and PHI, without limitation.  *See Carpenter v. Twin City Fire Ins. Co.*, No. 3:23-CV-0769-N, 2024 WL 947589, at *3 (N.D. Tex. Mar. 4, 2024) ("blockbuster" requests for "all documents and records" fail to meet Rule 34's requirement to "set forth with reasonable particularity the items or category of items sought") (quotations and citations omitted).  Mr. Cooper objects to the Definition of "Class Member" as overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case to the extent it seeks information concerning "every" "Person whose PII and PHI was or may have been accessed, obtained, or compromised in the Data Breach" as no class has been certified in this Action, and Plaintiffs have not moved for class certification.  Mr. Cooper further objects to this Request as unduly burdensome, premature, not relevant, and not proportional to the needs of the case to the extent that it seeks the seeks discovery regarding "Class Members," who are not represented by Plaintiffs' Counsel and when no class has been certified in this Action, Plaintiffs have not moved for class certification, and the requested Documents and Communications do not concern the requirements for class certification.  Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome, and not proportional to the needs of the case at this time to the extent it seeks information regarding issues that are beyond the scope of the limited class certification discovery permitted by the Order, including because the Request seeks discovery (i) concerning the merits of Plaintiffs' underlying claims in this Action; (ii) that is irrelevant to

- 9 -
**MR. COOPER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET
OF REQUESTS FOR PRODUCTION NOS. 12-23, 25, 28, 29, AND 31-34**

App. 116

Plaintiffs' needs for class certification; and (iii) of the Plaintiffs, and because Mr. Cooper's investigation remains ongoing.

Subject to and without waiving the foregoing objections, including to the extent that this Request remains premature at this time as class certification discovery remains ongoing and merits discovery has not yet begun, Mr. Cooper responds to Request No. 13 as follows. After a reasonable and diligent search, Mr. Cooper does not have in its possession, custody, or control non-privileged, responsive documents concerning the "sale, exploitation, or use of Class Members' PII or PHI for profit." Further responding, Mr. Cooper directs Plaintiffs to its response to No. 17 of Plaintiffs' Interrogatories. Mr. Cooper's discovery efforts and investigation remain ongoing, and it expressly reserves the right to supplement or amend its response.

**REQUEST FOR PRODUCTION NO. 14**: Identify all Documents and Communications relating to Mr. Cooper's Data Security policies, protocols, and practices, including any changes to any such policies, protocols, and practices and the reasons for such changes. By way of example, and not exclusively, this Request includes any Documents concerning or discussing:

 a. Mr. Cooper's policies, procedures, directives, trainings, and manuals about Data Security, PII, or PHI;

 b. Mr. Cooper's implementation of hardware, software, or procedural mechanisms that record, log, and examine activity of systems in its System that contain, use, or transmit electronic PII or PHI;

 c. Mr. Cooper's policies, procedures, and protocols for guarding against, detecting, reporting, and blocking malicious software, including any whitelisting protocols;

 d. Mr. Cooper's policies, procedures, and protocols for monitoring log-in attempts, password changes, and suspicious activity relating to passwords;

 e. Mr. Cooper's policies, procedures, and protocols for creating, changing, cataloguing, logging, and safeguarding passwords;

 f. Mr. Cooper's collection, retention, or securing of PII or PHI, from any sources;

 g. Mr. Cooper's implementation of mechanisms (if any) to encrypt and decrypt electronic PII and PHI;

 h. The manner in which Mr. Cooper's Systems processed or stored PII and PHI at the time of the Data Breach;

 i. Mr. Cooper's efforts to monitor compliance with or enforce its Data Security measures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to this Request to the extent it is not a proper request for documents and appears to be an interrogatory in disguise to the extent it purports to require Mr. Cooper to "[i]dentify" Documents and Communications. Mr. Cooper further objects to this Request to the extent it is duplicative of other Requests, including Request No. 12. Mr. Cooper also objects to the Request as vague, ambiguous, and incomprehensible to the extent it constitutes multiple different topics and document requests in one. Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seek to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to the Definition of "Data Security" as overly broad, vague, and unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms. Mr. Cooper objects to the Definition of "PHI" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that (i) it is non-exhaustive and itself contains numerous undefined and vague terms and broadly encompasses information such as demographic information that is not individually identifiable; and (ii) it seeks information not relevant to any claim or defense because Plaintiffs have not made any allegation in the Complaint that Mr. Cooper collected, stored, or maintained Plaintiffs' PHI. Mr. Cooper objects to the Definition of "PII" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms. Mr. Cooper further objects to the term "PII" to the

extent it purports to have any legal conclusion or significance.  Mr. Cooper objects to the Definition of "System(s)" as overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms that far exceed the common usage and understanding of "System."  Mr. Cooper further objects to this Request as overly broad, unduly burdensome, and lacking in particularity to the extent (i) it seeks "[a]ll Documents and Communications" responsive to this Request, without limitation, and (ii) the enumerated and compound list of the types of documents purportedly sought do not bear any relation to a claim, defense, allegation, or event at issue in the Action.  *See Carpenter v. Twin City Fire Ins. Co.*, No. 3:23-CV-0769-N, 2024 WL 947589, at *3 (N.D. Tex. Mar. 4, 2024) ("blockbuster" requests for "all documents and records" fail to meet Rule 34's requirement to "set forth with reasonable particularity the items or category of items sought") (quotations and citations omitted).  Mr. Cooper objects to the terms "policies, protocols, and practices," "procedural mechanisms," "whitelisting protocols," and "suspicious activity" as undefined, vague, and ambiguous in relation to this Request.  Mr. Cooper further objects to this Request to the extent that by requesting "Mr. Cooper's efforts to monitor compliance with or enforce its Data Security measures," it seeks the production of documents that are subject to the attorney work product and/or protected by the attorney-client privilege, bank examination privilege, self-examination privilege, or other applicable privileges and protections and are thus not subject to disclosure through discovery.  Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome, and not proportional to the needs of the case at this time to the extent it seeks information regarding issues that are beyond the scope of the limited class certification discovery permitted by the Order, including because the Request seeks discovery (i) concerning the merits of Plaintiffs' underlying claims in this Action; (ii) that is irrelevant to

- 12 -
Mr. Cooper's Objections and Responses to Plaintiffs' Second Set
of Requests for Production Nos. 12-23, 25, 28, 29, and 31-34

App. 119

Plaintiffs' needs for class certification; and (iii) of the Plaintiffs, and because Mr. Cooper's investigation remains ongoing.

Subject to and without waiving the foregoing objections, including to the extent that this Request remains premature at this time as class certification discovery remains ongoing and merits discovery has not yet begun, Mr. Cooper responds to Request No. 14 as follows. Mr. Cooper will produce non-privileged, responsive documents consisting of Mr. Cooper's data security policies and procedures in effect at the time of the Incident. Mr. Cooper's discovery efforts and investigation remain ongoing, and it expressly reserves the right to supplement or amend its response.

**REQUEST FOR PRODUCTION NO. 15: All Documents and Communications relating to internal or external assessments or audits (formal or informal) of Mr. Cooper's Data Security measures, including any findings, concerns, required actions, recommendations, conclusions, or follow-up, and the categories of Documents generated as a result.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seek to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to the terms "assessments," "audits," and "measures" as undefined, vague, and ambiguous in relation to this Request. Mr. Cooper objects to this Request as overly broad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of this case to the extent it seeks "[a]ll Documents" relating to the "internal or external assessments or audits," without limitation. *See Carpenter v. Twin City Fire Ins. Co.*, No. 3:23-CV-0769-N, 2024 WL 947589, at *3 (N.D. Tex. Mar. 4, 2024) ("blockbuster" requests for "all documents and records" fail to meet Rule 34's

requirement to "set forth with reasonable particularity the items or category of items sought") (quotations and citations omitted). Mr. Cooper objects to the Definition of "Data Security" as overly broad, vague, and unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms. Mr. Cooper also objects to this Request as duplicative of other Requests, including Request Nos. 20 and 25. Mr. Cooper objects to this Request to the extent that by requesting "any findings, concerns, required actions, recommendations, conclusions, or follow-up" identified in relation to said assessments or audits, this Request seeks the production of documents that are subject to the attorney work product and/or protected by the attorney-client privilege, bank examination privilege, self-examination privilege, or other applicable privileges and protections and are thus not subject to disclosure through discovery. Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome, and not proportional to the needs of the case at this time to the extent it seeks information regarding issues that are beyond the scope of the limited class certification discovery permitted by the Order, including because the Request seeks discovery (i) concerning the merits of Plaintiffs' underlying claims in this Action; (ii) that is irrelevant to Plaintiffs' needs for class certification; and (iii) of the Plaintiffs, and because Mr. Cooper's investigation remains ongoing.

Based on the foregoing objections, Mr. Cooper will not produce documents in response to Request No. 15 at this time. Subject to and without waiving the foregoing objections, Mr. Cooper is willing to meet and confer with Plaintiffs concerning the scope of this Request.

**REQUEST FOR PRODUCTION NO. 16:** **All Documents and Communications relating to Mr. Cooper's contingency plans, if any, in the event of a data breach of either its Systems or the Systems of Vendor subcontractors or third parties who receive or transmit PII or PHI to or from Mr. Cooper.**

- 14 -

MR. COOPER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET
OF REQUESTS FOR PRODUCTION NOS. 12-23, 25, 28, 29, AND 31-34

App. 121

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seek to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper further objects to the Definition of "PHI" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that (i) it is non-exhaustive and itself contains numerous undefined and vague terms and broadly encompasses information such as demographic information that is not individually identifiable; and (ii) it seeks information not relevant to any claim or defense because Plaintiffs have not made any allegation in the Complaint that Mr. Cooper collected, stored, or maintained Plaintiffs' PHI. Mr. Cooper objects to the Definition of "PII" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms. Mr. Cooper further objects to the term "PII" to the extent it purports to have any legal conclusion or significance. Mr. Cooper objects to the term "contingency plan" as undefined, vague, and ambiguous in relation to this Request. Mr. Cooper objects to this Request as overly broad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of this case to the extent it seeks "[a]ll Documents and Communications" relating to the "Mr. Cooper's contingency plans," without limitation. *See Carpenter v. Twin City Fire Ins. Co.*, No. 3:23-CV-0769-N, 2024 WL 947589, at *3 (N.D. Tex. Mar. 4, 2024) ("blockbuster" requests for "all documents and records" fail to meet Rule 34's requirement to "set forth with reasonable particularity the items or category of items sought")

- 15 -

**MR. COOPER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET
OF REQUESTS FOR PRODUCTION NOS. 12-23, 25, 28, 29, AND 31-34**

App. 122

(quotations and citations omitted). Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome, and not proportional to the needs of the case at this time to the extent it seeks information regarding issues that are beyond the scope of the limited class certification discovery permitted by the Order, including because the Request seeks discovery (i) concerning the merits of Plaintiffs' underlying claims in this Action; (ii) that is irrelevant to Plaintiffs' needs for class certification; and (iii) of the Plaintiffs, and because Mr. Cooper's investigation remains ongoing.

Subject to and without waiving the foregoing objections, including to the extent that this Request remains premature at this time as class certification discovery remains ongoing and merits discovery has not yet begun, Mr. Cooper responds to Request No. 16 as follows. Mr. Cooper will produce non-privileged, responsive documents consisting of its information technology continuity plan in the event of breach of its Systems that was in effect at the time of the Incident. Mr. Cooper's discovery efforts and investigation remain ongoing, and it expressly reserves the right to supplement or amend its response.

**REQUEST FOR PRODUCTION NO. 17:** Documents sufficient to Identify the structure, architecture, and interconnectivity of the portion(s) of Your computer System accessed in or related to the Systems involved in the Breach, including maps, diagrams, and charts including those portions of the computer System.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Documents" on the grounds that it is overly broad, vague, and ambiguous and to the extent it seeks to impose obligations and/or is inconsistent with the term as it is defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to the Definition of "Identify" as vague and ambiguous, and to the extent it seeks to impose obligations not contemplated by or required under the Federal Rules of Civil Procedure.

Mr. Cooper objects to the Definition of "System(s)" as overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms that far exceed the common usage and understanding of "System." Mr. Cooper objects to the Definition of "Your" as overly broad, vague, and unduly burdensome to the extent that it purports to encompass (i) subsidiaries, affiliates, and other corporate entities beyond those that are a party to the Action and identified in the complaint, and (ii) entities or individuals that are not within the control of Mr. Cooper, including persons or entities "purporting to act" on Mr. Cooper's behalf. Mr. Cooper also objects to the terms "structure," "architecture," "interconnectivity," "maps," "diagrams," "charts," and "computer system" as undefined, vague, and ambiguous in relation to this Request. Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome, and not proportional to the needs of the case at this time to the extent it seeks information regarding issues that are beyond the scope of the limited class certification discovery permitted by the Order, including because the Request seeks discovery (i) concerning the merits of Plaintiffs' underlying claims in this Action; (ii) that is irrelevant to Plaintiffs' needs for class certification; and (iii) of the Plaintiffs, and because Mr. Cooper's investigation remains ongoing.

Based on the foregoing objections, Mr. Cooper will not produce documents in response to Request No. 17 at this time. Subject to and without waiving the foregoing objections, Mr. Cooper is willing to meet and confer with Plaintiffs concerning the scope of this Request.

**REQUEST FOR PRODUCTION NO. 18:** Documents sufficient to determine Your annual budget and how much You actually spent on Data Security for each year during the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

In addition to the foregoing Initial Objections and Objections to Definitions and

Instructions, Mr. Cooper objects to the Definition of "Documents" on the grounds that it is overly broad, vague, and ambiguous and to the extent it seeks to impose obligations and/or are inconsistent with the term as it is defined or contemplated under the Federal Rules of Civil Procedure.  Mr. Cooper objects to the Definitions of "You" and "Your" as overly broad, vague, and unduly burdensome to the extent that the definitions purport to encompass (i) subsidiaries, affiliates, and other corporate entities beyond those that are a party to the Action and identified in the complaint, and (ii) entities or individuals that are not within the control of Mr. Cooper, including persons or entities "purporting to act" on Mr. Cooper's behalf.  Mr. Cooper objects to the Definition of "Data Security" as overly broad, vague, and unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms.  Mr. Cooper objects to the terms "budget," "actually," and "spent" as undefined, vague, and ambiguous in relation to this Request.  Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome, and not proportional to the needs of the case at this time to the extent it seeks information regarding issues that are beyond the scope of the limited class certification discovery permitted by the Order, including because the Request seeks discovery (i) concerning the merits of Plaintiffs' underlying claims in this Action; (ii) that is irrelevant to Plaintiffs' needs for class certification; and (iii) of the Plaintiffs, and because Mr. Cooper's investigation remains ongoing.

Based on the foregoing objections, Mr. Cooper will not produce documents in response to Request No. 18 at this time.  Subject to and without waiving the foregoing objections, Mr. Cooper is willing to meet and confer with Plaintiffs concerning the scope of this Request.

**REQUEST FOR PRODUCTION NO. 19: All Documents and Communications relating to the Data Breach, including, but not limited to Documents and Communications identifying or reflecting the Systems breached, compromised, accessible, or viewable by the unauthorized users in the Data Breach; any PII or PHI accessed, compromised, exposed or**

- 18 -
MR. COOPER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET
OF REQUESTS FOR PRODUCTION NOS. 12-23, 25, 28, 29, AND 31-34

App. 125

obtained by the unauthorized users in the Data Breach; Mr. Cooper's knowledge of and response to the Data Breach, including the sources of Mr. Cooper's knowledge; and any notifications or claims and non-privileged Communications made to any third parties (including insurance carriers, customers, investors, governmental agencies, regulators, corporate partners, and/or other contractors/Vendors) related to the Data Breach and Documents related to or reflecting such Communications.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seek to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to the Definition of "PHI" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that (i) it is non-exhaustive and itself contains numerous undefined and vague terms and broadly encompasses information such as demographic information that is not individually identifiable; and (ii) it seeks information not relevant to any claim or defense because Plaintiffs have not made any allegation in the Complaint that Mr. Cooper collected, stored, or maintained Plaintiffs' PHI. Mr. Cooper objects to the Definition of "PII" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms. Mr. Cooper further objects to the term "PII" to the extent it purports to have any legal conclusion or significance. Mr. Cooper objects to the Definition of "System(s)" as overly broad, vague, unduly burdensome, not relevant and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms that far exceed the common usage and understanding of "System." Mr. Cooper objects to this Request as overly broad, unduly burdensome, not relevant to any claim or defense, and not

- 19 -

MR. COOPER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET
OF REQUESTS FOR PRODUCTION NOS. 12-23, 25, 28, 29, AND 31-34

App. 126

proportional to the needs of this case to the extent it seeks "[a]ll Documents and Communications" relating to the "Data Breach," without limitation. *See Carpenter v. Twin City Fire Ins. Co.*, No. 3:23-CV-0769-N, 2024 WL 947589, at *3 (N.D. Tex. Mar. 4, 2024) ("blockbuster" requests for "all documents and records" fail to meet Rule 34's requirement to "set forth with reasonable particularity the items or category of items sought") (quotations and citations omitted).  Mr. Cooper objects to the Request as vague, ambiguous, and incomprehensible to the extent it constitutes multiple different topics and document requests in one.  Mr. Cooper further objects to the terms "compromised" and "unauthorized users" as undefined, vague, and ambiguous in relation to this Request.  Mr. Cooper further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 12, 20, 21, and 28.  Mr. Cooper further objects to this Request as unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that by purporting to request the production of Documents and Communications related to "customers," it seeks discovery not relevant to any claim or defense in the Action as they are limited to the Plaintiffs' claims rather than any other individual or class of individuals who may or may not have been affected by the "Data Breach."  Mr. Cooper further objects to this Request to the extent it seeks the production of Documents and Communications that are already in Plaintiffs' possession, or are otherwise available from sources to which Plaintiffs already have access, including but not limited to documents reflecting communications to customers such as Plaintiffs.  Mr. Cooper further objects to this Request to the extent it seeks Documents and Communications that may concern confidential government communications related to the "Data Breach."  Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome, and not proportional to the needs of the case at this time to the extent it seeks information regarding issues that are beyond the scope of the limited class certification discovery

- 20 -

MR. COOPER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET
OF REQUESTS FOR PRODUCTION NOS. 12-23, 25, 28, 29, AND 31-34

App. 127

permitted by the Order, including because the Request seeks discovery (i) concerning the merits of Plaintiffs' underlying claims in this Action; (ii) that is irrelevant to Plaintiffs' needs for class certification; and (iii) of the Plaintiffs, and because Mr. Cooper's investigation remains ongoing.

Subject to and without waiving the foregoing objections, including to the extent that this Request remains premature at this time as class certification discovery remains ongoing and merits discovery has not yet begun, Mr. Cooper responds to Request No. 19 as follows. Mr. Cooper will produce non-privileged, responsive documents sufficient to indicate the systems that were compromised by the Incident, the types of PII affected by the Incident, and how Mr. Cooper responded to the Incident, beginning from when it first learned of the Incident through when it had resumed normal operations. Mr. Cooper's discovery efforts and investigation remain ongoing, and it expressly reserves the right to supplement or amend its response.

**REQUEST FOR PRODUCTION NO. 20: All Documents and Communications relating to all investigations conducted by You or on Your behalf regarding the Data Breach and the steps (if any) You took to protect customers and their PII and/or PHI in response to the Data Breach, including any investigations, reports, forensic reports, executive summaries, analyses, audits or other records created or prepared by You or any third-party consultant, expert, forensic firm, or other entity.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seek to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper also objects to this Request as overly broad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of this case to the extent it seeks "[a]ll Documents and Communications," without limitation. *See Carpenter v. Twin City Fire Ins. Co.*, No. 3:23-CV-0769-N, 2024 WL 947589, at

- 21 -

MR. COOPER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET
OF REQUESTS FOR PRODUCTION NOS. 12-23, 25, 28, 29, AND 31-34

App. 128

*3 (N.D. Tex. Mar. 4, 2024) ("blockbuster" requests for "all documents and records" fail to meet Rule 34's requirement to "set forth with reasonable particularity the items or category of items sought") (quotations and citations omitted).  Mr. Cooper objects to the Definitions of "You" and "Your" as overly broad, vague, and unduly burdensome to the extent that the definitions purport to encompass (i) subsidiaries, affiliates, and other corporate entities beyond those that are a party to the Action and identified in the complaint, and (ii) entities or individuals that are not within the control of Mr. Cooper, including persons or entities "purporting to act" on Mr. Cooper's behalf. Mr. Cooper further objects to the Definition of "PHI" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that (i) it is non-exhaustive and itself contains numerous undefined and vague terms and broadly encompasses information such as demographic information that is not individually identifiable; and (ii) it seeks information not relevant to any claim or defense because Plaintiffs have not made any allegation in the Complaint that Mr. Cooper collected, stored, or maintained Plaintiffs' PHI. Mr. Cooper objects to the Definition of "PII" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms.  Mr. Cooper further objects to the term "PII" to the extent it purports to have any legal conclusion or significance.  Mr. Cooper further objects to this Request to the extent that by requesting "Documents and Communications relating to the all investigations conducted by You or on Your behalf regarding the Data Breach," it seeks the production of documents that are subject to the attorney work product and/or protected by the attorney-client privilege, bank examination privilege, self-examination privilege, or other applicable privileges and protections and are thus not subject to disclosure through discovery.  Mr. Cooper further objects to this Request to the extent it is

duplicative of other Requests, including Request Nos. 19 and 21. Mr. Cooper further objects to this Request as unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that by purporting to request the production of Documents related to "the steps (if any) You took to protect customers and their PII and/or PHI," it seeks discovery regarding non-party putative class members, who are not represented by Plaintiffs' Counsel and when no class has been certified in this Action, Plaintiffs have not moved for class certification, and the requested Documents and Communications do not concern the requirements for class certification. Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome, and not proportional to the needs of the case at this time to the extent it seeks information regarding issues that are beyond the scope of the limited class certification discovery permitted by the Order, including because the Request seeks discovery (i) concerning the merits of Plaintiffs' underlying claims in this Action; (ii) that is irrelevant to Plaintiffs' needs for class certification; and (iii) of the Plaintiffs, and because Mr. Cooper's investigation remains ongoing.

Subject to and without waiving the foregoing objections, including to the extent that this Request remains premature at this time as class certification discovery remains ongoing and merits discovery has not yet begun, Mr. Cooper responds to Request No. 20 as follows. Mr. Cooper agrees to produce the non-privileged, responsive documents identified in its response to No. 10 of Plaintiffs' Interrogatories. Mr. Cooper's discovery efforts and investigation remain ongoing, and it expressly reserves the right to supplement or amend its response.

**REQUEST FOR PRODUCTION NO. 21: All Documents and Communications relating to the Lockdown, including but not limited to those concerning Mr. Cooper's decision to initiate the Lockdown, the duration of the Lockdown, missed loan payments during the Lockdown, any fees or penalties Mr. Cooper assessed or collected related to the Lockdown, any credit reporting by Mr. Cooper related to the Lockdown, and any other Document or Communication that reflects or discusses the impact of the Lockdown on any of Your customers or the customers of Your clients.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seek to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper further objects to the Definition of "Lockdown" as vague, ambiguous and imprecise, including to the extent it incorporates the term "Systems," which is itself vague, ambiguous and overly broad. Mr. Cooper further objects to the terms "loan payments," "customers," "clients," and "reporting" as undefined, vague, and ambiguous in relation to this Request. Mr. Cooper objects to this Request as overly broad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of this case to the extent it seeks "[a]ll Documents and Communications," without limitation. *See Carpenter v. Twin City Fire Ins. Co.*, No. 3:23-CV-0769-N, 2024 WL 947589, at *3 (N.D. Tex. Mar. 4, 2024) ("blockbuster" requests for "all documents and records" fail to meet Rule 34's requirement to "set forth with reasonable particularity the items or category of items sought") (quotations and citations omitted). Mr. Cooper further objects to this Request to the extent that by requesting "Documents and Communications relating to the Lockdown," it seeks the production of documents that are subject to the attorney work product and/or protected by the attorney-client privilege, bank examination privilege, self-examination privilege, or other applicable privileges and protections and are thus not subject to disclosure through discovery. Mr. Cooper objects to the Definition of "Your" as overly broad, vague, and unduly burdensome to the extent that the definition purports to encompass (i) subsidiaries, affiliates, and other corporate entities beyond those that are a party to the Action and identified in the complaint, and (ii) entities or individuals

that are not within the control of Mr. Cooper, including persons or entities "purporting to act" on Mr. Cooper's behalf. Mr. Cooper further objects to this Request as duplicative of other Requests, including Request Nos. 19 and 20. Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome, and not proportional to the needs of the case at this time to the extent it seeks information regarding issues that are beyond the scope of the limited class certification discovery permitted by the Order, including because the Request seeks discovery (i) concerning the merits of Plaintiffs' underlying claims in this Action; (ii) that is irrelevant to Plaintiffs' needs for class certification; and (iii) of the Plaintiffs, and because Mr. Cooper's investigation remains ongoing.

Subject to and without waiving the foregoing objections, including to the extent that this Request remains premature at this time as class certification discovery remains ongoing and merits discovery has not yet begun, Mr. Cooper responds to Request No. 21 as follows. Mr. Cooper will produce non-privileged, responsive documents concerning its customer-facing communications, microsite and social media, and posts that Mr. Cooper shared with customers, including documents sufficient to identify its adopted policy for addressing possible missed loan payments, any fees or late penalties, credit reporting, or other impact to Mr. Cooper customers.

**REQUEST FOR PRODUCTION NO. 22: All Documents and Communications relating to any Data Security changes Mr. Cooper implemented or planned to implement as a result of the Data Breach.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seek to impose obligations and/or are inconsistent with those terms as they are defined or

- 25 -

**MR. COOPER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET
OF REQUESTS FOR PRODUCTION NOS. 12-23, 25, 28, 29, AND 31-34**

App. 132

contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to this Request as overly broad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of this case to the extent it seeks "[a]ll Documents and Communications," without limitation. *See Carpenter v. Twin City Fire Ins. Co.*, No. 3:23-CV-0769-N, 2024 WL 947589, at \*3 (N.D. Tex. Mar. 4, 2024) ("blockbuster" requests for "all documents and records" fail to meet Rule 34's requirement to "set forth with reasonable particularity the items or category of items sought") (quotations and citations omitted). Mr. Cooper objects to this Request as duplicative of other Requests, including Request No. 14. Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome, and not proportional to the needs of the case at this time to the extent it seeks information regarding issues that are beyond the scope of the limited class certification discovery permitted by the Order, including because the Request seeks discovery (i) concerning the merits of Plaintiffs' underlying claims in this Action; (ii) that is irrelevant to Plaintiffs' needs for class certification; and (iii) of the Plaintiffs, and because Mr. Cooper's investigation remains ongoing.

Based on the foregoing objections, Mr. Cooper will not produce documents in response to Request No. 22 at this time. Subject to and without waiving the foregoing objections, Mr. Cooper is willing to meet and confer with Plaintiffs concerning the scope of this Request.

**REQUEST FOR PRODUCTION NO. 23: All Documents and Communications provided by Mr. Cooper to or exchanged between Mr. Cooper and any insurers, regulators, attorney generals' offices, or any other governmental entities regarding the Data Breach.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent

- 26 -
**MR. COOPER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET
OF REQUESTS FOR PRODUCTION NOS. 12-23, 25, 28, 29, AND 31-34**

App. 133

they seek to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to this Request as overly broad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of this case to the extent it seeks "[a]ll Documents and Communications," without limitation. *See Carpenter v. Twin City Fire Ins. Co.*, No. 3:23-CV-0769-N, 2024 WL 947589, at *3 (N.D. Tex. Mar. 4, 2024) ("blockbuster" requests for "all documents and records" fail to meet Rule 34's requirement to "set forth with reasonable particularity the items or category of items sought") (quotations and citations omitted). Mr. Cooper objects to this Request as duplicative of other Requests, including Request No. 19. Mr. Cooper objects to the Request as vague, ambiguous, and incomprehensible to the extent it constitutes multiple different topics and document requests in one. Mr. Cooper further objects to this Request to the extent it seeks the production of Documents and Communications that are already in Plaintiffs' possession, or are otherwise available from sources to which Plaintiffs already have access, including but not limited to documents reflecting communications to customers such as Plaintiffs. Mr. Cooper further objects to this Request to the extent it seeks Documents and Communications that may concern confidential government communications related to the "Data Breach." Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome, and not proportional to the needs of the case at this time to the extent it seeks information regarding issues that are beyond the scope of the limited class certification discovery permitted by the Order, including because the Request seeks discovery (i) concerning the merits of Plaintiffs' underlying claims in this Action; (ii) that is irrelevant to Plaintiffs' needs for class certification; and (iii) of the Plaintiffs, and because Mr. Cooper's investigation remains ongoing.

Based on the foregoing objections, Mr. Cooper will not produce documents in response to

Request No. 23 at this time.  Subject to and without waiving the foregoing objections, Mr. Cooper

is willing to meet and confer with Plaintiffs concerning the scope of this Request.

**REQUEST FOR PRODUCTION NO. 25: All Documents and Communications relating to any prior data security incidents in which PII, PHI, or other confidential records collected, obtained, stored, maintained, or transmitted by You or Your Vendors was actually accessed, obtained, exposed, or compromised or was attempted to be accessed, obtained, exposed, or compromised, including regarding any prior or current complaints, lawsuits, or administrative or other governmental investigations or actions involving You concerning claims related to data security or similar to those at issue in this litigation. This document request includes any post-breach forensic or other reports issued after data breaches or cyber security incidents.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

In addition to the foregoing Initial Objections and Objections to Definitions and

Instructions, Mr. Cooper objects to the Definition of "Communications" and the Definition of

"Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent

they seek to impose obligations and/or are inconsistent with those terms as they are defined or

contemplated under the Federal Rules of Civil Procedure.  Mr. Cooper objects to the Definitions

of "You" and "Your" as overly broad, vague, and unduly burdensome to the extent that the

definitions purport to encompass (i) subsidiaries, affiliates, and other corporate entities beyond

those that are a party to the Action and identified in the complaint, and (ii) entities or individuals

that are not within the control of Mr. Cooper, including persons or entities "purporting to act" on

Mr. Cooper's behalf.  Mr. Cooper objects to the Definition of "PHI" as improper, overly broad,

vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including

to the extent that (i) it is non-exhaustive and itself contains numerous undefined and vague terms

and broadly encompasses information such as demographic information that is not individually

identifiable; and (ii) it seeks information not relevant to any claim or defense because Plaintiffs

have not made any allegation in the Complaint that Mr. Cooper collected, stored, or maintained

- 28 -
**MR. COOPER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET
OF REQUESTS FOR PRODUCTION NOS. 12-23, 25, 28, 29, AND 31-34**

App. 135

PHI.  Mr. Cooper objects to the Definition of "PII" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms.  Mr. Cooper further objects to the term "PII" to the extent it purports to have any legal conclusion or significance.  Mr. Cooper also objects to the terms "data security incidents" and "confidential records" as undefined, vague, and ambiguous in relation to this Request. Mr. Cooper objects to this Request as vague, ambiguous, and incomprehensible to the extent it constitutes multiple different topics and document requests in one.  Mr. Cooper objects to this Request as overly broad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of this case to the extent it seeks "[a]ll Documents and Communications," without limitation.  *See Carpenter v. Twin City Fire Ins. Co.*, No. 3:23-CV-0769-N, 2024 WL 947589, at *3 (N.D. Tex. Mar. 4, 2024) ("blockbuster" requests for "all documents and records" fail to meet Rule 34's requirement to "set forth with reasonable particularity the items or category of items sought") (quotations and citations omitted).  Mr. Cooper further objects to this Request to the extent it seeks the production of Documents and Communications that are already in Plaintiffs' possession, or are otherwise available from sources to which Plaintiffs already have access, including but not limited to Documents that would show the date, method, and contents of notifications of any prior data security incident warranting such notification.  Mr. Cooper similarly objects to this Request to the extent that by requesting "any prior or current complaints[ and] lawsuits," Mr. Cooper seeks the production of Documents and Communications that are publicly available to Plaintiffs.  Mr. Cooper further objects to this Request to the extent that by requesting "Documents and Communications relating to any prior data security incidents," it seeks the production of documents that are subject to the attorney work product and/or protected by the attorney-client

privilege, bank examination privilege, self-examination privilege, or other applicable privileges and protections and are thus not subject to disclosure through discovery.  Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome, and not proportional to the needs of the case at this time to the extent it seeks information regarding issues that are beyond the scope of the limited class certification discovery permitted by the Order, including because the Request seeks discovery (i) concerning the merits of Plaintiffs' underlying claims in this Action; (ii) that is irrelevant to Plaintiffs' needs for class certification; and (iii) of the Plaintiffs, and because Mr. Cooper's investigation remains ongoing.

Subject to and without waiving the foregoing objections, including to the extent that this Request remains premature at this time as class certification discovery remains ongoing and merits discovery has not yet begun, Mr. Cooper responds to Request No. 25 as follows. After a reasonable and diligent search, Mr. Cooper does not have in its possession, custody, or control non-privileged, responsive documents concerning prior data security incidents at Mr. Cooper.  Mr. Cooper's discovery efforts and investigation remain ongoing, and it expressly reserves the right to supplement or amend its response.

**REQUEST FOR PRODUCTION NO. 28: All Documents and Communications identifying or reflecting the types of PII and PHI that Mr. Cooper collected, stored, and maintained at the time of the Data Breach, including but not limited to Documents sufficient to show what types of information were compromised in the Data Breach for each individual whose PII and PHI was accessed, compromised, exposed, or obtained, the format in which that information was stored, and the total number of individual records accessed, compromised, exposed, or obtained.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent

- 30 -

MR. COOPER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET
OF REQUESTS FOR PRODUCTION NOS. 12-23, 25, 28, 29, AND 31-34

App. 137

they seek to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to the Definition of "PHI" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that (i) it is non-exhaustive and itself contains numerous undefined and vague terms and broadly encompasses information such as demographic information that is not individually identifiable; and (ii) it seeks information not relevant to any claim or defense because Plaintiffs have not made any allegation in the Complaint that Mr. Cooper collected, stored, or maintained Plaintiffs' PHI. Mr. Cooper objects to the Definition of "PII" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms. Mr. Cooper further objects to the term "PII" to the extent it purports to have any legal conclusion or significance. Mr. Cooper objects to this Request as overly broad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of this case to the extent it seeks "[a]ll Documents and Communications," without limitation. *See Carpenter v. Twin City Fire Ins. Co.*, No. 3:23-CV-0769-N, 2024 WL 947589, at *3 (N.D. Tex. Mar. 4, 2024) ("blockbuster" requests for "all documents and records" fail to meet Rule 34's requirement to "set forth with reasonable particularity the items or category of items sought") (quotations and citations omitted). Mr. Cooper further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 12, 19, and 29. Mr. Cooper further objects to this Request as unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that by purporting to request the production of Documents related to "each individual whose PII and PHI was accessed," it seeks discovery regarding non-party putative class members, who are not represented by Plaintiffs' Counsel and when no class has been certified in this Action, Plaintiffs

have not moved for class certification, and the requested Documents and Communications do not concern the requirements for class certification.  Mr. Cooper further objects to this Request to the extent that by requesting "Documents and Communications identifying or reflecting the types of PII and PHI that Mr. Cooper collected, stored, and maintained at the time of the Data Breach," it seeks the production of documents that are subject to the attorney work product and/or protected by the attorney-client privilege, bank examination privilege, self-examination privilege, or other applicable privileges and protections and are thus not subject to disclosure through discovery.  Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome, and not proportional to the needs of the case at this time to the extent it seeks information regarding issues that are beyond the scope of the limited class certification discovery permitted by the Order, including because the Request seeks discovery (i) concerning the merits of Plaintiffs' underlying claims in this Action; (ii) that is irrelevant to Plaintiffs' needs for class certification; and (iii) of the Plaintiffs, and because Mr. Cooper's investigation remains ongoing.

Subject to and without waiving the foregoing objections, including to the extent that this Request remains premature at this time as class certification discovery remains ongoing and merits discovery has not yet begun, Mr. Cooper responds to Request No. 28 as follows.  Mr. Cooper will produce non-privileged, responsive documents sufficient to show the types of PII affected by the Incident and the total number of individuals associated with the impacted data, and directs Plaintiffs to its production on August 15, 2025 at MRC_Cabezas_000644884.  Mr. Cooper's discovery efforts and investigation remain ongoing, and it expressly reserves the right to supplement or amend its response.

**REQUEST FOR PRODUCTION NO. 29: All Documents and Communications sufficient to identify the number of individuals whose PII or PHI were collected, stored, and maintained by Mr. Cooper and the manner in which Mr. Cooper notified those individuals about the Data Breach, including but not limited to any notice(s) Mr. Cooper provided concerning the**

- 32 -

MR. COOPER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET
OF REQUESTS FOR PRODUCTION NOS. 12-23, 25, 28, 29, AND 31-34

App. 139

**Data Breach, Documents sufficient to determine the date(s) such notice was given, the manner in which the notice was presented, the methodology used to identify the individuals whose information was compromised in the Data Breach, and Documents sufficient to identify the number of individuals whose PII or PHI was compromised in the Data Breach, in total and for each U.S. state and territory.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seek to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to the Definition of "PHI" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that (i) it is non-exhaustive and itself contains numerous undefined and vague terms and broadly encompasses information such as demographic information that is not individually identifiable; and (ii) it seeks information not relevant to any claim or defense because Plaintiffs have not made any allegation in the Complaint that Mr. Cooper collected, stored, or maintained Plaintiffs' PHI. Mr. Cooper objects to the Definition of "PII" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms. Mr. Cooper further objects to the term "PII" to the extent it purports to have any legal conclusion or significance. Mr. Cooper to this Request as vague, ambiguous, and incomprehensible to the extent it constitutes multiple different topics and document requests in one. Mr. Cooper objects to this Request as overly broad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of this case to the extent it seeks "[a]ll Documents and Communications," without limitation. *See Carpenter v. Twin City Fire Ins. Co.*,

No. 3:23-CV-0769-N, 2024 WL 947589, at *3 (N.D. Tex. Mar. 4, 2024) ("blockbuster" requests for "all documents and records" fail to meet Rule 34's requirement to "set forth with reasonable particularity the items or category of items sought") (quotations and citations omitted).  Mr. Cooper objects to the term "notice" as undefined, vague, and ambiguous in relation to this Request. Mr. Cooper further objects to this Request to the extent it is duplicative of other Requests, including Request No. 28.  Mr. Cooper further objects to this Request as unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that by purporting to request the production of Documents sufficient to "identify the individuals whose information was compromised in the Data Breach," it seeks discovery regarding non-party putative class members, who are not represented by Plaintiffs' Counsel and when no class has been certified in this Action, Plaintiffs have not moved for class certification, and the requested Documents and Communications do not concern the requirements for class certification.  Mr. Cooper further objects to this Request to the extent it seeks the production of Documents and Communications that are already in Plaintiffs' possession, or are otherwise available from sources to which Plaintiffs already have access, including but not limited to Documents that show the date, method, and contents of notifications of the "Data Breach."  Mr. Cooper further objects to this Request to the extent that by requesting Documents and Communications regarding "the methodology used to identify the individuals whose information was compromised in the Data Breach," it seeks the production of documents that are subject to the attorney work product and/or protected by the attorney-client privilege, bank examination privilege, self-examination privilege, or other applicable privileges and protections and are thus not subject to disclosure through discovery.  Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome, and not proportional to the needs of the case at this time to the extent it seeks information regarding issues

that are beyond the scope of the limited class certification discovery permitted by the Order, including because the Request seeks discovery (i) concerning the merits of Plaintiffs' underlying claims in this Action; (ii) that is irrelevant to Plaintiffs' needs for class certification; and (iii) of the Plaintiffs, and because Mr. Cooper's investigation remains ongoing.

Subject to and without waiving the foregoing objections, including to the extent that this Request remains premature at this time as class certification discovery remains ongoing and merits discovery has not yet begun, Mr. Cooper responds to Request No. 29 as follows. Mr. Cooper will produce non-privileged, responsive documents sufficient to show the number of individuals in the U.S. and its territories whose PII was affected by the Incident, and the manner in which those individuals were notified. Mr. Cooper's discovery efforts and investigation remain ongoing, and it expressly reserves the right to supplement or amend its response.

**REQUEST FOR PRODUCTION NO. 31: Documents and Communications sufficient to identify those current or former individuals affiliated with Mr. Cooper (including directors, officers, employees, Vendors, and contractors) who may possess information concerning the Data Breach or Mr. Cooper's Data Security at the time of the Data Breach.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seek to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to the Definition of "Data Security" as overly broad, vague, and unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms. Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome, and not proportional to the needs of the case at this time to the

- 35 -

MR. COOPER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET
OF REQUESTS FOR PRODUCTION NOS. 12-23, 25, 28, 29, AND 31-34

App. 142

extent it seeks information regarding issues that are beyond the scope of the limited class certification discovery permitted by the Order, including because the Request seeks discovery (i) concerning the merits of Plaintiffs' underlying claims in this Action; (ii) that is irrelevant to Plaintiffs' needs for class certification; and (iii) of the Plaintiffs, and because Mr. Cooper's investigation remains ongoing.

Subject to and without waiving the foregoing objections, including to the extent that this Request remains premature at this time as class certification discovery remains ongoing and merits discovery has not yet begun, Mr. Cooper responds to Request No. 31 as follows. Mr. Cooper will produced non-privileged, responsive organization charts in effect at the time of the Incident. Mr. Cooper's discovery efforts and investigation remain ongoing, and it expressly reserves the right to supplement or amend its response.

**REQUEST FOR PRODUCTION NO. 32: All Documents and Communications identified by You in Your response to any Interrogatory served on You by any party in this action.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seek to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to the Definitions of "You" and "Your" as overly broad, vague, and unduly burdensome to the extent that the definitions purport to encompass (i) subsidiaries, affiliates, and other corporate entities beyond those that are a party to the Action and identified in the complaint, and (ii) entities or individuals that are not within the control of Mr. Cooper, including persons or entities "purporting to act" on Mr. Cooper's behalf. Mr. Cooper objects to this Request to the extent it is duplicative of other

- 36 -

MR. COOPER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET
OF REQUESTS FOR PRODUCTION NOS. 12-23, 25, 28, 29, AND 31-34

App. 143

Requests, including Request Nos. 33 and 34. Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome, and not proportional to the needs of the case at this time to the extent it seeks information regarding issues that are beyond the scope of the limited class certification discovery permitted by the Order, including because the Request seeks discovery (i) concerning the merits of Plaintiffs' underlying claims in this Action; (ii) that is irrelevant to Plaintiffs' needs for class certification; and (iii) of the Plaintiffs, and because Mr. Cooper's investigation remains ongoing.

Subject to and without waiving the foregoing objections, including to the extent that this Request remains premature at this time as class certification discovery remains ongoing and merits discovery has not yet begun, Mr. Cooper responds to Request No. 32 as follows. Mr. Cooper will produce the non-privileged, responsive documents identified in its response to Nos. 8-14 of Plaintiffs' Interrogatories, namely: MRC_Cabezas_00000025, MRC_Cabezas_00000027, MRC_Cabezas_00000031 – MRC_Cabezas_00000042, MRC_Cabezas_00064592 – MRC_Cabezas_00064595 and MRC_Cabezas_00072426 – MRC_Cabezas_00072463. Mr. Cooper's discovery efforts and investigation remain ongoing, and it expressly reserves the right to supplement or amend its response.

**REQUEST FOR PRODUCTION NO. 33: All Documents and Communications, without regard to date or time period, that are referenced or relied upon in Your response to any Interrogatory or other discovery request served in this action, as such response is supplemented or amended from time to time.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent it seeks to impose obligations and/or are inconsistent with those terms as they are defined or

contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to the Definition of "Your" as overly broad, vague, and unduly burdensome to the extent that the definition purports to encompass (i) subsidiaries, affiliates, and other corporate entities beyond those that are a party to the Action and identified in the complaint, and (ii) entities or individuals that are not within the control of Mr. Cooper, including persons or entities "purporting to act" on Mr. Cooper's behalf. Mr. Cooper will instead answer only on behalf of Mr. Cooper Group, Inc. and Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 32 and 24. Mr. Cooper further objects to this Request to the extent it seeks the production of documents that are subject to the attorney work product and/or protected by the attorney-client privilege, bank examination privilege, self-examination privilege, or other applicable privileges and protections and are thus not subject to disclosure through discovery. Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome, and not proportional to the needs of the case at this time to the extent it seeks information regarding issues that are beyond the scope of the limited discovery permitted by the Order, including because the Request seeks discovery (i) concerning the merits of Plaintiffs' underlying claims in this Action; (ii) that is irrelevant to Plaintiffs' needs for class certification; and (iii) of the Plaintiffs, and because Mr. Cooper's investigation remains ongoing.

Subject to and without waiving the foregoing objections, including to the extent that this Request remains premature at this time as class certification discovery remains ongoing and merits discovery has not yet begun, Mr. Cooper responds to Request No. 33 as follows. Mr. Cooper will produce non-privileged, responsive documents referenced to or relied upon in its response to Nos. 1, 8-14, and 17 of Plaintiffs' Interrogatories, and any other non-privileged documents it explicitly relies upon or identifies in its discovery responses. Mr. Cooper's discovery efforts and

- 38 -

MR. COOPER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET
OF REQUESTS FOR PRODUCTION NOS. 12-23, 25, 28, 29, AND 31-34

App. 145

investigation remain ongoing, and it expressly reserves the right to supplement or amend its response.

**REQUEST FOR PRODUCTION NO. 34: All Documents and Communications, without regard to date or time period, provided to Your experts in this action.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

In addition to the foregoing Initial Objections and Objections to Definitions and Instructions, Mr. Cooper objects to the Definition of "Communications" and the Definition of "Documents" on the grounds that they are overly broad, vague, and ambiguous and to the extent they seek to impose obligations and/or are inconsistent with those terms as they are defined or contemplated under the Federal Rules of Civil Procedure. Mr. Cooper objects to the Definition of "Your" as overly broad, vague, and unduly burdensome to the extent that the definition purports to encompass (i) subsidiaries, affiliates, and other corporate entities beyond those that are a party to the Action and identified in the complaint, and (ii) entities or individuals that are not within the control of Mr. Cooper, including persons or entities "purporting to act" on Mr. Cooper's behalf. Mr. Cooper will instead answer only on behalf of Mr. Cooper Group, Inc. and Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper objects to this Request to the extent it is duplicative of other Requests, including Request No. 33. Mr. Cooper further objects to this Request to the extent it seeks the production of documents that are subject to the attorney work product and/or protected by the attorney-client privilege, bank examination privilege, self-examination privilege, or other applicable privileges and protections and are thus not subject to disclosure through discovery. Mr. Cooper further objects to this Request as premature, overly broad, unduly burdensome, and not proportional to the needs of the case at this time to the extent it seeks information regarding issues that are beyond the scope of the limited class certification discovery permitted by the Order, including because the Request seeks discovery (i) concerning the merits of Plaintiffs' underlying

- 39 -

MR. COOPER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET
OF REQUESTS FOR PRODUCTION NOS. 12-23, 25, 28, 29, AND 31-34

App. 146

claims in this Action; (ii) that is irrelevant to Plaintiffs' needs for class certification; and (iii) of the Plaintiffs, and because Mr. Cooper's investigation remains ongoing.

Subject to and without waiving the foregoing objections, including to the extent that this Request remains premature at this time as class certification discovery remains ongoing and merits discovery has not yet begun, Mr. Cooper responds to Request No. 34 as follows. Mr. Cooper will produce non-privileged, responsive documents relied upon by its experts in opposition to Plaintiffs' anticipated motion for class certification in accordance with Fed. R. Civ. P. 26. Mr. Cooper's discovery efforts and investigation remain ongoing, and it expressly reserves the right to supplement or amend its response.

Dated: August 28, 2025

/s/ W. Kyle Tayman

**W. Kyle Tayman** (*pro hac vice*)

**Goodwin Procter LLP**
ktayman@goodwinlaw.com
**Christina Hennecken** (*pro hac vice*)
1900 N Street, NW
Washington, DC 20036
T. 202.346.4000
F. 202.346.4444

**Allison J. Schoenthal** (*pro hac vice*)
**Allison M. Funk** (*pro hac vice*)
The New York Times Building
620 Eighth Avenue
New York, New York, 10018
T. 212.459.7183
F. 212.937.3850
aschoenthal@goodwinlaw.com
afunk@goodwinlaw.com

**Thomas G. Yoxall**
Texas Bar No. 00785304
tom.yoxall@troutman.com
**Roger B. Cowie**
Texas Bar No. 00783886
roger.cowie@troutman.com
**M. Taylor Levesque**
Texas Bar No. 24107296
taylor.levesque@troutman.com
**TROUTMAN PEPPER LOCKE LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
T. 214.740.8000
F. 214.740.8800

*Counsel for Defendants*

CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

I certify that on August 28, 2025 the foregoing was served via electronic mail to counsel

for the parties in this matter.


*/s/ W. Kyle Tayman*
W. Kyle Tayman

**MR. COOPER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET
OF REQUESTS FOR PRODUCTION NOS. 12-23, 25, 28, 29, AND 31-34**

# EXHIBIT A-6

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |
|---|---|
| JENNIFER CABEZAS, *et al.*, | |
| **Plaintiffs,** | |
| **v.** | Case No. **3:23-CV-02453-N** |
| MR. COOPER GROUP INC, *et al.*, | |
| **Defendants.** | |

**PLAINTIFFS' NOTICE OF VIDEOTAPED DEPOSITION OF
DEFENDANT MR. COOPER GROUP INC**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiffs will cause to be taken the deposition of Defendant, Mr. Cooper Group Inc., ("Mr. Cooper" or "Defendant"), by a person or persons designated by Defendant, before a court report authorized by law to administer oaths. The deposition will begin at 10:00 a.m. ET, at a date and location to be agreed to by the Parties, or at a time and location mutually agreed upon by the parties. To the extent necessary, agreed to by the parties, or otherwise permitted by the Court, the deposition shall continue from day to day until completed. The deposition shall be recorded by stenographic and video means.

Defendant shall designate one or more officers, directors, managing agents, or other persons to testify on its behalf, and shall set forth, for each person designated, the matter on which the person will testify. The person(s) so designated by Defendant shall testify on matters known or reasonably available to Defendant as listed below in Exhibit A, attached and incorporated herein. Each such designee produced to testify has an affirmative duty to review relevant documents, reports, and other matters known or reasonably known or available to Defendant, along

1

with familiarizing him or herself with relevant witnesses known or reasonably available (not just current employees) to provide informed, binding answers at the deposition.

Dated:                                    Respectfully Submitted,

**STUEVE SIEGEL HANSON LLP**

/s/ *Norman E. Siegel*
Norman E. Siegel*
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel. 816-714-7100
siegel@stuevesiegel.com

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

/s/ *Gary M. Klinger*
Gary M. Klinger*
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel. 866-252-0878
gklinger@milberg.com

**MORGAN & MORGAN COMPLEX LITIGATION**

/s/ *John A. Yanchunis*
John A. Yanchunis
Texas Bar No. 22121300
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Tel. 813-275-5272
jyanchunis@forthepeople.com

*Interim Co-Lead Counsel for the Proposed Class*
**Pro Hac Vice Admitted*

2

## Exhibit A

## DEFINITIONS AND INSTRUCTIONS

As used herein, the following terms have the meanings indicated below:

1.      "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every" as necessary to bring within the scope of the Topic all relevant information.

2.      "Any" shall be construed to mean "any and all."

3.      "Breach" or "Data Breach," means the data breach Mr. Cooper sustained in which a hacker gained unauthorized access to its System(s) beginning on or around October 30, 2023, as described in the Consolidated Class Action Complaint ("CCAC") at Doc. No. 70.

4.      "Class Member(s)" means, solely for purposes of this Deposition Notice, any individual falling within the definitions of the proposed Nationwide Class or one of the Statewide Subclasses as defined in the CCAC at ¶ 452:

### NATIONWIDE CLASS

All individuals residing in the United States whose PII was accessed and/or acquired as a result of the Data Breach announced by Mr. Cooper in or around November 2023.

### STATEWIDE SUBCLASSES

All individuals residing in a particular state[1] whose PII was accessed and/or acquired as a result of the Data Breach announced by Mr. Cooper in or around November 2023

5.      Communication means, without limitation, the imparting or exchange of information, thoughts or opinions by any means including orally, in writing, by signs, signals or code, including oral, written or electronic Communications, such as face-to-face Meetings,

---

[1] As described in the CCAC, California, Florida, North Carolina, New York, Nevada, Illinois, Montana, Missouri, Alabama, Texas, Georgia, Minnesota, Louisiana, Washington, and Colorado.

3

electronic Communications, emails, facsimiles, text messages, telephone Communications, correspondence or other exchange of written or recorded information. The phrase "Communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

6.    "Computer Network" means the data network that connects the components of Mr. Cooper's Computer Systems, either within Mr. Cooper or between Mr. Cooper and third parties.

7.    "Computer System" means any server (whether physical, web-based or virtual), all computers, hardware, network infrastructure, electronic equipment, software, desktop computer, laptop computer, tablet, mobile phone, networking equipment, backup storage, internet site, intranet site, and the software, programs, applications, scripts, operating systems, or databases used to control, access, store, add, delete, or modify any data or information stored on any of the foregoing non-exclusive list, used to provide or deliver Your services or operate Your business.

8.    "Compromised" means the unauthorized access gained by an unknown third-party as described in Your Notice of Data Incident.

9.    "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally, or logically connected to, in whole or in part, the stated subject matter.

10.    "Database" refers to any system of any type (whether physical, virtual, cloud-based, or other) used to store, manipulate, and manage electronic data.

4

11.    "Data Security" means Defendant's policies, practices, methods, procedures, operations, software, hardware, and other data security features intended to protect against unauthorized access, acquisition, theft, transfer, modification, misuse, or destruction of PII, including the design, implementation, and monitoring of any of these data security features and any outside vender relationships.

12.    "Employee" means, without limitation, any current and former officers, directors, agents, representatives, executives, managers, sales personnel, secretaries, clerical staff or any other person employed for any reason.

13.    "Including" is used to emphasize certain types of documents and should not be construed as limiting the request or topic in any way. Including therefore means "including, but not limited to," or "including without limitation."

14.    "Person" means, without limitation, any individual, corporation, partnership or any variation thereof (*e.g.,* limited partnership, limited liability partnership), limited liability company, proprietorship, joint venture, association, group or other form of legal entity or business existing under the laws of the United States, any state or any foreign country.

15.    "PII" means personally-identifiable information, i.e. information that is used to identify a specific person, which can include an individual's name, Social Security number, date of birth, driver's license number or identification number, phone number, financial information, and other identifying information unique to an individual.

16.    "Relate to," "relating to" or "regarding," "with respect to" or "concerning" mean without limitation the following concepts: concerning, constituting, discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or

5

otherwise involving, in whole or in part, directly or indirectly. Documents are considered relating to the subject matter whether they are viewed alone or in combination with other Documents.

17.    "Security Incident" mean an occurrence that actually or potentially jeopardizes the confidentiality, integrity, or availability of an information system or the information the system processes, stores, or transmits or that constitutes a violation or imminent threat of violation of security policies, security procedures, or acceptable use policies.[2]

18.    "Systems" as used herein means, including without limitation, all computers, hardware, network infrastructure, electronic equipment, software, or other electronic and computerized devices used to provide or deliver Your services or operate Your business.

19.    "Vendor(s)" refers to any outside Person(s), agency, entity, proprietorship, or third party, other than Yourself, involved in providing You goods or services in connection with Your services and Systems during the Relevant Time Period, including but not limited to goods or services related to data security.

20.    Defendant," "You," "Your," "Your association," "Your organization," or "Mr. Cooper" mean Mr. Cooper Group Inc., and include any and all of the following: present and former officers, directors, agents, partners, attorneys, paralegals, servants, employees, assignees, lessees, affiliates, or anyone acting, or purporting to act, on behalf of it or on behalf of these named Persons, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting, or purporting to act, for or on behalf of such subsidiary, related corporation, parent, partnership or entity or natural Person.

---

[2] National Institute of Standards and Technology, SP 800-12 Rev. 1 under Incident from FIPS 200.

6

21.    The terms "and" and "or" are used interchangeably and should be construed to mean "and/or."

22.    Any term(s) used in the singular or plural should be construed to include both the singular and plural.

23.    Unless otherwise indicated, the relevant time period means January 1, 2018, through the present (the "Relevant Period").

7

## DEPOSITION TOPICS

1.      When and how the Data Breach announced in November 2023 occurred, and the investigation(s) and analysis that led to that determination, when that determination was made, and the names of the individuals who made that determination.

2.      The nature of Your business, including the collection, storage, and use of PII as part of Your business.

3.      As to the PII impacted in the Data Breach, the facts, circumstances, and/or purpose of your collection and retention of this information from its customers,  lenders , mortgage loan originators, other mortgage loan services, owners of the mortgage loans or individuals; how the information was stored and/or processed; whether it was segmented or encrypted in any way; and who had access to view or download the information.

4.      When and how You discovered the Data Breach, including each instance in which You received notice of any kind related to the Data Breach or the possibility that a third party had obtained unauthorized access to Your network; how, when, and through whom You received notice, the manner in which You received such notification; and the action (if any) You took in response.

5.      Any investigation(s) and analysis of the Data Breach conducted by or on Your behalf, including the scope, length, and results of the investigation(s) and analysis, when said investigation(s) and analysis was conducted or performed, the names of the Persons who performed or were involved in said investigation(s) and analysis, the results of said investigation(s) and analysis, the types and locations of documents generated in the course of said investigation(s), and the types and locations of documents containing conclusions or recommendations resulting from said investigation(s).

8

6.      The vulnerability or vulnerabilities leveraged to execute the Data Breach, including the nature of the vulnerability(ies), when and how you first learned of the vulnerability(ies), whether there had been any prior attempts to exploit the vulnerability(ies), and when and how you remediated the vulnerability(ies).

7.      The nature and extent of the information or data, including PII, that was compromised in the Data Breach; the number of Persons that were affected by the Data Breach; and the investigation(s) and analysis that led to that determination, including when that determination was made, and who made that determination.

8.      Any cybersecurity audits conducted, and the audit results, performed by or on behalf of You between January 1, 2018 and October 31, 2024, including the names of the persons involved in the cybersecurity audits

9.       Any cybersecurity policies enacted, implemented, in effect, or recommended by, for, or to You regarding Your compliance or lack of compliance with the Gramm-Leach-Bliley Act (15 U.S.C. §§ 6807 et seq.), its Privacy Rule and/or Regulation P, and its Safeguards Rule between January 1, 2018 and October 31, 2024.

10.    How the information or data was compromised in the Data Breach, and the investigation(s) and analysis that led to that determination, when that determination was made, and the names of the individuals who made that determination.

11.    Cybersecurity standards that You comply with and any findings of non-compliance with those same standards: NIST Cybersecurity Framework, United States Cybersecurity and Infrastructure Security Agency's standards, Microsoft Threat Protection Intelligence Team's standards, Center for Internet Security's Critical Security Controls, and the data security standards set forth by the Federal Bureau of Investigation.

9

12.     The measures You or others on Your behalf have taken subsequent to the Data Breach, including those planned, but not yet started or completed, to remedy any potential vulnerabilities in Your server configurations, Computer Systems, networks, code, other electronic devices, storage devices, and software to prevent future data breaches and data disclosures.

13.     Your knowledge of data breaches in the financial and/or mortgage industries prior to the Data Breach and the basis for such knowledge.

14.     Your knowledge of prior and current complaints, lawsuits, administrative, or governmental actions or inquiries initiated against You concerning either the Data Breach or any other Security Incident experienced by You.

15.     Your document and information retention policy as it relates to the information compromised in the Data Breach, including retention of PII and whether that document retention policy has changed since January 1, 2018.  If the policy has changed since 2018: (a) the date(s) on which such change(s) occurred and the nature of such changes; and (b) any changes thereto over time.

16.     Your log retention policy.

17.     Your penetration testing and/or ethical hacking exercises into your Computer System (whether conducted by internal Employees and/or any outside Vendor); the identity of those conducting such testing or exercises; and the focus and results of such testing or exercises from January 1, 2018, to present.

18.     Your use of any SIEM tool (whether used or deployed via internal Employees or an outside Vendor) and/or any other tool to monitor traffic to and from Your Computer System from January 1, 2018 to October 31, 2024.

19.     Monitoring and logging of ingress and egress traffic to and from Your Computer System, including whether such logging exists, where logs were and are maintained and stored, and how traffic was monitored from January 1, 2018 to October 31, 2024.

20.     Your use of any cybersecurity threat intelligence program ("TIP") (whether deployed via internal Employees or an outside Vendor); who utilized or deployed such TIP; when deployed; and the processes and procedures related to TIP from January 1, 2018 to October 31, 2024.

21.     A description of each and every system, mechanism or process in place at the time of the Data Breach designed to protect the PII in Your Computer System or detect the exfiltration of PII by a threat actor from Your Computer System.

22.     Your statements to the public, your customers, and/or their clients about the security of PII in Your possession prior to and after the Data Breach, including statements in Your Privacy Policy and/or client agreements.

23.     Your communications to any and all law enforcement agencies and/or federal or state regulators regarding the facts and circumstances surrounding the Data Breach.

24.     Your disclosures to Rocket Mortgage during its proposed acquisition of You regarding: the state of Your data security, data security budgeting and spending; the Data Breach; valuation of liabilities related to the Data Breach; and remediation efforts stemming from the Data Breach.

25.     Your investigation and/or knowledge of whether any Person's PII accessed in the Data Breach was posted on the dark web after the Breach or otherwise used or made available for sale or download by cybercriminals, and the basis for that knowledge.

11

26.    Communications between You and any third party concerning the Data Breach, including the identification or number of individuals whose PII was potentially exposed during the Data Breach, the status of any investigation, and the payment of any assessment, monies, or damages resulting from the Data Breach.

27.    Your use of customers' data for profit.

28.    Your budgets for information security, risk assessment, and third-party consultants for data security, including any increase in the budget (whether through increase in money or personnel) following the Data Breach.

29.    Your policy for the retention or deletion of the PII of consumers following the payment of  mortgage loans  by consumers and/or the transfer of the servicing rights and obligations of mortgage loans to another loan servicer.

12

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2025, I served the foregoing document on the following counsel for the Defendant via email:

W. Kyle Tayman
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
ktayman@goodwinlaw.com

Allison J. Schoenthal
Molly L. Leiwant
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, New York, 10018
aschoenthal@goodwinlaw.com
mleiwant@goodwinlaw.com

Thomas G. Yoxall
Roger B. Cowie
M. Taylor Levesque
TROUTMAN PEPPER LOCKE
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
tyoxall@lockelord.com
rcowie@lockelord.com
taylor.levesque@lockelord.com

*Attorneys for Defendant Mr. Cooper Group Inc.*

/s/_____

13

# EXHIBIT A-7



W. Kyle Tayman
+1 202 346 4245
KTayman@goodwinlaw.com

Goodwin Procter LLP
1900 N Street, NW
Washington, DC  20036

goodwinlaw.com
+1 202 346 4000

August 19, 2025

**VIA EMAIL**

Norman E. Siegel
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
+1 816-714-7100
siegel@stuevesiegel.com

Gary M. Klinger
Milberg Coleman Bryson Phillips Grossman, PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60608
+1 866-252-0878
gklinger@milberg.com

John A. Yanchunis
Morgan & Morgan Complex Litigation
201 N. Franklin St., 7th Floor
Tampa, FL 33602
+1 813-275-5272
jyanchunis@forthepeople.com

**Re:    *Cabezas et al. v. Mr. Cooper Group Inc. et al.* – Notice of 30(b)(6) Deposition to Mr. Cooper**

Dear Counsel:

This letter serves as the objections of Mr. Cooper Group Inc. and Nationstar Mortgage LLC d/b/a Mr. Cooper (together, "Mr. Cooper") to Plaintiffs' Federal Rule of Civil Procedure 30(b)(6) notice of deposition to Mr. Cooper (the "Notice"), which Plaintiffs transmitted by e-mail on August 4, 2025.

As a threshold matter, the service of the Notice on Mr. Cooper was defective. Contrary to what is stated in the Certificate of Service (the "Certificate"), the Notice was not served on counsel for Mr. Cooper on August 1, 2025 but rather three days later—on August 4, 2025.  Further, on August 4, 2025, and again contrary to what is stated in the Certificate (which was unsigned), the Notice was not served on the majority of Mr. Cooper's counsel: not on Allison J. Schoenthal, Molly L. Leiwant, Thomas G. Yoxall, Roger B. Cowie, nor M. Taylor Levesque.  Plaintiffs must properly serve documents on Mr. Cooper going forward.

Moreover, the parties have not yet completed their negotiations regarding the scope of document discovery, let alone completed document production.  It would be inefficient to depose a witness before document production is complete, and Mr. Cooper will not agree to keep a deposition open pending subsequent document productions.  That said, Mr. Cooper will endeavor to ensure that Plaintiffs have agreed upon document productions sufficiently in advance of any deposition under the current case schedule.  Second, we expect that the individual(s) whom Mr. Cooper would designate as a corporate representative(s) may also be the subject of future Rule 30(b)(1) deposition notices by Plaintiffs under



Norman E. Siegel, Gary M. Klinger, John A. Yanchunis
August 19, 2025
Page 2

the current case schedule.  It is unduly burdensome and inefficient for a witness(es) to have to sit for multiple, non-consecutive days of testimony.  In light of these and other efficiency and burden considerations, we request that the parties meet and confer in order to coordinate dates for after document discovery is advanced or complete and the parties have negotiated fact witness depositions more generally.

Mr. Cooper is open to meet and confer regarding its positions as to the Rule 30(b)(6) testimony, its objections, and the scope of the topics, as set forth below.  Mr. Cooper further responds to the Notice as follows.

**General Objections:**

1.      Mr. Cooper objects to the Notice and each of its 29 topics (the "Topics") as premature, overly burdensome, and not proportional to the needs of the case at this time to the extent they seek information regarding issues that are beyond the scope of the limited discovery permitted by the July 23, 2025 Class Certification Scheduling Order (the "Order"), which stayed all discovery except regarding class certification.  *See* ECF No. 126 ¶ 3.  Much of the information sought through these Topics will not be relevant until and if a class is certified in this action.

2.      Mr. Cooper objects the Notice and Topics because the Notice is overbroad, unduly burdensome, and unnecessarily duplicative of the other discovery that will be provided by Mr. Cooper to Plaintiffs in this case, as well as other Topics, and to the extent that the information Plaintiffs seek is readily available through Mr. Cooper's previous and forthcoming document productions.  Responding to the Notice would require Mr. Cooper to prepare multiple witnesses and would be unduly burdensome and disproportionate to the needs of the case where discovery can be obtained through less intrusive means.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2)(C)(i) (limiting discovery where a party seeks discovery that (i) "can be obtained from some other source that is more convenient, less burdensome, or less expensive," (ii) is "unreasonably cumulative or duplicative," or (iii) where "the burden or expense of the proposed discovery outweighs its likely benefit").

3.      Mr. Cooper objects to the Notice and Topics to the extent that they seek information protected from discovery by the attorney-client privilege, work product doctrine, joint defense privilege, common interest agreement, or any other applicable privileges or protections.

4.      Mr. Cooper objects to the Topics cumulatively to the extent they fail to describe the intended scope and allotment of time  anticipated questioning for each Topic.  Absent clarification, Mr. Cooper will prepare its witness to testify as to each Topic for no more than an equal amount of time within the seven hours permitted.

5.      Mr. Cooper objects to the Definition of "Defendant," "You," "Your," Your association," "Your organization," or "Mr. Cooper" as overly broad, vague, and unduly burdensome to the extent that the definition purports to encompass entities or individuals that are not within the control of Mr. Cooper, including persons or entities "purporting to act" on Mr. Cooper's behalf.  Mr. Cooper will interpret the Definition to mean only Mr. Cooper Group, Inc. and Nationstar Mortgage LLC d/b/a Mr. Cooper and will respond accordingly.



Norman E. Siegel, Gary M. Klinger, John A. Yanchunis
August 19, 2025
Page 3

6.      Mr. Cooper objects to the Definition of "Class Member" as broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that it seeks information concerning "every" "Person whose PII and PHI was or may have been accessed, obtained, or compromised in the Data Breach" as no class has been certified in this Action, and Plaintiffs have not moved for class certification.

7.      Mr. Cooper objects to the Definition of "Communication" on the grounds that it is overly broad, vague, and ambiguous and to the extent it seeks to impose obligations and/or is inconsistent with that term as it is defined or contemplated under the Federal Rules of Civil Procedure.

8.      Mr. Cooper objects to the Definition of "Computer Network" as overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms that far exceed the common usage and understanding of "Computer Network."  Mr. Cooper will give the ordinary and common meaning of the term "Computer Network" to that term and will respond accordingly.

9.      "Computer System" objects to the Definition of "Computer System" as overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms that far exceed the common usage and understanding of "Computer System."  Mr. Cooper will give the ordinary and common meaning of the term "Computer System" to that term and will respond accordingly.

10.      "Database" objects to the Definition of "Database" as overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms tha t far exceed the common usage and understanding of "Database."

11.      Mr. Cooper objects to the Definition of "Data Security" as overly broad, vague, and unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms.  Mr. Cooper will give the ordinary and common meaning of the term "Data Security" to that term and will respond accordingly.

12.      Mr. Cooper objects to the Definition of "Employee" as overly broad, vague, and unduly burdensome to the extent that the definition purports to encompass "current and former officers, directors, agents, representatives, executives, managers, sales personnel, secretaries, clerical staff or any other person employed for any reason" that are not within the control of Mr. Cooper, including persons "purporting to act" on Mr. Cooper's behalf.

13.      Mr. Cooper objects to the Definition of "PII" as improper, overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms.  Mr. Cooper further objects to the terms to the extent it purports to have any legal conclusion or significance.

14.      "Security Incident" objects to the Definition of "Security Incident" as overly broad, vague, and unduly burdensome, not relevant, and not proportional to the needs of the case, including to the



Norman E. Siegel, Gary M. Klinger, John A. Yanchunis
August 19, 2025
Page 4

extent that it is non-exhaustive and itself contains numerous undefined and vague terms.  Mr. Cooper understands this term to mean—and will interpret this team as meaning—the Ransom Attack against it that occurred on or about October 31, 2023.

15.    Mr. Cooper objects to the Definition of "System(s)" as overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it is non-exhaustive and itself contains numerous undefined and vague terms that far exceed the common usage and understanding of "System."

16.    Mr. Cooper objects to the Definition of "Relevant Period" to the extent that it seeks testimony from January 1, 2018 through the present.  Mr. Cooper will produce a witness to testify only for the time period from July 1, 2023 through January 17, 2025.

**Objections and Responses to Topics:**

1.    Mr. Cooper objects to Topic No. 1 ("When and how the Data Breach announced in November 2023 occurred, and the investigation(s) and analysis that led to that determination, when that determination was made, and the names of the individuals who made that determination") on the grounds that the Topic (i) is irrelevant, overbroad, unduly burdensome, and not proportionate to the needs of this case to the extent the Topic seeks information that is not related to class certification, and so goes beyond the scope of the limited discovery permitted by the Order, (ii) seeks information protected from discovery by the attorney-client privilege, work product doctrine, joint defense privilege, common interest agreement, or any other applicable privileges or protections, and (iii) is duplicative of several Topics, including Topic Nos. 4, 5, 6, and 10, to the extent that it seeks information concerning "the investigation(s) and analysis" that "led to th[e] … determination" that a "Data Breach … occurred."  Subject to these objections, Mr. Cooper will reasonably prepare a corporate representative witness to provide non-privileged testimony concerning when and how the incident occurred.

2.    Mr. Cooper objects to Topic No. 2 ("The nature of Your business, including the collection, storage, and use of PII as part of Your business") on the grounds that the Topic is not relevant to any claim or defense, overbroad, unduly burdensome, and not proportionate to the needs of the case, to the extent that it (i) is not limited in time period or in scope, (ii) seeks information that is not related to class certification, and so goes beyond the scope of the limited discovery permitted by the Order, and (iii) seeks information concerning the "nature" of Mr. Cooper's business that is readily available to Plaintiffs in the public domain.  Mr. Cooper further objects to the Topic as duplicative of several Topics including Topic Nos. 3 and 21, to the extent that it seeks information concerning "the collection, storage, and use of PII."  Mr. Cooper is willing to meet and confer regarding its objections to Topic No. 2, but will not prepare a corporate representative witness to testify at this time.

3.    Mr. Cooper objects to Topic No. 3 ("As to the PII impacted in the Data Breach, the facts, circumstances, and/or purpose of your collection and retention of this information from its customers, lenders, mortgage loan originators, other mortgage loan services [sic], owners of the mortgage loans or individuals; how the information was stored and/or processed; whether it was segmented or encrypted in any way; and who had access to view or download the information") on the grounds that the Topic is (i) overbroad, unduly burdensome, and not proportionate to the needs of this case to the extent the Topic



Norman E. Siegel, Gary M. Klinger, John A. Yanchunis
August 19, 2025
Page 5

seeks information that is not related to class certification, and so goes beyond the scope of the limited discovery permitted by the Order, and (ii) duplicative of several Topics, including Topic Nos. 2 and 21, to the extent that it seeks information on "the facts, circumstances, and/or purpose of your collection and retention" of PII as well as information concerning "how the information was stored and/or processed" and "whether it was segment or encrypted in any way." Mr. Cooper is willing to meet and confer regarding its objections to Topic No. 3, but will not prepare a corporate representative witness to testify at this time.

4.    Mr. Cooper objects to Topic No. 4 ("When and how You discovered the Data Breach, including each instance in which You received notice of any kind related to the Data Breach or the possibility that a third party had obtained unauthorized access to Your network; how, when, and through whom You received notice, the manner in which You received such notification; and the action (if any) You took in response") on the grounds that the Topic is (i) overbroad, unduly burdensome, and not proportionate to the needs of this case to the extent it seeks information that is not related to class certification, and so goes beyond the scope of the limited discovery permitted by the Order, and (ii) duplicative of several Topics, including Topic No. 1, 6, and 12, to the extent it seeks information concerning "the action (if any) You took in response" to the incident." Subject to these objections, Mr. Cooper will reasonably prepare a corporate representative witness to provide non-privileged testimony concerning action taken by Mr. Cooper upon discovery of the incident.

5.    Mr. Cooper objects to Topic No. 5 ("Any investigation(s) and analysis of the Data Breach conducted by or on Your behalf, including the scope, length, and results of the investigation(s) and analysis, when said investigation(s) and analysis was conducted or performed, the names of the Persons who performed or were involved in said investigation(s) and analysis, the results of said investigation(s) and analysis, the types and locations of documents generated in the course of said investigation(s), and the types and locations of documents containing conclusions or recommendations resulting from said investigation(s)") on the grounds that the Topic (i) is overbroad, unduly burdensome, and not proportionate to the needs of this case to the extent it seeks information that is not related to class certification, and so goes beyond the scope of the limited discovery permitted by the Order, (ii) seeks information protected from discovery by the attorney-client privilege, work product doctrine, joint defense privilege, common interest agreement, or any other applicable privileges or protections, and (iii) is duplicative of several Topics, including Topic Nos. 1, 6, 10, and 25, to the extent that it seeks information concerning "[a]ny investigation(s) or analysis of the Data Breach." Subject to these objections, Mr. Cooper will reasonably prepare a corporate representative witness to provide non-privileged testimony concerning the results of its investigation(s) of the incident.

6.    Mr. Cooper objects to Topic No. 6 ("The vulnerability or vulnerabilities leveraged to execute the Data Breach, including the nature of the vulnerability(ies), when and how you first learned of the vulnerability(ies), whether there had been any prior attempts to exploit the vulnerability(ies), and when and how you remediated the vulnerability(ies)") on the grounds that the Topic (i) is overbroad, unduly burdensome, and not proportionate to the needs of this case to the extent it seeks information that is not related to class certification, and so goes beyond the scope of the limited discovery permitted by the Order, and (ii) seeks information that is duplicative of several Topics, including Topic Nos. 1, 5, and 10, to the extent that it seeks information concerning "how you first learned of the vulnerability(ies)." Mr. Cooper further objects to the Topic as duplicative of several other Topics, including Topic Nos. 4 and 12,



Norman E. Siegel, Gary M. Klinger, John A. Yanchunis
August 19, 2025
Page 6

to the extent that it seeks information concerning "how you remediated the vulnerability(ies)." Mr. Cooper is willing to meet and confer regarding its objections to Topic No. 6, but will not prepare a corporate representative witness to testify at this time.

7.      Mr. Cooper will reasonably prepare a corporate witness to testify to Topic No. 7 ("The nature and extent of the information or data, including PII, that was compromised in the Data Breach; the number of Persons that were affected by the Data Breach; and the investigation(s) and analysis that led to that determination, including when that determination was made, and who made that determination").

8.      Mr. Cooper objects to Topic No. 8 ("Any cybersecurity audits conducted, and the audit results, performed by or on behalf of You between January 1, 2018 and October 31, 2024, including the names of the persons involved in the cybersecurity audits") on the grounds that the Topic is (i) irrelevant, overbroad, unduly burdensome, and not proportionate to the needs of this case to the extent it seeks information that is not related to class certification, and so goes beyond the scope of the limited discovery permitted by the Order, and is (ii) duplicative of several Topics, including Topic Nos. 9, 11, and 17, to the extent it seeks "[a]ny cybersecurity audits conducted, and the audit results." Mr. Cooper is willing to meet and confer regarding its objections to Topic No. 8, but will not prepare a corporate representative witness to testify at this time.

9.      Mr. Cooper objects to Topic No. 9 ("Any cybersecurity policies enacted, implemented, in effect, or recommended by, for, or to You regarding Your compliance or lack of compliance with the Gramm-Leach-Bliley Act (15 U.S.C. §§ 6807 et seq.), its Privacy Rule and/or Regulation P, and its Safeguards Rule between January 1, 2018 and October 31, 2024") on the grounds that the Topic is (i) irrelevant, overbroad, unduly burdensome, and not proportionate to the needs of this case to the extent it seeks information that is not related to class certification, and so goes beyond the scope of the limited discovery permitted by the Order, and is (ii) duplicative of several Topics, including Topic Nos. 8 and 11, to the extent that it seeks "[a]ny cybersecurity policies … recommended … to You regarding Your compliance or lack of compliance." Subject to these objections, Mr. Cooper will reasonably prepare a corporate representative witness to provide non-privileged testimony concerning the identification of the cybersecurity policies in effect at the time of the incident.

10.     Mr. Cooper objects to Topic No. 10 ("How the information or data was compromised in the Data Breach, and the investigation(s) and analysis that led to that determination, when that determination was made, and the names of the individuals who made that determination") on the grounds that the Topic (i) is vague, overbroad, unduly burdensome, and not proportionate to the needs of this case to the extent it seeks information that is not related to class certification, and so goes beyond the scope of the limited discovery permitted by the Order, (ii) seeks information protected from discovery by the attorney-client privilege, work product doctrine, joint defense privilege, common interest agreement, or any other applicable privileges or protections, (iii) is duplicative of several Topics, including Topic Nos. 1, 5, 6, and 25, to the extent that it seeks information concerning "investigation(s) and analysis" undertaken to determine "[h]ow the information or data was compromised" in the incident, and (iv) seeks testimony on legal conclusions. Subject to these objections, Mr. Cooper will reasonably prepare a corporate representative witness to provide non-privileged testimony concerning the type of data compromised in the Ransom Attack.



Norman E. Siegel, Gary M. Klinger, John A. Yanchunis
August 19, 2025
Page 7

11.    Mr. Cooper objects to Topic No. 11 ("Cybersecurity standards that You comply with and any findings of non-compliance with those same standards: NIST Cybersecurity Framework, United States Cybersecurity and Infrastructure Security Agency's standards, Microsoft Threat Protection Intelligence Team's standards, Center for Internet Security's Critical Security Controls, and the data security standards set forth by the Federal Bureau of Investigation") on the grounds that the Topic is vague, ambiguous, irrelevant, overbroad, unduly burdensome, and not proportionate to the needs of this case to the extent it (i) is not limited in time period, and (ii) seeks information that is not related to class certification, and so goes beyond the scope of the limited discovery permitted by the Order.  Mr. Cooper further objects to the Topic as duplicative of several Topics, including Topic Nos. 8 and 9, to the extent that it seeks "[c]ybersecurity standards that You comply with and any findings of non-compliance with those same standards."  Mr. Cooper is willing to meet and confer regarding its objections to Topic No. 11, but will not prepare a corporate representative witness to testify at this time.

12.    Mr. Cooper objects to Topic No. 12 ("The measures You or others on Your behalf have taken subsequent to the Data Breach, including those planned, but not yet started or completed, to remedy any potential vulnerabilities in Your server configurations, Computer Systems, networks, code, other electronic devices, storage devices, and software to prevent future data breaches and data disclosures") on the grounds that the Topic is (i) overbroad, unduly burdensome, and not proportionate to the needs of this case to the extent it seeks information that is not related to class certification, and so goes beyond the scope of the limited discovery permitted by the Order, (ii) further overbroad to the extent it seeks testimony not relevant to any claim or defense concerning the incident, (iii) vague as to what is meant by the term "data disclosure," and (iv) duplicative of several Topics, including Topic No. 4 and 6, to the extent it seeks "[t]he measures You or others on Your behalf have taken subsequent to the Data Breach … to remedy any potential vulnerabilities."  Mr. Cooper is willing to meet and confer regarding its objections to Topic No. 12, but will not prepare a corporate representative witness to testify at this time.

13.    Mr. Cooper objects to Topic No. 13 ("Your knowledge of data breaches in the financial and/or mortgage industries prior to the Data Breach and the basis for such knowledge") on the grounds that the Topic is irrelevant to any claim or defense, overbroad, unduly burdensome, and not proportionate to the needs of this case to the extent it seeks information that is not related to class certification, and so goes beyond the scope of the limited discovery permitted by the Order.  Mr. Cooper is willing to meet and confer regarding its objections to Topic No. 13, but will not prepare a corporate representative witness to testify at this time.

14.    Mr. Cooper objects to Topic No. 14 ("Your knowledge of prior and current complaints, lawsuits, administrative, or governmental actions or inquiries initiated against You concerning either the Data Breach or any other Security Incident experienced by You") on the grounds that the Topic is irrelevant to any claim or defense, overbroad, unduly burdensome, and not proportionate to the needs of this case to the extent it seeks (i) information about other data security incidents, as well as (ii) information that is not related to class certification, and so goes beyond the scope of the limited discovery permitted by the Order.  Mr. Cooper is willing to meet and confer regarding its objections to Topic No. 14, but will not prepare a corporate representative witness to testify at this time.



Norman E. Siegel, Gary M. Klinger, John A. Yanchunis
August 19, 2025
Page 8

15.  Mr. Cooper objects to Topic No. 15 ("Your document and information retention policy as it relates to the information compromised in the Data Breach, including retention of PII and whether that document retention policy has changed since January 1, 2018. If the policy has changed since 2018: (a) the date(s) on which such change(s) occurred and the nature of such changes; and (b) any changes thereto over time") on the grounds that the Topic is (i) irrelevant, overbroad, unduly burdensome, and not proportionate to the needs of this case to the extent it seeks information that is not related to class certification, and so goes beyond the scope of the limited discovery permitted by the Order, and (ii) duplicative of several Topics, including Topic Nos. 16 and 29, to the extent it seeks "[y]our document and information retention policy" and "any changes thereto overtime."  Mr. Cooper is willing to meet and confer regarding its objections to Topic No. 15 but will not prepare a corporate representative witness to testify at this time.

16.  Mr. Cooper objects to Topic No. 16 ("Your log retention policy") on the grounds that the Topic is (i) vague, irrelevant, overbroad, unduly burdensome, and not proportionate to the needs of this case to the extent it seeks information that is not related to class certification, and so goes beyond the scope of the limited discovery permitted by the Order, and (ii) duplicative of several Topics, including Topic Nos. 15 and 29, to the extent it seeks "[y]our log retention policy."  Mr. Cooper is willing to meet and confer regarding its objections to Topic No. 16, but will not prepare a corporate representative witness to testify at this time.

17.  Mr. Cooper objects to Topic No. 17 ("Your penetration testing and/or ethical hacking exercises into your Computer System (whether conducted by internal Employees and/or any outside Vendor); the identity of those conducting such testing or exercises; and the focus and results of such testing or exercises from January 1, 2018, to present") on the grounds that the Topic is (i) irrelevant to any claim or defense, overbroad, unduly burdensome, and not proportionate to the needs of this case to the extent it seeks information that is not related to class certification, and so goes beyond the scope of the limited discovery permitted by the Order, and (ii) duplicative of Topic No. 8 to the extent it seeks "[y]our penetration testing and/or ethical hacking exercises."  Mr. Cooper is willing to meet and confer regarding its objections to Topic No. 17, but will not prepare a corporate representative witness to testify at this time.

18.  Mr. Cooper objects to Topic No. 18 ("Your use of any SIEM tool (whether used or deployed via internal Employees or an outside Vendor) and/or any other tool to monitor traffic to and from Your Computer System from January 1, 2018 to October 31, 2024") on the grounds that the Topic is (i) vague and ambiguous, (ii) irrelevant, overbroad, unduly burdensome, and not proportionate to the needs of this case to the extent it seeks information that is not related to class certification, and so goes beyond the scope of the limited discovery permitted by the Order, and (iii) duplicative of Topic No. 21 to the extent it seeks information concerning "[y]our use of any SIEM tool .. and/or any other tool to monitor traffic."  Mr. Cooper is willing to meet and confer regarding its objections to Topic No. 18, but will not prepare a corporate representative witness to testify at this time.

19.  Mr. Cooper objects to Topic No. 19 ("Monitoring and logging of ingress and egress traffic to and from Your Computer System, including whether such logging exists, where logs were and are maintained and stored, and how traffic was monitored from January 1, 2018 to October 31, 2024") on the

**GOODWIN**

Norman E. Siegel, Gary M. Klinger, John A. Yanchunis
August 19, 2025
Page 9

grounds that the Topic is (i) vague and ambiguous, (ii) irrelevant, overbroad, unduly burdensome, and not proportionate to the needs of this case to the extent it seeks information that is not related to class certification, and so goes beyond the scope of the limited discovery permitted by the Order, and (iii) duplicative of Topic No. 21 to the extent it seeks information concerning the "[m]onitoring and logging of ingress and egress traffic" and "where logs were and are maintained and stored." Mr. Cooper is willing to meet and confer regarding its objections to Topic No. 19, but will not prepare a corporate representative witness to testify at this time.

20.     Mr. Cooper objects to Topic No. 20 ("Your use of any cybersecurity threat intelligence program ("TIP") (whether deployed via internal Employees or an outside Vendor); who utilized or deployed such TIP; when deployed; and the processes and procedures related to TIP from January 1, 2018 to October 31, 2024") on the grounds that the Topic is (i) vague and ambiguous, (ii) irrelevant, overbroad, unduly burdensome, and not proportionate to the needs of this case to the extent it seeks information that is not related to class certification, and so goes beyond the scope of the limited discovery permitted by the Order, and duplicative of Topic No. 21 to the extent it seeks information concerning "[y]our use of any cybersecurity threat intelligence program." Mr. Cooper is willing to meet and confer regarding its objections to Topic No. 20, but will not prepare a corporate representative witness to testify at this time.

21.     Mr. Cooper objects to Topic No. 21 ("A description of each and every system, mechanism or process in place at the time of the Data Breach designed to protect the PII in Your Computer System or detect the exfiltration of PII by a threat actor from Your Computer System") on the grounds that the Topic is (i) vague and ambiguous, (ii) irrelevant, overbroad, unduly burdensome, and not proportionate to the needs of this case to the extent it seeks information that is not related to class certification, and so goes beyond the scope of the limited discovery permitted by the Order, and (iii) duplicative of several Topics, including Topic Nos. 2, 3, 18, 19, and 20, to the extent it seeks "[a] description of each and every system, mechanism or process in place at the time of the Data Breach designed to protect the PII." Mr. Cooper is willing to meet and confer regarding its objections to Topic No. 21, but will not prepare a corporate representative witness to testify at this time.

22.     Mr. Cooper objects to Topic No. 22 ("Your statements to the public, your customers, and/or their clients about the security of PII in Your possession prior to and after the Data Breach, including statements in Your Privacy Policy and/or client agreements") on the grounds that the Topic is irrelevant, overbroad, unduly burdensome, and not proportionate to the needs of this case to the extent it seeks information that is (i) not related to class certification, and so goes beyond the scope of the limited discovery permitted by the Order, and (ii) readily available to Plaintiffs in the public domain. Mr. Cooper is willing to meet and confer regarding its objections to Topic No. 22, but will not prepare a corporate representative witness to testify at this time.

23.     Mr. Cooper objects to Topic No. 23 ("Your communications to any and all law enforcement agencies and/or federal or state regulators regarding the facts and circumstances surrounding the Data Breach") on the grounds that the Topic is (i) irrelevant to any claim or defense, overbroad, unduly burdensome, and not proportionate to the needs of this case to the extent it seeks information that is not related to class certification, and so goes beyond the scope of the limited discovery permitted by the



Norman E. Siegel, Gary M. Klinger, John A. Yanchunis
August 19, 2025
Page 10

Order, and (ii) duplicative of Topic No. 26 to the extent that it seeks information regarding "communications to any and all law enforcements agencies and/or federal or state regulators regarding the facts and circumstances surrounding the Data Breach." Mr. Cooper is willing to meet and confer regarding its objections to Topic No. 23, but will not prepare a corporate representative witness to testify at this time.

24.    Mr. Cooper objects to Topic No. 24 ("Your disclosures to Rocket Mortgage during its proposed acquisition of You regarding: the state of Your data security, data security budgeting and spending; the Data Breach; valuation of liabilities related to the Data Breach; and remediation efforts stemming from the Data Breach") on the grounds that the Topic is (i) irrelevant to any claim or defense, (ii) overbroad, unduly burdensome, and not proportionate to the needs of this case to the extent it seeks information that is not related to class certification, and so goes beyond the scope of the limited discovery permitted by the Order, and (iii) duplicative of Topic No. 26 to the extent that it seeks information regarding "disclosures to Rocket Mortgage regarding … the Data Breach." Mr. Cooper is willing to meet and confer regarding its objections to Topic No. 24, but will not prepare a corporate representative witness to testify at this time.

25.    Mr. Cooper objects to Topic No. 25 ("Your investigation and/or knowledge of whether any Person's PII accessed in the Data Breach was posted on the dark web after the Breach or otherwise used or made available for sale or download by cybercriminals, and the basis for that knowledge") on the grounds that the Topic (i) is irrelevant, overbroad, unduly burdensome, and not proportionate to the needs of this case to the extent it seeks information that is not related to class certification, and so goes beyond the scope of the limited discovery permitted by the Order, (ii) seeks information protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privileges or protections, and (iii) is duplicative of several Topics, including Topic Nos. 5 and 10, to the extent that it seeks "[y]our investigation and/or knowledge of whether any Person's PII accessed in the Data Breach was posted on the dark web." Subject to these objections, Mr. Cooper will reasonably prepare a corporate representative witness to provide non-privileged testimony concerning Mr. Cooper's investigation of whether any PII accessed in the incident was posted on the dark web or otherwise made available to cybercriminals.

26.    Mr. Cooper objects to Topic No. 26 ("Communications between You and any third party concerning the Data Breach, including the identification or number of individuals whose PII was potentially exposed during the Data Breach, the status of any investigation, and the payment of any assessment, monies, or damages resulting from the Data Breach") on the grounds that the Topic is (i) irrelevant to any claim or defense, overbroad, unduly burdensome, and not proportionate to the needs of this case to the extent it seeks information that is not related to class certification, and so goes beyond the scope of the limited discovery permitted by the Order, and (ii) duplicative of several Topics, including Topic Nos. 23 and 24, to the extent that it seeks information regarding "[c]ommunications between You and any third party concerning the Data Breach." Mr. Cooper is willing to meet and confer regarding its objections to Topic No. 26, but will not prepare a corporate representative witness to testify at this time.

27.    Mr. Cooper objects to Topic No. 27 ("Your use of customers' data for profit") on the grounds that the Topic is not relevant to any claim or defense, overbroad, unduly burdensome, and not proportionate to the needs of the case, to the extent that it (i) is not limited in time period or in scope, and



Norman E. Siegel, Gary M. Klinger, John A. Yanchunis
August 19, 2025
Page 11

(ii) seeks information that is not related to class certification, and so goes beyond the scope of the limited discovery permitted by the Order.  Mr. Cooper further objects to this Topic because Mr. Cooper does not sell customer PII or PHI to third parties, nor does it provide such PII or PHI to third parties for profit. Mr. Cooper further objects to this Topic as duplicative of Interrogatory No. 17, to which Mr. Cooper responded on August 13 that it "does not sell customer PII or PHI to third parties, nor does it provide such PII or PHI to third parties for profit."  Mr. Cooper is willing to meet and confer regarding its objections to Topic No. 27, but will not prepare a corporate representative witness to testify at this time.

28.     Mr. Cooper objects to Topic No. 28 ("Your budgets for information security, risk assessment, and third-party consultants for data security, including any increase in the budget (whether through increase in money or personnel) following the Data Breach") on the grounds that the Topic is (i) irrelevant to any claim or defense, and (ii) overbroad, unduly burdensome, and not proportionate to the needs of this case to the extent it seeks information that is not related to class certification, and so goes beyond the scope of the limited discovery permitted by the Order.  Mr. Cooper is willing to meet and confer regarding its objections to Topic No. 28, but will not prepare a corporate representative witness to testify at this time.

29.     Mr. Cooper objects to Topic No. 29 ("Your policy for the retention or deletion of the PII of consumers following the payment of mortgage loans by consumers and/or the transfer of the servicing rights and obligations of mortgage loans to another loan servicer") on the grounds that the Topic is (i) vague, irrelevant, overbroad, unduly burdensome, and not proportionate to the needs of this case to the extent it seeks information that is not related to class certification, and so goes beyond the scope of the limited discovery permitted by the Order, and (ii) duplicative of several Topics, including Topic Nos. 15 and 16, to the extent it seeks information concerning "[y]our policy for the retention or deletion of PII." Mr. Cooper is willing to meet and confer regarding its objections to Topic No. 28, but will not prepare a corporate representative witness to testify at this time.

*     *     *

As set forth above, Mr. Cooper stands ready to meet and confer to discuss these topics and its foregoing objections, along with Plaintiffs' proposals for compromise.

Sincerely,

*/s/ W. Kyle Tayman*
W. Kyle Tayman

cc: All Counsel of Records

# EXHIBIT A-8



W. Kyle Tayman
+1 202 346 4245
KTayman@goodwinlaw.com

Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036

goodwinlaw.com
+1 202 346 4000

August 26, 2025

**VIA EMAIL**

Norman E. Siegel
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
+1 816-714-7100
siegel@stuevesiegel.com

Gary M. Klinger
Milberg Coleman Bryson Phillips Grossman, PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60608
+1 866-252-0878
gklinger@milberg.com

John A. Yanchunis
Morgan & Morgan Complex Litigation
201 N. Franklin St., 7th Floor
Tampa, FL 33602
+1 813-275-5272
jyanchunis@forthepeople.com

Re:  *Cabezas et al. v. Mr. Cooper Group Inc. et al.* **– Notice of 30(b)(6) Deposition to Mr. Cooper**

Dear Counsel:

We write to follow-up on our discussions during the meet and confers held on August 19, 2025, and August 20, 2025 regarding on the Rule 30(b)(6) deposition topics (the "Topics") set forth in your August 4, 2025 notice of Rule 30(b)(6) deposition (the "Notice") to Mr. Cooper, and Mr. Cooper's August 19, 2025 objections to the Notice. During the meet and confers, we discussed those Topics where the parties were not in agreement, namely: Topic Nos. 2, 3, 6, 8, 11-24, and 26-29.

As a preliminary matter and as with the disputed Requests for Production, we have been meeting and conferring with you in good faith in attempt to come to an agreement. Plaintiffs' position has been that every Topic somehow relates to the merits, but also to class certification, which has compelled multiple meet and confers—both to understand the basis of Plaintiffs' position and to determine whether any of the Topics could be limited to actual class certification issues. We remain willing to work with you to come to a mutually agreeable resolution and compromises, however, the readiness in which you threaten to go to the Court without explaining your positions or pursuing a middle ground is unproductive.

Notwithstanding, Mr. Cooper will reasonably prepare a corporate representative witness to provide non-privileged testimony relevant to class certification concerning the following Topics:

- **Topic No. 2 ("The nature of Your business, including the collection, storage, and use of PII as part of Your business"):** Mr. Cooper will reasonably prepare a corporate representative

**GOODWIN**

Norman E. Siegel, Gary M. Klinger, John A. Yanchunis
August 26, 2025
Page 2

witness to provide non-privileged testimony concerning how Mr. Cooper collects, stores, and uses PII as a general matter, including and as to the types of PII involved in the Ransom Attack that occurred on or about October 30, 2023, and variations in the treatment of the type of PII involved in the Ransom Attack.

- **Topic No. 3 ("As to the PII impacted in the Data Breach, the facts, circumstances, and/or purpose of your collection and retention of this information from its customers, lenders, mortgage loan originators, other mortgage loan services [sic], owners of the mortgage loans or individuals; how the information was stored and/or processed; whether it was segmented or encrypted in any way; and who had access to view or download the information"):** Mr. Cooper will reasonably prepare a corporate representative witness to provide non-privileged testimony concerning how the PII impacted by the Ransom Attack was generally collected, stored, and encrypted, and variation in the collection, storage, or encryption of that PII.

- **Topic No. 6 ("The vulnerability or vulnerabilities leveraged to execute the Data Breach, including the nature of the vulnerability(ies), when and how you first learned of the vulnerability(ies), whether there had been any prior attempts to exploit the vulnerability(ies), and when and how you remediated the vulnerability(ies)"):** Mr. Cooper will reasonably prepare a corporate representative witness to provide non-privileged testimony concerning actions taken by the threat actor in connection with the Ransom Attack.

- **Topic No. 16 ("Your log retention policy"):** Mr. Cooper will reasonably prepare a corporate representative witness to provide non-privileged testimony regarding the identity of the log retention policy in effect at the time of the Ransom Attack.

- **Topic No. 18 ("Your use of any SIEM tool (whether used or deployed via internal Employees or an outside Vendor) and/or any other tool to monitor traffic to and from Your Computer System from January 1, 2018 to October 31, 2024"):** Mr. Cooper will reasonably prepare a corporate representative witness to provide non-privileged testimony to identify SIEM and security traffic monitoring tools to and from its computer systems used by Mr. Cooper and in effect at the time of the Ransom Attack.

- **Topic No. 19 ("Monitoring and logging of ingress and egress traffic to and from Your Computer System, including whether such logging exists, where logs were and are maintained and stored, and how traffic was monitored from January 1, 2018 to October 31, 2024"):** Mr. Cooper will reasonably prepare a corporate representative witness to provide non-privileged testimony concerning the monitoring and logging of ingress and egress traffic to and from its computer systems at the time of the Ransom Attack.

- **Topic No. 20 ("Your use of any cybersecurity threat intelligence program ("TIP") (whether deployed via internal Employees or an outside Vendor)"):** Mr. Cooper will reasonably prepare a corporate representative witness to provide non-privileged testimony concerning its use of cybersecurity threat intelligence programs that were in effect at the time of the Ransom Attack.



Norman E. Siegel, Gary M. Klinger, John A. Yanchunis
August 26, 2025
Page 3

- **Topic No. 21 ("A description of each and every system, mechanism or process in place at the time of the Data Breach designed to protect the PII in Your Computer System or detect the exfiltration of PII by a threat actor from Your Computer System"):** Mr. Cooper will reasonably prepare a corporate representative witness to provide non-privileged testimony concerning the systems in effect at the time of the Ransom Attack to protect against or identify the exfiltration of PII.

At this time, based on the meet and confers, and consistent with its August 19, 2025 objections to the Notice, Mr. Cooper will not prepare a corporate representative witness to testify as to Topic Nos. 8, 11-15, 17, 22-24, 26, 28, and 29. Consistent with Mr. Cooper's prior objections, the discovery sought by these Topics concern only the merits of Plaintiff's claims and/or are otherwise irrelevant, and so go beyond the scope of the limited discovery permitted by the July 23, 2025 Class Certification Scheduling Order, ECF No. 126, and are unnecessary for class certification. *See, e.g. Amgen Inc. v. Connecticut Retirement Plans and Trust Funds,* 568 U.S. 455, 459-60 (2013) ("Rule 23(b)(3) requires a showing that questions common to the class predominate, *not that those questions will be answered, on the merits, in favor of the class*") (emphasis added); *Spence v. American Airlines, Inc.,* 2024 WL 3635309, at *5 (N.D. Tex. May 22, 2024) ("Rule 23 is a procedural rule that should not be treated as a 'dress rehearsal for the merits' … a district court is not required to 'determine whether the class contain[s] individuals who have not actually suffered any injury, because this would [amount] to a determination of the truth or falsity of the parties' contentions, rather than an evaluation of those contentions' commonality'") (quoting *In re Deepwater Horizon,* 739 F.3d 790, 811-12 (5th Cir. 2014)). Additionally, Mr. Cooper maintains that its interrogatory responses are sufficient to cover the information sought by Topic No. 27, so no additional testimony is necessary.

<p style="text-align:center">*    *    *</p>

As set forth above, Mr. Cooper willing to meet and confer to discuss these Topics and Plaintiffs' proposals for compromise.

Sincerely,

*/s/ W. Kyle Tayman*
W. Kyle Tayman

cc: All Counsel of Records