IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JENNIFER CABEZAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-2453-N |
| | § | |
| MR. COOPER GROUP, INC. et. al, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Jennifer Cabezas's motion to compel discovery responses [142]. For the following reasons, the Court denies Cabezas's motion.[1]

## I. ORIGINS OF THE DISPUTE

This is a data breach case against Mr. Cooper, a mortgage loan servicer. Pls.' Am. Compl. ¶ 2 [70]. On October 31, 2023, Mr. Cooper was the target of a cybersecurity attack (the "Ransom Attack"). *Id*. ¶ 366. In that attack, ransomware hackers seized control of Mr. Cooper's network and its customers' data. *Id*. ¶ 389. The personal identifying information ("PII") of more than 14 million customers was exposed. *Id*. ¶ 371. This data included the customers' names, addresses, phone numbers, Social Security numbers, dates of birth, and bank account numbers. *Id*. The cybercriminals demanded a ransom payment in exchange for releasing control of the network back to Mr. Cooper and assurance that any customer data was deleted. *Id*. ¶ 389. Mr. Cooper paid the ransom, and the hackers

---

[1] After reviewing the relevant briefings and examining the record, the Court also denies Cabezas's motion to strike the Declaration of Alan Blunt [154].

MEMORANDUM OPINION AND ORDER – PAGE 1

returned control of the systems to Mr. Cooper and provided assurance that the customers' data was deleted from the hackers' system. *Id*. ¶ 391. Plaintiffs are a putative class of Mr. Cooper customers and former customers whose PII was accessed during the data breach. Pls.' Am. Compl. ¶ 452. They allege that the hackers likely exfiltrated their data during the breach and retained a copy of the data separate from the data the hackers confirmed was deleted when Mr. Cooper paid the ransom. *Id*. ¶ 393–95. Plaintiffs allege that the exfiltrated data is now on the dark web, and brought suit based on the subsequent damages.[2] *Id*. ¶¶ 27, 88, 118, 219–20, 236, 311.

The Court previously ordered all discovery other than that regarding class certification stayed. Order (July 25, 2025) 1 [126]. Plaintiffs filed this motion to compel information for class certification, arguing that the discovery sought is relevant and tailored to establishing class certification.

## II. LEGAL STANDARD FOR DISCOVERY

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). A litigant may request the production of documents falling "within the scope of Rule 26(b)" from another party if the documents are in that party's "possession, custody, or control." FED. R. CIV. P. 34(a). A litigant may

---

[2] "The dark web is an area of the internet accessible only by using an encryption tool. It provides anonymity and privacy online, and perhaps consequently, frequently attracts those with criminal intentions." *United States v. Schultz*, 88 F.4th 1141, 1142 n.1 (5th Cir. 2023) (citing GARETH OWEN & NICK SAVAGE, THE TOR DARK NET, GLOBAL COMMISSION ON INTERNET GOVERNANCE, PAPER SERIES NO. 20, 1 (2015)).

MEMORANDUM OPINION AND ORDER – PAGE 2

also serve on another party "a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1)" regarding the facts, application of law to facts, or opinions about either. FED. R. CIV. P. 36(a)(1). Further, a litigant may serve interrogatories on another party relating "to any matter than may be inquired into under Rule 26(b)." FED. R. CIV. P. 33(a)(2). To enforce discovery rights, a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). The Fifth Circuit requires the party seeking to prevent discovery to specify why the discovery is not relevant or how each question is overly broad, burdensome or oppressive. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.3d 1482, 1485 (5th Cir. 1990); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005).

Courts construe relevance broadly, as a document need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant. *Samsung Elecs. Am. Inc. v. Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017). A district court has wide discretion to supervise discovery, however, and may limit discovery if it would be unreasonably cumulative, could be obtained more easily from a different source, is not proportional to the needs of the case, or if the burden or expense of proposed discovery outweighs its potential benefit. FED. R. CIV. P. 26(b)(2)(C); *see also Jones v. AT&T, Inc.*, 2025 WL 720939, at *2 (5th Cir. 2025); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990).

### III. THE COURT DENIES CABEZA'S MOTION TO COMPEL

#### A. Requests Regarding Mr. Cooper's Security Practices, Risks, and Audits

MEMORANDUM OPINION AND ORDER – PAGE 3

In Request for Production No. 15 and Topic Nos. 8 and 17, Cabezas requests all documents, communications, and results of "internal or external assessments or audits (formal or informal) of Mr. Cooper's Data Security measures," and any "cybersecurity audits" and "penetration testing and/or ethical hacking exercises" conducted. Pls.' Mot. Compel 3,4–5. The Court determines that the Request and Topics are overbroad and relate to merits discovery rather than class certification. First, the Requests and Topics exceed the permissible scope of discovery because Cabezas seeks "any" and "all" assessments over a six-year period without regard to whether these assessments relate to the Ransom Attack. *See Samsung Elecs. Am. Inc.*, 321 F.R.D. at 280.

Moreover, at this stage, Cabezas need only meet her burden under Rule 23 to certify the class. FED. R. CIV. P. 23(c)(1). Cabezas does not need to show that she will ultimately prevail on the merits of her claims. Thus, Rule 23 limits discovery to information regarding certification, including the nature of the evidence a plaintiff will use to establish the claims and defenses, to determine whether a plaintiff can present that evidence on a class-wide basis. *See* FED. R. CIV. P. 23(c)(1) Committee Note (2003). Here, the assessments and audits Mr. Cooper did or did not perform do not relate to certifying the class under Rule 23(a), (b)(2), or (b)(3). *See St. Gregory Cathedral Sch. v. LG Elecs., Inc.*, 2013 WL 12214144, at *4 (E.D. Tex. 2013). Accordingly, the Court denies Cabezas's motion to compel Request No. 15 and Topic Nos. 8 and 17.

### B. Request regarding Mr. Cooper's Compliance with Cybersecurity Standards

Next, Cabezas seeks to compel Mr. Cooper to respond to Topic No. 11: the "Cybersecurity standards" Mr. Cooper complies with and "any findings of non-

MEMORANDUM OPINION AND ORDER – PAGE 4

compliance" with those same standards. Pls.' Mot. Compel 5. Specifically, Cabezas lists various voluntary federal and private data security standards, including those from the FBI, U.S. Cybersecurity and Infrastructure Security Agency, and Microsoft. *Id*. Each entity's "Standard" includes numerous security standards and hundreds of sub-standards, some of which address common security vulnerabilities. Def.'s Resp. 13. The Court agrees with Mr. Cooper that Cabezas's discovery request fails to describe the standards she seeks with reasonable particularity as required by Rule 34. *See* FED. R. CIV. P. 34(b)(1) ("The request . . . must describe with reasonable particularity each item or category to be inspected."). A request must apprise a party of what information is responsive without requiring him or her to "ponder and speculate in order to decide what is and what is not responsive." *Lopez v. Don Herring, Ltd.*, 327 F.R.D. 567, 575 (N.D. Tex. 2018).

Additionally, Cabezas's request, as initially written, is overbroad because it seeks information on security standards from 2014 to 2016, almost a decade before the Ransom Attack. Thus, while it is true that a request is not improper merely because a party must work to prepare a response, the requests as written would require Mr. Cooper to guess what standards were in place nearly ten years ago and, of those, what standards Cabezas seeks. Because this information is overbroad and vague under Rule 34, the Court denies Cabezas's motion to compel for Topic No. 11.

### C. Requests Regarding the Budget for Cyber and Data Security

Next, Cabezas seeks to compel Mr. Cooper to respond to the requests related to its "annual budget" and how much was "actually spent" for cyber and data security, and whether there was "any increase in the budget" after the Ransom Attack — Request No.

MEMORANDUM OPINION AND ORDER – PAGE 5

18 and Topic No. 28. Pls.' Mot. Compel 16–17. Mr. Cooper objects on two bases. First, Mr. Cooper argues that the Complaint fails to allege that the budgets are at issue and thus are not relevant to establishing common proof. Def.'s Resp. 14. Second, Mr. Cooper argues that these requests seek "matters for merits discovery." *Id*.

The Court agrees that the annual budget, at this stage, is irrelevant. "Class certification hearings should not be mini-trials on the merits of the class or individual claims." *Unger v. Amedisys Inc.*, 401 F.3d 316, 321 (5th Cir. 2005) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78 (1974)). Here, whether Mr. Cooper had a budget and its amount are not "necessary or helpful" to determining any of Rule 23's certification requirements: numerosity, commonality, typicality, and predominance. FED. R. CIV. P. 23(a); *see Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982). Accordingly, the Court denies Cabezas's motion to compel a response to Request No. 18 and Topic No. 28.

**D. Request Regarding Mr. Cooper's Rocket Mortgage Acquisition Disclosures**

Cabezas also seeks to compel a response to Topic No. 24: Any disclosures Mr. Cooper made to Rocket Mortgage regarding data security, the Ransom Attack and valuation of liabilities and remediation offers related to the breach. Pls.' Mot. Compel 5. The disclosures occurred two years after the Ransom Attack, and are, thus, not sufficiently relevant to class certification issues. Def.'s Resp. 15. Moreover, Mr. Cooper previously agreed to provide responses to Cabezas's questions about its security and the breach, and to designate a corporate representative for depositions. Def.'s Resp 15. The information would be duplicative. FED. R. CIV. P. 26(b)(2)(C); *see also Landry v. Air Line Pilots Ass'n*

*Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990). Thus, the Court denies Cabezas's motion to compel a response to Topic No. 24.

### E. Requests Regarding Mr. Cooper's Knowledge of Other Data Breaches and Lawsuits

Next, in Topic Nos. 13 and 14, Cabezas seeks to compel Mr. Cooper to disclose its knowledge of data breaches in the financial or mortgage industries prior to the Ransom Attack and its knowledge of any lawsuits against Mr. Cooper for the Ransom Attack or another security incident. *See* Pls.' Mot. 15. However, Mr. Cooper's knowledge as to either Topic Nos. 13 and 14, are not necessary or helpful in determining class certification issues. FED. R. CIV. P. 23(a); *see Winter*, 669 F.2d at 331. The occurrence of other data breaches in other companies has no bearing on certification, and Mr. Cooper claims the Ransom Attack is its sole "security incident." Def.'s Resp. 16. Accordingly, the Court denies Cabezas's motion to compel a response to Topic Nos. 13 and 14.

### F. Request Regarding Mr. Cooper's Data Retention Practices

In Topic No. 29, Cabezas seeks information related to Mr. Cooper's "policy for the retention or deletion of the [PII] of consumers" following payment or transfer of the consumer's mortgage.[3] Pls.' Mot. Compel 15. Mr. Cooper argues that it has already produced this information in response to Request for Production No. 14. Def.'s Resp. 16. Additionally, Mr. Cooper will provide a representative to answer remaining questions about its policies or procedures, including the collection, storage, usage, and encryption of

---

[3] Grant also seeks the Court to compel production for Request No. 27 relating to how Mr. Cooper uses customer PII for profit. Pls.' Mot. Compel 6. However, Cabezas's brief does not include any argument for compelling a response to this Request in her argument. The Court therefore does not address Request No. 27.

MEMORANDUM OPINION AND ORDER – PAGE 7

the data, and how the compromise occurred. *Id*. Because responses to Topic No. 29 would be duplicative, the Court agrees with Mr. Cooper. FED. R. CIV. P. 26(b)(2)(C); *see also Landry*, 901 F.2d at 436 n.114. Accordingly, the Court denies the motion to compel a response to Topic No. 29.

### G. Requests Regarding Implemented or Planned Changes

In Request No. 22 and Topic No. 12, Cabezas requests all "documents and communications relating to any Data Security changes Mr. Cooper implemented or planned to implement as a result of the" Ransom Attack to its systems, devices, and software to remedy vulnerabilities. *See* Pls.' Mot. Compel 3, 5. However, neither of these items support common proof as Cabezas claims. *Id*. at 17–18. First, any implemented or planned changes to data security is a merits question because Cabezas seeks this to addresses whether Mr. Cooper complied with industry standards. *See Unger*, 401 F.3d at 321 (citing *Eisen*, 417 U.S. at 177–78). Second, Mr. Cooper has already produced information concerning the changes to policy in other responses. Def.'s Resp. 17–18. Thus, responses would be duplicative, and the expense would outweigh its potential benefit. FED. R. CIV. P. 26(b)(2)(C); *see also Landry*, 901 F.2d at 436 n.114. Accordingly, the Court denies Cabezas's motion to compel a response to Request No. 22 and Topic No. 12.

### H. Requests for Exchanges with Insurers, Regulators, and Government Entities

Request No. 23 and Topic No. 23 seeks all "documents and communications" from Mr. Cooper to "any insurers, regulators, attorney generals' officers," "law enforcement agencies," "or any other governmental entities." Pls.' Mot. Compel 3, 5. These items do

MEMORANDUM OPINION AND ORDER – PAGE 8

not address the Rule 23 factors for two reasons. First, these documents and communications go to the substance of the allegations, that is, whether Mr. Cooper met its regulatory obligations, and not to address class certification. *See Unger*, 401 F.3d at 321 (citing *Eisen*, 417 U.S. at 177–78).

Second, Mr. Cooper has already publicly disclosed this information in public filings with the U.S. Securities and Exchange Commission and notices to state attorneys general. Def.'s Resp. 18. A response for "any" and "all" communication exceed what Rule 23 requires. *Landry*, 901 F.2d at 436 n.114. Moreover, the communications do not support the Rule 23 factors because Cabezas need not identify *every* class member to certify the class. *Frey v. First Nat. Bank Sw.*, 602 F. App'x 164, 168 (5th Cir. 2015) ("However, the court need not know the identity of each class member before certification; ascertainability requires only that the court be able to identify class members at some stage of the proceeding." (citation omitted)). Rather, Cabezas needs to show only that the class members *can* be ascertained. *A.A. ex rel. P.A. v. Phillips*, 2023 WL 334010, at *2 (5th Cir. 2023).

Accordingly, the Court denies Cabezas's motion to compel Mr.Cooper to respond to Request No. 23 and Topic No. 23.

### I. Requests Regarding Public or Third-Party Statements About PII

Finally, Cabezas asks the Court to compel Mr. Cooper to respond to Topic Nos. 22 and 26: Mr. Cooper's statements and policies made to "the public, [its] customers, and/or their clients" about its data security before and after the Ransom Attack, and to third parties concerning the PII potentially exposed. *See* Pls.' Mot. Compel 19. However, Cabezas's

MEMORANDUM OPINION AND ORDER – PAGE 9

requests are unduly burdensome under *Landry*. *See* 901 F.2d at 436 n.114. As an initial matter, a response to which individuals were impacted and the status of an investigation or resulting effects of the Ransom Attack are duplicative of the other Requests and Topics. Mr. Cooper already intends to designate a corporate representative and produced responses and documents to discuss what systems were compromised, what investigations took place and their results, and the affected individuals as well as how they were notified. Def.'s Resp. 21.

Next, any statements made "to the public," as Cabezas's request states, are available to Cabezas because she is part of the public. Mr. Cooper does not need to undertake additional expense to provide materials Cabezas already has or can access. Additionally, Cabezas and any members of the putative class would have access to their own communications with Mr. Cooper and copies of their data agreement with Mr. Cooper. Thus, Mr. Cooper does not need to produce additional copies of its policies and procedures. *See Landry*, 901 F.2d at 436 n.114. Moreover, Mr. Cooper has millions of customers with millions of agreements. Def.'s Resp. 21. Cabezas's request is not limited in time or subject matter, rather, it spans six years and does not identify what statements or provisions of the policy Cabezas seeks. These requests are disproportionate, then, to the information sought. Accordingly, the Court denies Cabezas's motion to compel Topic Nos. 22 and 26.

## Conclusion

The Court denies Cabezas's motion to compel.

Signed December 2, 2025.

_____
David C. Godbey
Senior United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 11