IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JENNIFER CABEZAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-2453-N |
| | § | |
| MR. COOPER GROUP, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order addresses Defendant Mr. Cooper Group, Inc.'s and Nationstar Mortgage LLC d/b/a Mr. Cooper's (collectively "Mr. Cooper") motion to compel discovery responses [178]. For the following reasons, the Court grants Mr. Cooper's motion.

### I. ORIGINS OF THE DISPUTE

This is a data breach case against Mr. Cooper, a mortgage loan servicer. Pls.' Am. Compl. ¶ 2 [70]. On October 31, 2023, Mr. Cooper was the target of a cybersecurity attack. *Id*. ¶ 366. In that attack, hackers seized control of Mr. Cooper's network, exposing the personal identifying information ("PII") of more than 14 million customers. *Id*. ¶¶ 371, 389. This data included the customers' names, addresses, phone numbers, Social Security numbers, dates of birth, and bank account numbers. *Id*. The cybercriminals demanded payment in exchange for releasing control of the network to Mr. Cooper and assurance that they deleted the customers' data. *Id*. ¶ 389. Mr. Cooper paid the ransom and the hackers returned network control and provided assurance that they deleted their copy of customers' data. *Id*. ¶ 391.

ORDER – PAGE 1

Plaintiffs are a putative class of Mr. Cooper customers and former customers whose PII was accessed during the data breach. *Id.* ¶ 452. They allege that the hackers likely exfiltrated their data during the breach and retained a copy of the data separate from the data the hackers confirmed was deleted when Mr. Cooper paid the ransom. *Id.* ¶ 393–95. Plaintiffs allege the data is now on the dark web, and brought suit based on the subsequent damages.[1] *Id.* ¶¶ 27, 88, 118, 219–20, 236, 311. The Court previously ordered all discovery other than that regarding class certification stayed. Order, July 25, 2025 [126]. Then, Mr. Cooper filed this motion to compel a credit authorization form and attorney engagement letters.

## II. LEGAL STANDARD FOR DISCOVERY

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). A litigant may request the production of documents falling "within the scope of Rule 26(b)" from another party if the documents are in that party's "possession, custody, or control." FED. R. CIV. P. 34(a). A litigant may also serve on another party "a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1)" regarding the facts, application of law to facts, or opinions about either. FED. R. CIV. P. 36(a)(1). Further, a litigant may serve interrogatories on

---

[1] "The dark web is an area of the internet accessible only by using an encryption tool. It provides anonymity and privacy online, and perhaps consequently, frequently attracts those with criminal intentions." *United States v. Schultz*, 88 F.4th 1141, 1142 n.1 (5th Cir. 2023) (citing GARETH OWEN & NICK SAVAGE, THE TOR DARK NET, GLOBAL COMMISSION ON INTERNET GOVERNANCE, PAPER SERIES NO. 20, 1 (2015)).

ORDER – PAGE 2

another party relating "to any matter than may be inquired into under Rule 26(b)." FED. R. CIV. P. 33(a)(2). To enforce discovery rights, a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). The Fifth Circuit requires the party seeking to prevent discovery to specify why the discovery is not relevant or how each question is overly broad, burdensome or oppressive. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.3d 1482, 1485 (5th Cir. 1990).

Courts construe relevance broadly, as a document need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant. *Samsung Elecs. Am. Inc. v. Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017). A district court has wide discretion to supervise discovery, however, and may limit discovery if it would be unreasonably cumulative, could be obtained more easily from a different source, is not proportional to the needs of the case, or if the burden or expense of proposed discovery outweighs its potential benefit. FED. R. CIV. P. 26(b)(2)(C); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990).

### III. THE COURT GRANTS MR. COOPER'S MOTION TO COMPEL

#### A. *Requests Regarding Equifax Documents and Communications*

First, in "Documents Requested" No. 3 and 4, Mr. Cooper seeks all documents and communications of named Plaintiffs "sufficient to show whether any Plaintiff has been subject to identity theft, including for any instance, the type of identity theft and the date it occurred" and "whether any Plaintiff received notice or an alert that their PII was allegedly used without their permission." Def.'s Mot. Compel 4; Def.'s App. 21[178].

ORDER – PAGE 3

Class certification requires a "rigorous analysis of Rule 23 prerequisites." *Madison v. Chalmette Ref., L.L.C.,* 637 F.3d 551, 554 (5th Cir.2011) (internal quotation marks omitted). For example, Plaintiffs' claims must have a "common contention" "capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Commonality "is informed by the defendant's conduct as to all class members and any resulting injuries common to all class members . . . ." *Sullivan v. DB Invs., Inc*, 667 F.3d 273, 297 (3d Cir. 2011) (en banc).

The Requests are within the permissible scope of discovery because Plaintiffs sued Mr. Cooper for *inter alia* breaches of contract, invasion of privacy, and negligence related to the disclosure of their PII and the resulting identity theft or fraud. *See, e.g.*, Pl.'s Am. Compl ¶¶ 462–538. Plaintiffs allege that Mr. Cooper's acts or omissions caused harm. *Id*. This is within Rule 23 because it includes the nature of the evidence used to establish claims or defenses on a class-wide basis. *See* FED. R. CIV. P. 23(c)(1) Committee Note (2003). Additionally, because Plaintiffs can authorize release of these documents through a short form, Plaintiffs have not met their burden to prevent discovery. Def.'s Mot. to Compel 4; *McLeod*, 894 F.3d at 1485. Accordingly, the Court grants Mr. Cooper's motion to compel "Documents Requested" No. 3 and 4 limiting it to Equifax and as to the named Plaintiffs.

### B. Request Regarding Attorney Engagement Letters

Next, Request for Production No. 2 seeks "[e]ngagement letters, retention agreements, fee agreements, and any other Documents or Communications between [Plaintiffs] and Plaintiffs' Counsel that set forth the fee structure for this Action and/or the

ORDER – PAGE 4

scope of services to be provided by Plaintiffs' Counsel." Def.'s Mot. Compel 8. Plaintiffs object based on privilege and relevance.

Fee agreements are generally not privileged. *In re TJX Companies, Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 2008 WL 2437558, at *4 (D. Kan. 2008). Plaintiffs also waived the attorney-client privilege by failing to comply with the requirements of Rule 26(b)(5)(A) when she did not produce a privilege log or provide an inadequate one.). *See* Pl.'s Resp. 11–12 ("The absence of a privilege log is not material); *X Corp. v. Media Matters for Am.*, 2024 WL 4416887, at *2 (N.D. Tex. 2024) (collecting cases). Moreover, any responsive documents may be designated "confidential" and subject to the protective order in this case [82].

The information is also relevant. Rule 23(a)'s adequacy requirement encompasses class representatives, their counsel, and the relationship between the two. *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001) (citation omitted). "[A] class opponent may undertake discovery of the putative representative's financial condition." *Horton v. Goose Creek Indep. Sch. Dist.*, 690 F.2d 470, 485 (5th Cir. 1982); *see also Klein v. Henry S. Miller Residential Servs., Inc.*, 82 F.R.D. 6, 8 (N.D. Tex. 1978) (finding fee arrangement relevant at the class certification stage). Thus, the Court grants Mr. Cooper's motion to compel Request for Production No. 2.

## CONCLUSION

The Court grants Mr. Cooper's motion to compel and orders Plaintiffs to fully respond and produce responsive documents within thirty (30) days of this Order.

ORDER – PAGE 5

Signed July 1, 2026.

_____
David C. Godbey
Senior United States District Judge

ORDER – PAGE 6