**IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JENNIFER CABEZAS *et al.*, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>MR. COOPER GROUP, INC. and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER,<br>Defendants. | Case No. 3:23-CV-02453-N |

**<u>PLAINTIFFS' MOTION TO SUBSTITUTE CLASS REPRESENTATIVE</u>**

**TABLE OF CONTENTS**

TABLE OF CONTENTS .......... i
I. INTRODUCTION .......... 1
II. Background .......... 1
III. LEGAL STANDARD .......... 4
A. Substituting Class Representatives .......... 4
B. “Good Cause” to Modify Scheduling Order .......... 6
IV. ARGUMENT .......... 7
A. Substitution of Class Representatives is Routine in Federal Class Action Litigation. .......... 7
B. To the Extent the Court Finds Substitution Requires an Amended Complaint, There Is Good Cause to Modify the Class Certification Scheduling Order Deadlines to Seek Leave for this Amendment at this Juncture in the Case. .......... 8
C. Whether Under Rule 15, 21, 23, or 24, the Court Should Exercise Its Broad Discretion to Allow Substitution, Replacing Plaintiff Pollard with Mr. Round. .......... 11
V. CONCLUSION .......... 15

## I. INTRODUCTION

After diligently litigating the case for nearly two years, including through persistent health issues, Plaintiff Kay Pollard is no longer able to proceed as a class representative in this case. Despite securing a substitute plaintiff and offering Mr. Cooper expedited discovery and other reasonable extensions if Plaintiff Pollard could be substituted, Mr. Cooper refused to give written consent to amend the complaint to replace Plaintiff Pollard with a new class representative or to otherwise substitute her with a new class representative. Courts routinely permit substitution of class representatives, even after class certification has been decided and even after a given class representative has been found inadequate. While the deadlines to join parties or amend pleadings in the Court's initial Class Certification Scheduling Order have passed, there is good cause to permit substitution of a class representative at this juncture, especially where class certification has not yet been fully briefed—let alone submitted to the Court or decided.

## II. BACKGROUND

On July 15, 2024, Plaintiffs (including Plaintiff Pollard) filed their Consolidated Class Action Complaint. Dkt. 70. In the ensuing months, the parties litigated Mr. Cooper's Motion to Dismiss, during which Plaintiff Pollard, along with the other Plaintiffs, provided a declaration in opposition. *See* Dkt. 100 at App. 106–09. On July 22, 2025, the Court granted in part and denied in part Mr. Cooper's Motion to Dismiss Plaintiffs' claims, finding that Plaintiffs had established their Article III standing at the pleading stage and allowing several of their claims to proceed. Dkt. 124. The Court deferred ruling on Plaintiffs' state statutory claims until its ruling on class certification. *Id.*

A few days later, on July 25, 2025, the Court entered its initial Class Certification Scheduling Order ("Scheduling Order"). Dkt. 126. Under the Scheduling Order, discovery relevant to class certification began immediately, and all other discovery was stayed. *Id.* at ¶¶ 3, 4(a). As

to joinder of parties and amendment of pleadings, the Scheduling Order provides that "motions for leave to join additional parties must be filed within 30 days of the date of this Order," and motions "for leave to amend pleadings under Rule 15(a) must be filed within 60 days of this Order." Dkt. 126 ¶ 2. The Scheduling Order further provides that any motion for leave to amend pleadings after that date must show good cause pursuant to Rule 16(b). *Id.*

Class discovery ensued. During this process, Plaintiff Pollard produced documents and written discovery, including verified responses to interrogatories. **Exhibit A,** Declaration of Norman E. Siegel ("Siegel Decl.") at ¶ 13, App. 003. As recently as July 31, 2026, Plaintiff Pollard complied with the Court's order on Mr. Cooper's motion to compel. Siegel Decl. ¶ 17, App. 004. On April 1, 2026, Plaintiffs served their Motion for Class Certification on Mr. Cooper. Siegel Decl. ¶ 10, App. 003. Mr. Cooper served its Opposition on September 3, 2026. Siegel Decl. ¶ 11, App. 003. Plaintiffs' reply is currently due on November 2, with the parties to submit all class certification papers to the Court via filing on November 23, 2026. Siegel Decl. ¶ 12, App. 003. In the more than one year since class discovery opened, several modifications of certain deadlines in the Scheduling Order have been ordered, some by agreement of the parties and some via contested motion. Siegel Decl. ¶ 8, App. 003. The deadlines to join parties and amend pleadings have not yet been modified. Siegel Decl. ¶ 9, App. 003.

After Plaintiffs' Motion for Class Certification was served on April 1, Mr. Cooper began taking the depositions of the Plaintiffs. Siegel Decl. ¶ 18, App. 004. On June 11, 2026, Mr. Cooper noticed Plaintiff Pollard's deposition for July 15, 2026, in Kissimmee, Florida. Siegel Decl. ¶ 19, App. 004. On July 2, 2026, Plaintiffs' counsel informed Mr. Cooper that Plaintiff Pollard's deposition would need to be rescheduled due to health issues she was facing. Siegel Decl. ¶ 20, App. 004; **Exhibit B**, App. 007. In the ensuing weeks, Plaintiffs' counsel attempted to find

alternative dates for Plaintiff Pollard's deposition, but Plaintiff Pollard's health issues remained ongoing. Siegel Decl. ¶ 21, App. 004, **Exhibit C**, App. 010. In an abundance of caution, Plaintiffs also were considering other potential Florida Subclass representatives should substitution prove necessary. On August 5, 2026, Plaintiffs' counsel updated Mr. Cooper via email that they were gathering Plaintiff Pollard's availability for deposition the week of August 17, 2026, and that they would likely be able to provide dates by the following Monday, August 10. Siegel Decl. ¶ 22, App. 004. Around this time, however, Plaintiff Pollard came to the decision to withdraw as a named Plaintiff and class representative in this case. Siegel Decl. ¶ 23, App. 004.

On August 10, 2026, Plaintiffs then promptly reached out to Mr. Cooper to propose a substitution of Plaintiff Pollard. Siegel Decl. ¶ 24, App. 004; **Exhibit D**, App. 015–16. To avoid unnecessary motion practice, Plaintiffs proposed that Plaintiff Pollard be substituted by amending the complaint with Mr. Cooper's written consent under Rule 15(a)(2). Siegel Decl. ¶ 25, App. 005; **Exhibit** D, App. 016. Plaintiffs' proposal also included (1) expedited discovery responses and document production by the new Plaintiff, (2) availability for the new Plaintiff's deposition in late August and in September 2026, and (3) willingness to agree to reasonable extensions of the remaining class certification deadlines to accommodate the substitution. Siegel Decl. ¶ 26, App. 005; **Exhibit** D, App. 016.

On August 14, 2026, the parties met and conferred regarding Plaintiffs' proposal for substitution. Siegel Decl. ¶ 27, App. 005. During the meet and confer, Plaintiffs reiterated their proposal and also informed Mr. Cooper that a new Plaintiff was ready to replace Plaintiff Pollard. Siegel Decl. ¶ 28, App. 005. That same day, Plaintiffs sent a follow-up email to Mr. Cooper proposing specific dates for filing the amended complaint and for production of documents and written discovery by the new Plaintiff and proposing that the new Plaintiff's deposition be taken

in September. Siegel Decl. ¶ 29, App. 005, **Exhibit D**, App. 014. On August 17, Mr. Cooper emailed Plaintiffs rejecting the substitution proposal. Siegel Decl. ¶ 30, App. 005, **Exhibit D**, App. 014.

On August 18, Plaintiffs responded, making the alternative proposal that Mr. Cooper agree to not oppose a motion to substitute under Federal Rule of Civil Procedure 21 and related authority in lieu of a stipulated amendment. Siegel Decl. ¶ 31, App. 005, **Exhibit D**, App. 013. On August 20, Mr. Cooper again declined. Siegel Decl. ¶ 32, App. 005, **Exhibit** D, App. 012.

On September 3, in its Opposition to Plaintiffs' Motion for Class Certification, Mr. Cooper argues that Plaintiff Pollard's intention to withdraw renders the Florida Subclass uncertifiable. Siegel Decl. ¶ 33, App. 006. Plaintiffs' counsel have been retained by Austin Round, who Plaintiffs propose as the substitute for Plaintiff Pollard. Siegel Decl. ¶ 34, App. 006. Mr. Round would assert the same claims as Ms. Pollard and would be a proposed representative of the Class and Florida Subclass. Siegel Decl. ¶ 35, App. 006.

Plaintiffs thus respectfully submit their present Motion and request that the Court permit them to substitute Plaintiff Pollard with Mr. Round.

## III. LEGAL STANDARD

### A. Substituting Class Representatives

The Federal Rules of Civil Procedure do not prescribe a particular procedural avenue for substituting named plaintiffs in a class action, but several are available to the Court. *First*, under Rule 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." "Rule 21 'has been construed to authorize the addition of a party who, through inadvertence, mistake, or other reason has not been made a party and is desirable or necessary as a party.'" *Pederson v. Unilever, N.V.*, No. SA-20-CV-20-XR, 2020 WL 8408970, at *1 (W.D. Tex. Apr. 17, 2020) (quoting *Clark v. America's Favorite Chicken Co.*, 896 F. Supp. 611, 617–18 (E.D. La.

1995)). "A court has 'broad discretion' in determining whether a party should be added." *Id.* (quoting *Bibbs v. Early*, 541 F.3d 267, 274 (5th Cir. 2008)).

*Second*, under Rule 15(a)(2), Plaintiff Pollard may be substituted via amendment of the complaint with "the court's leave," which the Court "should freely give . . . when justice so requires." While leave to amend under this Rule "is not automatic," the Rule "evinces a bias in favor of granting leave to amend." *In re Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996) (intrernal quotation marks omitted) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

*Third*, courts may permit substitution through intervention under Rule 24. Rule 24(b)(1)(B) permits courts, "[o]n timely motion," to "permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." This rule applies broadly to named plaintiffs in class actions. "Rule 23(d) makes specific provision for the intervention of class members into class actions[,] . . . empower[ing] the court in any type of class action to encourage members of the class 'to intervene and present claims or defenses, or otherwise come into the action.'" *Vuyanich v. Republic Nat. Bank of Dallas*, 82 F.R.D. 420, 436 (N.D. Tex. 1979). *See also Graves v. Walton County Bd. of Educ.,* 686 F.2d 1135, 1138 (5th Cir. 1982) (collecting cases) ("It is firmly established that where a class action exists, members of the class may intervene or be substituted as named plaintiffs in order to keep the action alive after the claims of the original named plaintiffs are rendered moot."); *Larry James Oldsmobile-Pontiac-GMC Truck Co. v. Gen. Motors Corp.*, 175 F.R.D. 234, 239–40 (N.D. Miss. 1997) ("[W]hen faced with a similar situation in a subclass setting, the Fifth Circuit has noted that the trial court should consider whether it serves the interests of justice or judicial economy to postpone dismissal of the action for a specified period in which members of that subclass could become plaintiffs by amendment to the Complaint or by

intervention and thereby save the subclass action." (citing *Johnson v. American Credit Co. of Ga.*, 581 F.2d 526, 533 n. 13 (5th Cir.1978)).

*Fourth*, "[R]ule 23 gives the district court significant leeway to make appropriate orders during the course of class actions, including the amendment of pleadings to replace or add new class representatives when necessary" or to "simply designate that person as a representative in the order granting class certification." *Arevalo v. Fid. Nat'l Fin., Inc.*, No. SA-06-CA-0265-OG, 2007 WL 9712070, at *2 (W.D. Tex. Feb. 14, 2007) (citing Fed. R. Civ. P. 23(d) and Manual for Complex Litigation (Fourth) § 21.26 (2004)) (emphasis omitted). *See also* Fed. R. Civ. P. 23(d)(1)(B)(iii) (granting courts discretion to notify class members of opportunity "to intervene and present claims or defenses, or to otherwise come into the action").

**B. "Good Cause" to Modify Scheduling Order**

Because Plaintiffs' Motion potentially implicates the deadlines for seeking leave to join parties or amend pleadings in the Scheduling Order,[1] those deadlines may have to be modified. Under Rule 16(b)(4), this Court may modify them "for good cause and with the judge's consent." This standard is satisfied if the deadlines at issue "cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

[1] To the extent deciding Plaintiffs' request for substitution requires a decision to grant leave to amend Plaintiffs' Complaint, Plaintiffs must show good cause to modify the deadlines in the Scheduling Order for seeking leave to amend pleadings or join parties. However, Rule 21 expressly permits this Court to "add" Plaintiff Round and "drop" Plaintiff Pollard "at any time." Further, the Scheduling Order does not set a deadline for intervention under Rule 24. As discussed in detail below, Plaintiffs have established good cause under Rule 16(b)(4).

## IV. ARGUMENT

Here, the Court should allow Plaintiffs to replace Plaintiff Pollard with Plaintiff Round. First, replacement of named plaintiffs is a commonplace aspect of class action litigation, and the substitution Plaintiffs seek is no exception. Second, to the extent substitution would require modifying the deadline for amending pleadings or joining parties, there is good cause to permit Plaintiffs to seek the Court's leave to do so at this stage of the litigation. Third, substitution is proper under any of the several procedural mechanisms available to the Court. Finally, courts have broadly allowed substitution of class representatives, both before and after class certification has been decided. This Court should do the same here and grant Plaintiffs' Motion.

### A. Substitution of Class Representatives is Routine in Federal Class Action Litigation.

As an initial matter, the substitution Plaintiffs seek is commonplace in federal class actions. Substitution of a class representative is "common" and an "unexceptionable ('routine') feature of class action litigation." *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006) (Posner, J.). "It is firmly established that where a class action exists, members of the class may intervene or be substituted as named plaintiffs in order to keep the action alive . . . ." *Larry James*, 175 F.R.D. 234, 239–40 (N.D. Miss. 1997) (internal quotation marks omitted) (quoting *Graves*, 686 F.2d at 1138). "[T]he Supreme Court and Fifth Circuit have allowed additional plaintiffs to represent a class when it appears that the named plaintiff either does not satisfy one of the criteria of Rule 23(a) or is not as strong a representative as he or she might be." *Vuyanich v. Republic Nat. Bank of Dallas*, 82 F.R.D. 420, 436 (N.D. Tex. 1979) (citing cases). Substitution is appropriate "if a representative . . . is no longer pursuing the litigation." Manual for Complex Litig. § 21.26 (4th ed. 2004).

In part for this reason, at least one district court in the Fifth Circuit granting a contested motion to substitute a named plaintiff noted that it "represent[ed] one of the silliest legal disputes this court has been called upon to resolve in 2022" and "represent[ed] an enormous waste of time, energy and resources by the attorneys, clients, and this court." *Usler v. Vital Farms*, *Inc.*, No. A-21-CV-447-RP, 2022 WL 22782467, at *3 (W.D. Tex. Sept. 26, 2022). Here, the Court should recognize the same and permit Plaintiff Pollard to be substituted with Mr. Round.

**B. To the Extent the Court Finds Substitution Requires an Amended Complaint, There Is Good Cause to Modify the Class Certification Scheduling Order Deadlines to Seek Leave for this Amendment at this Juncture in the Case.**

If the Court determines an amended complaint is necessary, Plaintiffs satisfy the "good cause" standard under Rule 16(b) to modify the Scheduling Order deadlines for seeking leave to join parties and amend pleadings.[2] Under Rule 16(b)(4), the core requirement for good cause to modify a scheduling order is showing that "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters.*, 315 F.3d at 535. Here, Plaintiffs could not have reasonably met the Scheduling Order deadlines to amend the complaint to replace Plaintiff Pollard, despite Plaintiffs' diligence in litigating this case from its inception. For purposes of determining good cause to extend a deadline to seek leave to amend pleadings, courts evaluate the following factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Banks v. Spence*, 114 F.4th 369, 371 (5th Cir. 2024) (quoting *S&W Enters.*, 315 F.3d at 536). In this case, all factors weigh in favor of modifying the Scheduling Order's deadlines to seek leave to amend pleadings or join parties.

---

[2] In the event the Court relies on Rule 15, Plaintiffs attach their proposed First Amended Consolidated Class Action Complaint. Siegel Decl. ¶ 36, Exhibit E, App. 017–202.

First, Plaintiffs have a good faith, reasonable basis for the timing of Plaintiffs' Motion, which does not result from lack of diligence. The Scheduling Order deadlines to seek leave to join parties and amend pleadings were 30 days and 60 days after entry of the initial Scheduling Order, which was August 25, 2025, and September 23, 2025, respectively. At time of these deadlines—and almost through the entire class discovery period—Plaintiffs reasonably believed Plaintiff Pollard was able to adequately proceed as a putative representative of the nationwide and Florida classes. Plaintiff Pollard's health issues apparently did not begin to impact her ability to participate in the case until early July 2026—nearly a year after these deadlines passed—when she requested that her deposition be rescheduled. She did not come to the decision not to proceed as a class representative until August 2026. Until then, Plaintiffs, including Plaintiff Pollard, diligently litigated the case, including producing documents and written discovery. Therefore, "even acting with due diligence" Plaintiffs "had no reason to seek substitution prior to the deadline" to seek leave to join parties or amend pleadings. *In re Motor Fuel Temperature Sales Pracs. Litig.*, No. 07-MD-1840-KHV, 2009 WL 3122501, at *2 (D. Kan. Sept. 24, 2009). Indeed, "the need to substitute new plaintiffs as class representatives does not frequently arise at convenient times, such as prior to the deadlines contemplated in Rules 15 and 16." *Id.* (granting motion to amend complaint to substitute new plaintiffs as proposed class representative 10 months after amendment deadline had passed).

Moreover, the timing of Plaintiffs' Motion is not for lack of diligence, particularly given the time and effort needed to find a substitute class representative, and Mr. Cooper's rejection of a stipulated amendment. *See Miller v. Ford Motor Co.*, No. 2:20-CV-01796-DAD-CKD, 2025 WL 3751804, at *2 (E.D. Cal. Dec. 29, 2025) (finding "the approximately seven month delay between identifying the need for a substitute named plaintiff to the filing of this motion" does not indicate

a "lack of diligence" given the "highly complex class action where, at one point, 19 separate subclasses were alleged involving plaintiffs across the United States."). This factor favors a finding of good cause to modify the deadlines.

Second, the importance of the amendment is substantial. Without it, the Florida Subclass may be left without a qualifying class representative.[3] Whether to certify the Florida Subclass should be based on the law and the merits. It should not be based on the fact that a current named plaintiff is unable to pursue the litigation or continue serving in a representative capacity, and especially not on the fact that a request for substitution comes after the amendment deadline has passed but where Plaintiffs had no reason to seek substitution before that deadline. It is for this reason that, even when class certification is decided and denied on the basis of "an inadequate representative, the solution is to permit his substitution by a new representative, not to dismiss the class claims." *Stewart v. Winter*, 669 F.2d 328, 334 (5th Cir. 1982). This factor further weighs in favor of modifying the amendment and joinder deadlines.

As to the third and fourth factors, there is no prejudice in allowing the amendment, either procedurally or substantively. As to the procedural stage of the case, class certification has not yet been fully briefed, with Plaintiffs' reply due on November 2, 2026. The parties' class certification papers will not be submitted to the Court for consideration until November 23, at the earliest. There is no trial date set, and so any scheduling changes following substitution would not delay trial. In terms of substance, replacement of Plaintiff Pollard with Mr. Round does not change the nature of the lawsuit, nor does it alter any aspect of the claims or proposed classes and subclasses in this case. Mr. Round would assert the same claims as Plaintiff Pollard and would serve as a

[3] During the parties' conferral, Mr. Cooper suggested recasting Plaintiff Chris Lepitak as a Florida Subclass representative instead of a California Subclass representative but could not definitely commit to that modification.

representative of the same nationwide Class and Florida Subclass pleaded in the complaint and which Plaintiffs seek to certify. And the Court could allow Mr. Cooper to seek additional discovery from Mr. Round—which Plaintiffs offered in their substitution proposal to Mr. Cooper—which would cure any prejudice Mr. Cooper may claim as a result of substitution. In contrast, denial of substitution risks prejudice to the Florida Subclass for the reasons above.

When applied here, all relevant factors under Rule 16(b)(4) weigh in favor of finding good cause to modify the Scheduling Order deadlines to seek leave to join parties and amend pleadings. *See Kinkead v. Humana at Home, Inc.*, 330 F.R.D. 338, 351 (D. Conn. 2019) ("'Scheduling Orders are not the Code of Hammurabi' . . . [b]ecause plaintiffs seek to amend their complaint to protect the interests of the class, because they demonstrated diligence in requesting amendment before any decision from the New York Court of Appeals that may be adverse to their claims, and because amendment of the complaint will not prejudice Humana, I will grant the motion to amend and allow plaintiffs to add Shirley Caillo as an additional representative of the New York classes." (quoting *Coale v. Metro-North R.R. Co.*, 2009 WL 4881077, at *3 (D. Conn. 2009)).

### C. Whether Under Rule 15, 21, 23, or 24, the Court Should Exercise Its Broad Discretion to Allow Substitution, Replacing Plaintiff Pollard with Mr. Round.

The Court should exercise its discretion to allow Plaintiff Pollard to be substituted with Mr. Round under any applicable Rule.

Regardless of whether a request to replace a class representative invokes Rule 15 or Rule 21, "[t]he standard that is applied to" a request "to add new parties is the same under either Rule." *Pederson*, 2020 WL 8408970, at *1 (internal quotation marks omitted) (quoting *Martinez v. U.S. Postal Service*, No. B-06-186, 2007 WL 1468773 (S.D. Tex. May 18, 2007)). In deciding the request, "a court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue

prejudice to the opposing party by virtue of allowance of the amendment; and futility of amendment." *Ward v. Senior Care Centers, LLC*, No. SA17CA422FBHJB, 2018 WL 6790655, at *4 (W.D. Tex. Oct. 10, 2018) (citing *In re Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996)), *report and recommendation adopted*, No. CV SA-17-CA-422-FB, 2018 WL 6795915 (W.D. Tex. Nov. 20, 2018). However, "[a] court may not deny leave to amend [or substitute] unless it has a substantial reason for doing so." *Id.* (citing *In re Southmark Corp.*, 88 F.3d at 314; *Moore v. Performance Pressure Pumping Svcs.*, LLC, No. 5:15-CV-423-RCL, 2017 WL 1501436 (W.D. Tex. Apr. 26, 2017)). "[U]nless there is a substantial reason to deny leave to amend [or substitute], the discretion of the district court is not broad enough to permit denial." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (citation omitted).

Here, all relevant factors under Rules 15 and 21 warrant substitution. First, there is no delay, let alone one that is undue. As discussed in Section IV.B, *supra*, Plaintiffs had no reason to suspect that Plaintiff Pollard may need to be substituted due to health issues until late June and early July 2026, at the earliest—shortly before Plaintiffs informed Mr. Cooper on July 2, 2026 that Plaintiff Pollard's deposition would need to be rescheduled. Plaintiffs also approached Mr. Cooper regarding substitution on August 10, 2026, promptly after it became clear that Plaintiff Pollard could not proceed as a class representative and would need to be substituted. Plaintiffs then filed their Motion promptly, after making good faith efforts to meet and confer regarding Plaintiffs' proposal. Nor will this cause any undue delay, given that class certification is not yet decided, with the merits phase of the case not yet begun and no trial date scheduled. In any event, as discussed above, "the need to substitute new plaintiffs as class representatives does not frequently arise at convenient times, such as prior to the deadlines contemplated in Rules 15 and 16." *In re Motor*

*Fuel*, 2009 WL 3122501, at *2. There is no undue delay here warranting denial of leave to amend or substitute.

The second and third factors further weigh towards allowing the substitution. There is no bad faith or dilatory motive by Plaintiffs here. Plaintiff Pollard's decision not to proceed as class representative stems from medical issues, and Plaintiffs' counsel contacted Mr. Cooper promptly to reschedule her deposition and, ultimately, to propose substitution. Up to that point, Plaintiff Pollard had been dutifully participating in discovery, including compliance with the Court's order on Mr. Cooper's motion to compel. There is also no failure to cure by previous amendment. Here, there have been no previous amendments at all, save for the filing of the consolidated complaint after the Court appointed Plaintiffs' counsel as Interim Co-Lead Counsel.

Fourth, allowing the substitution will not cause any undue prejudice to Mr. Cooper. As discussed in Section IV.B, *supra*, substitution will not change the nature or claims of the lawsuit. The proposed new plaintiff Mr. Round will assert only those claims presently asserted by Plaintiff Pollard. Nor will substitution change or expand the proposed Class or Subclasses. Moreover, at this stage in the case, class certification has not yet been decided or fully briefed, and merits discovery has not begun. That Mr. Cooper wishes to seek discovery from Mr. Round were he to be substituted is no basis to deny substitution. Again, Plaintiffs offered expedited discovery and deposition availability for Mr. Round when they proposed the substitution, along with concomitant reasonable extensions to the class certification deadlines, including Mr. Cooper's opposition deadline, to account for substitution. Mr. Cooper refused. Thus, to the extent there would be any prejudice to Mr. Cooper due to the substitution, it would be modest and certainly not undue. On the other hand, Plaintiffs and the Florida Subclass risk substantial prejudice by potentially

proceeding without a class representative. Substitution is proper to protect the interests of the Florida Subclass.

Fifth, substitution is not futile. As explained above, Mr. Round would assert the same claims that remain live following the decision on Mr. Cooper's Motion to Dismiss.

Against this backdrop, all relevant factors under Rule 15 and 21 warrant substitution.[4] Fifth Circuit precedent supports substitution. *See, e.g., Usler*, 2022 WL 22782467, at *3 (granting contested motion to add named plaintiff under Rule 21); *Verde Mins., LLC v. Burlington Res. Oil & Gas Co., LP*, 360 F. Supp. 3d 600, 626 (S.D. Tex. 2019) (granting contested motion to amend complaint to add named plaintiffs after summary judgment motions had been filed); *Arevalo*, 2007 WL 9712070, at *2 ("the rules generally favor amendment of pleadings, especially in class actions," and "the practice of allowing the intervention, addition or substitution of class representatives is generally the proper route."); *Colindres v. QuitFlex Mfg.*, 235 F.R.D. 347, 365 n.8 (S.D. Tex. 2006) (granting opposed motion to substitute class representatives, where motion was filed "before briefing on the issue of class certification was complete" and therefore substitution would not unduly prejudice defendants).

Courts in other Circuits likewise allow addition of parties—including substitution of class representatives—both before and after class certification has been decided and after amendment

[4] For similar reasons, intervention under Rule 23 and Rule 24 is warranted. Rule 24(b)(1)(B) permits, "[o]n timely motion," a party to intervene in an action who "has a claim or defense that shares with the main action a common question of law or fact." For the reasons discussed in Sections IV.B–C, Plaintiffs' motion is timely for Rule 24 purposes. And Mr. Round's claims squarely "share[] with the main action a common question of law or fact" because they are the same common law claims brought by all named Plaintiffs and the FDUTPA claim brought by Plaintiff Pollard. And under Rule 23 "The court . . . may simply designate that person as a representative in the order granting class certification." *Arevalo*, 2007 WL 9712070, at *2 (internal quotation marks omitted) (quoting Manual for Complex Litigation (Fourth) § 21.26 (2004)).

deadlines have passed. *See, e.g., Shupe v. Rocket Companies, Inc.*, 348 F.R.D. 431, 439 (E.D. Mich. 2024) ("[U]nder Rules 15 and 21, in the interest of justice, Plaintiffs will be 'freely given' leave to amend their Complaint" to substitute named plaintiff "and withdraw and refile their Motion for Class Certification."); *Wood v. Mike Bloomberg 2020, Inc.*, 343 F.R.D. 470, 474 (S.D.N.Y. 2023) ("Counterbalancing the minimal prejudice to defendants" in replacing class representative "is the uncontested assertion by plaintiffs that without a substitution for Robinson, the entire putative Wisconsin class will be unable to litigate their claims against the Campaign"); *GB, L.L.C. v. Certain Underwriters at Lloyd's London*, No. 09-60796-CIV, 2010 WL 11506994, at *9 (S.D. Fla. Apr. 16, 2010) (granting motion to amend complaint to substitute class representative and finding plaintiff "failed to meet the deadline for amending pleadings because an amendment was unnecessary before the deadline passed—not because it failed to be diligent"); *In re Thornburg Mortg., Inc. Sec. Litig.*, 265 F.R.D. 571, 585 (D.N.M. 2010) (granting opposed motion to amend class action complaint to add class representative); *Pederson*, 2020 WL 8408970, at *1 (granting contested Rule 21 motion to add defendant).

In short, substitution is proper here, where class certification has not yet been fully briefed or submitted and where substitution would be proper even after a Rule 23 decision by the Court.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be granted, and Plaintiff Pollard should be replaced with Mr. Round.

Dated: September 10, 2026

Respectfully submitted,

<u>/s/ *Bruce W. Steckler*</u>
Bruce W. Steckler (Texas Bar No. 00785039)
**STECKLER WAYNE & LOVE, PLLC**
12720 Hillcrest Suite 1045
Dallas, TX 75230

Tel: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Joe Kendall (Texas Bar No. 11260700)
**KENDALL LAW GROUP, PLLC**
3811 Turtle Creek, Suite 825
Dallas, TX 75219
Tel.: (214) 744-3000
Fax: (877) 744-3728
jkendall@kendalllawgroup.com

Norman E. Siegel (*pro hac vice*)
Benjamin J. Stueve (*pro hac vice*)
Tanner J. Edwards (*pro hac vice*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel: (816) 714-7100
siegel@stuevesiegel.com
ben.stueve@stuevesiegel.com
tanner@stuevesiegel.com

Gary M. Klinger (*pro hac vice*)
Alexander E. Wolf (Texas Bar No. 24134558)
**MILBERG, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: 866-252-0878
gklinger@milberg.com
awolf@milberg.com

John A. Yanchunis (Texas Bar No. 22121300)
Ronald Podolny
**MORGAN & MORGAN**
**COMPLEX LITIGATION**
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Tel: (813) 275-5272
jyanchunis@forthepeople.com
ronald.podolny@forthepeople.com

*Counsel for Plaintiffs and the Class*

**CERTIFICATE OF CONFERENCE**

I certify that on August 14, 2026, Plaintiffs' counsel Ben Stueve and Alex Wolf conferred with Mr. Cooper's counsel Molly Leiwant, Kate McKenney, and Tom Yoxall regarding Plaintiffs' requested substitution of Plaintiff Pollard. Mr. Cooper opposes Plaintiffs' Motion to Substitute Class Representative.

/s/ *Bruce W. Steckler*
Bruce W. Steckler

**CERTIFICATE OF SERVICE**

I certify that the foregoing was served on September 10, 2026, upon all counsel of record via the Court's Electronic Case Filing system.

/s/ *Bruce W. Steckler*
Bruce W. Steckler